# ORIGINAL

Michael A. McConnell
SBN 13447300
Clay M. Taylor
SBN 24033261
KELLY HART &HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Tel (817) 332-2500
Fax (817) 878-9280



**FILED**

NOV 2 4 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

## IN THE UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | Case No. 2:10-bk-55951-VZ |
| ROSSCO HOLDINGS, INC. | § | |
| | § | **STATUS REPORT** |
| Debtor. | § | |
| | § | Date:  December 9, 2010 |
| | § | Time:  9:30 a.m. |
| | § | Judge:  Hon. Vincent P. Zurzolo |
| | § | Courtroom 1368 |
| | § | 255 East Temple Street |
| | § | Los Angeles, CA  90012 |

In response to the Court's Order requiring the Debtor to appear for a Status Conference, and to file a Status Conference Report, the Debtor reports as follows:

## BACKGROUND

1.      The Debtor is a California corporation.  The Debtor is engaged in the businesses of real property leasing, operating, management, development and sales.  The Debtor owns developed and undeveloped real property in College Station, Texas, including a 60 unit rental complex (the "4 Plex Property").  Debtor also owns an interest in approximately thirteen (13) other entities, including interests in WM Properties, Ltd., Monte Nido Estates, LLC, and Colony Lodging, Inc, each of which are debtors in this Court, and furnishes general management functions and oversight for the ownership, operation, management, development and/or marketing of real property.

1    2.    The Debtor's secured creditors include OneWest Bank, FSB, which the Debtor has

2    scheduled as holding a $2,814,000 claim secured by several parcels of real property owned by the

3    Debtor in Texas.  Debtor has also scheduled Prosperity Bank as a secured creditor holding a

4    $848,826 secured claim against the Debtor's 4 Plex Property.

5

6    3.    The Debtor has scheduled unsecured priority claims in the amount of $1,619.00.  The

7    Debtor has scheduled approximately 27 general unsecured creditors with claims in the total amount

8    of $37,734,949.86.  Several of these claims are based on guaranty obligations of the Debtor.

9    4.    On August 2, 2010, the Debtor filed a voluntary petition under Chapter 11 of the

10    Bankruptcy Code in the Bankruptcy Court for the Western District of Texas ("W.D. Tex." or the

11    "Texas Bankruptcy Court).

12

13    5.    On motion of Pacific Mercantile Bank, joined by the Debtor, the Texas Bankruptcy

14    Court transferred this case to the United States Bankruptcy Court for the Central District of

15    California, pursuant to 11 U.S.C. §105(a) and Federal Rule of Bankruptcy Procedure 1014(a)(1).[1]  On

16    October 21, 2010, this case was assigned to the Los Angeles Division of the United States

17    Bankruptcy Court for the Central District of California.  On October 26, 2010, this case was

18    transferred, intra-district, to this Court.

19

20    **CASE STATUS**

21    **A.    Disclosure Statement and Confirmation Motions**

22    6.    The Debtor anticipates filing a motion to extend exclusivity.  The Debtor expects to be

23    able to file and serve a disclosure statement (or otherwise seek final resolution of this case) by August

24

25    1, 2011.  In the normal course of events, the hearing on the disclosure statement would be heard after

26

___

[1]    The Debtor is wholly owned by Rossco Holdings, Inc.  Debtor's president and the 100% owner of Rossco

27    Holdings, Inc. is Leonard M. Ross. Mr. Ross filed a chapter 11 voluntary petition in this Court on September 15, 2010. Debtor's bankruptcy case in Texas, along with 3 other bankruptcy cases, Rossco Holdings, Inc., Monte Nido Estates,

28    LLC, and WM Properties, Ltd. (collectively, the "Ross-Related Debtors"), were transferred to this District.

1   36 days later (approximately September 20, 2011).   Assuming the disclosure statement is then

2   approved, then a motion for order confirming a chapter 11 plan could be filed on or before November

3   10, 2011.

4

5   **B.      Proof of Claims and Objections to Claims**

6        7.      On August 3, 2010, the Texas Bankruptcy Court issued its Order Combined with

7   Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines ("Notice") setting

8   December 13, 2010, as the deadline for filing proof of claims for all creditors other than government

9   units, and the deadline for government units as "not later than 180 days after the date of the order of

10  relief." [W.D. Tex. Dckt. No. 5].

11       8.      No deadline has been set with respect to filing objections to claims or for conducting

12  hearings on claims objections.   The Debtor proposes that the deadline for filing objections to claims

14  be 60 days after confirmation.

15  **C.      Debtor's Duties under 11 U.S.C. §§ 521, 1106 and 1107**

16       9.      The Debtor has performed all of its duties applicable under Bankruptcy Code §§ 521,

17  1106, and 1107.

18

19       10.     Specifically, the Debtor filed its schedules, statement of financial affairs, lists of

20  creditors, and statement of income and expenses, together with its voluntary petition, on August 2,

21  2010.  The Debtor filed its amended schedules ("Schedules") and statement of financial affairs in this

22  District on November 3, 2010 [Dckt. No. 16].

23       11.     The Debtor submitted its Debtor Initial Report and required documentation, including,

24

25  proof of insurance, tax returns and evidence of closed prepetition bank accounts and the opening of

26  debtor-in-possession bank accounts, to the Office of the United States Trustee, Region 7, Western

27  District, Texas, on September 14, 2010.  The Debtor also appeared for an initial Debtor interview and

28

1    interview and attended the meeting of creditors held in the Western District of Texas on that same

2    day. A second meeting of creditors has been postponed.

3         12.    The Debtor has also filed its monthly operating reports ("MOR") each month

4    commencing in September, including its initial MOR filed on September 28, 2010 [W.D. Tex. Dckt.

5    No. 69]; on November 4, 2010 [Dckt. No. 20]; and, has filed its November MOR in this Court.

6    

7    **D.    Debtor's Post-Petition Operations, Litigation, and Efforts to Reorganize**

8         13.    <u>**Litigation**</u>:  No adversary proceedings have been filed in the Debtor's case.  Pre-

9    petition, the Debtor was a party in the following matters:

10        a.    <u>Pacific Mercantile Bank v. Rossco Holdings, Inc., Monte Nido, LLC, WM

11   Properties, Ltd. and Colony Lodging, Inc.</u>, American Arbitration Association, Orange County, CA,
     Case No. 73-148-Y0002550-10-GLO;

12        b.    <u>Pacific Mercantile Bank v. Rossco Holdings, Inc., Colony Lodging, Inc. and

13   Lodgeco Properties, Ltd.</u>, Case No 10-001870, filed in the 85th Judicial District Court 300 E. 26th
     Street, Bryan, Texas;

14        c.    <u>Rossco Holdings, Inc., et al. v. Mendes & Mount, LLP, et al.</u>, Case No. BC

15   441250, filed in the Superior Court , Los Angeles County, CA;

16        d.    <u>Rossco Holdings, Inc. v. Lexington Ins. Co.</u>,  Case No. 4:09-CV-04047, filed

17   in the U. S. District Court for the Southern District of Texas, Houston;

18        e.    <u>Rossco Holdings, Inc. v. Hartford Ins. Co.</u>,  Case no. 10-000736-cv-85, filed

19   in the 85th District Court, Bryan, Texas;

20        f.    <u>Safemark Systems, LP v. Rossco Holdings, Inc.</u>, Case No. 2009-CA-22265-O,

21   filed in the 9th Circuit Court, Orange County, FL; and

22        g.    <u>Rossco Holdings, et al. v. Bank of America, et al.</u>, Case No. B209201, filed in

23   the Supreme Court of California.

24        14.    <u>**Efforts to Reorganize**</u>.  The Debtor and two non-debtor entities have negotiated to

25   sell approximately 7.7 acres to PMH Acquisition, LLC. On November 9, 2010, the Debtor filed a

26   

27   

28

1  2010, the Debtor filed a motion for order approving and authorizing the sale in this Court (after

2  having previously filed a virtually identical motion in the Texas Bankruptcy Court prior to the

3  transfer of the case to this Court) [Dckt. No. 24].  A hearing on the Sale Motion is set for November

4  30, 2010.

5

6         15.    In addition, the Debtor, together with Mr. Ross and the Ross-Related Debtors, have

7  reached a global settlement with Pacific Mercantile Bank, the primary lender for many of the Ross-

8  Related Debtors, and to whom the Debtor has guaranty obligations.  The Debtor, along with each of

9  the Ross-Related Debtors and Mr. Ross have filed motions to approve compromise, including the

10  Debtor's Motion to Approve Compromise, filed on November 2, 2010 [Dckt. No. 11], which is set

11  for hearing on November 23, 2010.

12

13         16.    In the event the Sale Motion and Motion to Approve Compromise are approved, the

14  Debtor anticipates that it will be in a position to expeditiously propose a plan providing for resolution

15  of this case.

16  **E.    CM/ECF Filings**

17

18         17.    Counsel for the Debtor ("Kelly Hart") is not admitted in California and is not a

19  registered CM/ECF filer in this Court.  As a result, Debtors' filings in this Court, to date, have been

20  by delivery to the clerk's office.  Because of the logistical challenges and increased costs associated

21  with out-of-state representation, Kelly Hart has filed a motion to withdraw as counsel in this case and

22  in each of the other three affiliated debtor cases transferred from the Western District of Texas.  See

23  Motion to Withdraw, filed on November 5, 2010 [Dckt. No. 21].

24

25         18.    Debtor anticipates that new counsel for the Debtor will be retained in California, and

26  that such counsel will be CM/ECF qualified.

27

28

**F.     Professionals Retained in this Case**

19.     On September 15, 2010, the Texas Bankruptcy Court approved the employment of Kelly Hart as substitute counsel for the Debtor. [W.D. Tex. Dckt. No. 45 and 46]. No order was entered nor application filed seeking approval of the employment of Debtor's prior counsel, Pearson & Pearson.

20.     If necessary, the Debtor may also seek to employ special counsel with respect to prepetition litigation.

21.     In terms of professional compensation, the Debtor would proposed the following estimates:

a. **Kelly Hart**. Currently, Kelly Hart has one partner and three associates working on this matter. The partner bills at $425.00 per hour; the associates bill at $185-275.00 hour. Kelly Hart's motion to withdraw as counsel is currently pending. Estimates for anticipated work to be performed by Kelly Hart on currently pending matters listed by category include:

i.     General Administrative Matters – attendance at the currently scheduled court conferences, hearings, and United States Trustee matters, and review (but not preparation ) of the MOR's. Estimate 20 attorney hours, $ 5,500.

ii.     PMB Matters – assist with the Debtor's compliance with cash collateral orders, prepare for and attend hearing on Motion to Approve Compromise, and continue to assist with other PMB matters. Estimate 30 attorney hours, $ 8,250.

iii.     Sale Motion – prepare for and attend hearing on Sale Motion. Estimate __ attorney hours, $ 30 attorney hours, $ 8,250.

b.     **California Debtor's Counsel**. The Debtor is unable to estimate the number of hours to be incurred by replacement counsel and such estimates are to be determined.

1

2

3

4

5

6

7

8

9

10

11

12   1195518v1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,


KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:     817/332-2500
Telecopy:      817/878-9280


Michael A. McConnell
Texas Bar I.D. 13447300
michael.mcconnell@kellyhart.com
Clay M. Taylor
Texas Bar I. D. 24033261
clay.taylor@kellyhart.com

ATTORNEYS FOR WM PROPERTIES, INC.
INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF LEONARD M. ROSS

I, Leonard M. Ross, being first duly sworn, declare and allege as follows:

1.    I am an attorney duly authorized to practice law before the Courts of the State of California. I further have personal knowledge of the facts set forth herein and if called as a witness I could, and would, so competently testify hereto.

2.    Rossco Holdings, Inc. (the "Debtor") is a California corporation.  The Debtor is engaged in the businesses of real property leasing, operating, management, development and sales. The Debtor owns developed and undeveloped real property in College Station, Texas, including 15 4-plex buildings and land, most of which is the subject of a proposed sale described below (the "4 Plex Property"). Debtor also owns an interest in approximately thirteen (13) other entities, including interests in WM Properties, Ltd., Monte Nido Estates, LLC, and Colony Lodging, Inc, each of which are debtors in this Court, and furnishes general management functions and oversight for the ownership, operation, management, development and/or marketing of real property.

3.    The Debtor's secured creditors include OneWest Bank, FSB, which the Debtor has scheduled as holding a $2,814,000.00 claim secured by several parcels of real property owned by the Debtor in Texas.   Debtor has also scheduled Prosperity Bank as a secured creditor holding a $848,826.00 secured claim against the Debtor's 4 Plex Property.

4.    The Debtor has scheduled unsecured priority claims in the amount of $1,619.00. The Debtor has scheduled approximately 27 general unsecured creditors with claims in the total amount of $37,734,949.86.  Several of these claims are based on guaranty obligations of the Debtor.

5.    On August 2, 2010, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Western District of Texas ("W.D. Tex." or the "Texas Bankruptcy Court").

6.      On motion of Pacific Mercantile Bank ("PMB"), joined by the Debtor, the Texas Bankruptcy Court transferred this case to the United States Bankruptcy Court for the Central District of California, pursuant to 11 U.S.C. §105(a) and Federal Rule of Bankruptcy Procedure 1014(a)(1).[1] On October 21, 2010, this case was assigned to the Los Angeles Division of the United States Bankruptcy Court for the Central District of California.    On October 26, 2010, this case was transferred, intra-district, to this Court.

7.      The Debtor anticipates filing a motion to extend exclusivity.  The Debtor expects to be able to file and serve a disclosure statement (or otherwise seek final resolution of this case) by August 1, 2011.  In the normal course of events, the hearing on the disclosure statement would be heard after 36 days later (approximately September 20, 2011).  Assuming the disclosure statement is then approved, then a motion for order confirming a chapter 11 plan could be filed on or before November 10, 2011.

8.      On August 3, 2010, the Texas Bankruptcy Court issued its Order Combined with Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines ("Notice") setting December 13, 2010, as the deadline for filing proof of claims for all creditors other than government units, and the deadline for government units as "not later than 180 days after the date of the order of relief." [W.D. Tex. Dckt. No. 5].

9.      No deadline has been set with respect to filing objections to claims or for conducting hearings on claims objections.  The Debtor proposes that the deadline for filing objections to claims be 60 days after confirmation.

---

[1]      I am the Debtor's president and owner.  I filed a chapter 11 voluntary petition in this Court on September 15, 2010.  Debtor's bankruptcy case in Texas, along with 3 other bankruptcy cases, Colony Lodging, Inc., Monte Nido Estates, LLC, and WM Properties, Ltd. (collectively, the "Ross-Related Debtors") were transferred to this District.

1    10.    The Debtor has performed all of its duties applicable under Bankruptcy Code §§ 521,

2    1106, and 1107.

3    11.    Specifically, the Debtor filed its schedules, statement of financial affairs, lists of

4    creditors, and statement of income and expenses, together with its voluntary petition, on August 2,

5    2010. The Debtor filed its amended schedules ("Schedules") and statement of financial affairs in

6    this District on November 3, 2010 [Dckt. No. 16].

7

8    12.    The Debtor submitted its Debtor Initial Report and required documentation,

9    including, proof of insurance, tax returns and evidence of closed prepetition bank accounts and the

10   opening of debtor-in-possession bank accounts, to the Office of the United States Trustee, Region 7,

11   Western District, Texas, on September 14, 2010. The Debtor also appeared for an initial Debtor

12   interview and attended the meeting of creditors held in the Western District of Texas on that same

13   day. A second meeting of creditors has been postponed.

14

15   13.    The Debtor has also filed its monthly operating reports ("MOR") each month

16   commencing in September, including its initial MOR filed on September 28, 2010 [W.D. Tex. Dckt.

17   No. 69]; second MOR on November 4, 2010 [Dckt. No. 20]; and has filed its November MOR in this

18   Court.

19

20   14.    No adversary proceedings have been filed in the Debtor's case. Pre-petition, the

21   Debtor was a party in the following matters:

22       a.    Pacific Mercantile Bank v. Rossco Holdings, Inc., Monte Nido, LLC, WM

23   Properties, Ltd. and Colony Lodging, Inc., American Arbitration Association, Orange County, CA,
     Case No. 73-148-Y0002550-10-GLO;

24

25       b.    Pacific Mercantile Bank v. Rossco Holdings, Inc., Colony Lodging, Inc, and
     Lodgeco Properties, Ltd., Case No 10-001870, filed in the 85th Judicial District Court 300 E. 26th

26   Street, Bryan, Texas;

27       c.    Rossco Holdings, Inc., et al. v. Mendes & Mount, LLP, et al., Case No. BC

28   441250, filed in the Superior Court , Los Angeles County, CA;

1

2          d.    <u>Rossco Holdings, Inc. v. Lexington Ins. Co.,</u>  Case No. 4:09-CV-04047, filed in the U. S. District Court for the Southern District of Texas, Houston;

3

4          e.    <u>Rossco Holdings, Inc. v. Hartford Ins. Co.,</u>  Case no. 10-000736-cv-85, filed in the 85th District Court, Bryan, Texas;

5

6          f.    <u>Safemark Systems, LP v. Rossco Holdings, Inc.</u>, Case No. 2009-CA-22265-O, filed in the 9th Circuit Court, Orange County, FL; and

7          g.    <u>Rossco Holdings, et al. v. Bank of America, et al.</u>, Case No. B209201, filed in the Supreme Court of California.

8

9        15.    The Debtor and two non-debtor entities, have negotiated to sell approximately 7.7

10   acres to PMH Acquisition, LLC.  On November 9, 2010, the Debtor filed a motion for order

11   approving and authorizing the sale in this Court (after having previously filed a virtually identical

12   motion in the Texas Bankruptcy Court prior to the transfer of the case to this Court) [Dckt. No. 24].

13   A hearing on the Sale Motion is set for November 30, 2010.

14

15       16.    In addition, the Debtor, together with the Ross-Related Debtors and I, have reached a

16   global settlement with PMB, the primary lender for many of the Ross-Related Debtors, and to whom

17   the Debtor has guaranty obligations.  The Debtor, along with each of the Ross-Related Debtors and I

18   have filed motions to approve compromise, including the Debtor's Motion to Approve Compromise,

19   filed on November 2, 2010 [Dckt. No. 11].

20

21       17.    In the event the Sale Motion and Motion to Approve Compromise are approved, the

22   Debtor anticipates that it will be in a position to expeditiously propose a plan providing for

23   resolution of this case.

24       18.    Counsel for the Debtor ("Kelly Hart") is not admitted in California and is not a

25   registered CM/ECF filer in this Court.  As a result, Debtors' filings in this Court, to date, have been

26   by delivery to the clerk's office.  Because of the logistical challenges and increased costs associated

27

28   with out-of-state representation, Kelly Hart has filed a motion to withdraw as counsel in this case

1  and in each of the other three affiliated debtor cases transferred from the Western District of Texas.

2  See Motion to Withdraw, filed on November 5, 2010 [Dckt. No. 21].

3
4        19.    Debtor anticipates that new counsel for the Debtor will be retained in California, and
   that such counsel will be CM/ECF qualified.
5
6        20.    On September 15, 2010, the Texas Bankruptcy Court approved the employment of

7  Kelly Hart as substitute counsel for the Debtor. [W.D. Tex. Dckt. No. 45 and 46]. No order was

8  entered nor application filed seeking approval of the employment of Debtor's prior counsel, Pearson

9  & Pearson.

10
11       21.    If necessary, the Debtor may also seek to employ special counsel with respect to
   prepetition litigation.
12
13             Executed at Los Angeles, California on November 24, 2010.

14

15

16                                                _____
                                                  Leonard M. Ross
17
   1195592v2
18

19

20

21

22

23

24

25

26

27

28