ORIGINAL

1  Michael A. McConnell
   Clay M. Taylor
2  Kelly Hart & Hallman LLP
   201 Main Street, Suite 2500
3  Fort Worth, TX 76102
   Telephone: (817) 878-3566
4  Facsimile: (817) 878-9766

5  Counsel for Rossco Holdings, Inc.


FILED
NOV 24 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

6             UNITED STATES BANKRUPTCY COURT
              CENTRAL DISTRICT OF CALIFORNIA
7                   LOS ANGELES DIVISION

8  In re.                          ) Case No. 02:10-Bk-55951-VZ
                                   )
9                                  ) Chapter 11
   Rossco Holdings, Inc.           )
10                                 ) **ROSSCO HOLDINGS, INC.'S MOTION**
              Debtor.              ) **FOR ORDER EXTENDING DEBTOR'S**
11                                 ) **EXCLUSIVITY PERIOD TO FILE**
                                   ) **CHAPTER 11 PLAN AND SOLICIT**
12                                 ) **ACCEPTANCES; MEMORANDUM OF**
                                   ) **LAW; DECLARION OF LEONARD M.**
13                                 ) **ROSS IN SUPPORT THEREOF**
                                   )
14                                 )
                                   ) Date:   January 11, 2011
15                                 ) Time:   11:00 a.m.
                                   ) Judge:  Hon. Vincent P. Zurzolo
16                                 )         Courtroom 1368
                                   )         255 East Temple Street
17                                 )         Los Angeles, CA  90012
                                   )
18                                 )

22    Rossco Holdings, Inc. ("Rossco Holdings" or, the "Debtor") hereby moves this Court for

23  entry of an order, pursuant to 11 U.S.C. § 1121(d), extending the Debtor's exclusive period to file

24  and solicit acceptances of a plan or reorganization (the "Motion"), and as grounds therefore,

25  respectfully states as follows:

27                          I.  **JURISDICTION**

---

ROSSCO HOLDINGS, INC.'S MOTION FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD
TO FILE CHAPTER 11 PLAN; MEMORANDUM OF LAW; DECLARATION OF LEONARD
M. ROSS IN SUPPORT THEREOF                                                    PAGE 1 OF 8

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this Motion is authorized under § 1121(d) of Title 11 of the United States Code (the "Bankruptcy Code").

## II. BACKGROUND

2. Rossco Holdings is a corporation engaged in the businesses of real property leasing, operating, management, development and sales. The Debtor owns developed and undeveloped real property in College Station, Texas, including a 60 unit rental complex. The Debtor also owns portions of and furnishes, either itself or through affiliates, general management, development and/or marketing of the real property businesses for, among others, WM Properties, Ltd., LJR Properties, Ltd., Monte Nido Estates, LLC, Colony Lodging, Inc. and Rossco Plaza, Inc., which are also Chapter 11 debtors in this Court.

3. On August 2, 2010 (the "Petition Date"), Rossco Holdings filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Western District of Texas, Waco Division. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Rossco Holdings continues to operate its business and manage its properties, affairs and assets as debtor-in-possession.

4. The Debtor's bankruptcy case was transferred to the Central District of California, Los Angeles Division, on October 21, 2010.[1]

5. Prior to, and since the Petition Date, the Debtor and two non-debtor entities have negotiated to sell certain property and assets to PMH Acquisition, LLC. On October 8, 2010, the Debtor filed a motion for order approving and authorizing the sale in the Texas Bankruptcy Court.

---

[1] Debtor's president and owner is Leonard M. Ross. Mr. Ross filed a chapter 11 voluntary petition in this Court on September 15, 2010. Debtor's bankruptcy case in Texas, along with 3 other bankruptcy cases, Colony Lodging, Inc., Monte Nido Estates, LLC, and WM Properties, Ltd. (collectively, the "Ross-Related Debtors"), were transferred to this District.

That motion, however, was never heard prior to the time the case was transferred to this Court. As a result, the Debtor refiled the motion in this Court on November 9, 2010 [Dckt. No. 24] ("Sale Motion"). A hearing on the Sale Motion is currently set for November 30, 2010.

6. In addition, the Debtor has reached a global settlement with Pacific Mercantile Bank, the secured lender for several Ross-Related Entities, in which the Debtor either has an interest in and/or has guaranteed debt. The Debtor, along with each of the Ross-Related Debtors and Mr. Ross, have filed motions to approve compromise, including the Debtor's Motion to Approve Compromise, filed on November 2, 2010 [Dckt. No. 11], which is set for hearing on November 23, 2010.

### III. ARGUMENT

7. Bankruptcy Code § 1121(b) provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a plan or reorganization. Bankruptcy Code § 1121(b) provides that if the debtor files a plan within the 120-day exclusive period, it has the balance of 180 days after commencement of the case to solicit and obtain acceptances of its proposed plan. Bankruptcy Code § 1121(d) permits the court to extend these periods to dates that are 18 months and 20 months, respectively, after the petition date.

8. In this case, Debtor's original exclusive period to file a plan will expire on November 30, 2010, and the attendant solicitation period will expire on January 31, 2011.[2] (collectively, the "Exclusive Period"). By this Motion, and pursuant to Bankruptcy Code § 1121(d), the Debtor seeks an extension of the Exclusive Period to file and solicit acceptances of a plan or reorganization through and including **August 1, 2010, and October 1, 2011**, respectively.

---

[2] Because the 180th day after the Petition Date is a Saturday, January 29, 2011, the Debtor's original solicitation period will expire on the following Monday, January 31, 2011. *See*, Fed. R. Bankr. P. 9006(a); *In re Henry May Newhall Mem. Hosp.*, 282 B.R. 444, 446, n.2 (B.A.P. 9th Cir. 2002).

An extension of approximately 8 months is far less than the maximum authorized under Bankruptcy Case § 1121(d).

9. Where the debtor's initial exclusivity periods prove to be an unrealistic time frame, Bankruptcy Code § 1121(d) allows the Court to extend them for cause. Although the Bankruptcy Code does not define the term "cause," the legislative history suggest a flexible standard to balance the competing interest of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231, 232 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interest by allowing an unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest). This flexibility is intended to give a debtor an adequate opportunity to stabilize its business operations at the onset of its Chapter 11 case, restructure its operations and financial obligations, and negotiate a Chapter 11 plan with creditors. *See In re Ames Dept. Stores, Inc.*, 1991 WL 259036 (S.D. N.Y. 1991); *In re Airport/Hotel L.P.*, 156 B.R. 444, 451 (Bankr. D. N.J.1993), aff'd 155 B.R. 93 (D. N.J. 1993).

10. In determining whether cause exists to extend a debtor's exclusivity period, courts consider the following factors to assess whether the debtor has had an adequate opportunity to negotiate a plan and whether, under the totality of circumstances, "cause" exists to extend exclusivity:

    a. the size and complexity of the case;

    b. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    c. the existence of good faith progress toward reorganization;

    d. the fact that the debtor is paying its bills as they become due;

    e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

ROSSCO HOLDINGS, INC.'S MOTION FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD
TO FILE CHAPTER 11 PLAN; MEMORANDUM OF LAW; DECLARATION OF LEONARD
M. ROSS IN SUPPORT THEREOF

PAGE 4 OF 8

e. whether the debtor has made progress in negotiations with its creditors;

f. the amount of time which has elapsed in the case;

g. whether an unresolved contingency exists.

*In re Dow Corning*, 208 B.R. 661, 664 (Bankr. E. D. Mich. 1997); *see also In re Henry Mayo Newhall Mem. Hosp.*, 82 B.R. 444 (9th Cir. 2002).

11. The Ninth Circuit Appellate Panel in *In re Henry May* stated, in granting the debtor's motion for extension of the exclusivity period, the main factor is "whether adjustment of the exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *In re Henry Mayo*, 82. B.R. at 453.

12. Indeed, the most common basis upon which courts grant an extension of exclusivity periods is the complexity of the chapter 11 case. *See In re Henry Mayo*.

### A. Complexity of Debtor's Case

13. The complexity of this case given its relationship with other debtor cases, procedural issues resulting from the recent transfer of the Debtor's bankruptcy case from Texas, and continuing need to locate new counsel, warrant an extension of exclusivity of this case.

14. The case before this Court is not just a single complicated case, but rather, has ties to other entities, several of which are also chapter 11 debtors, including Colony Lodging, Inc., Monte Nido Estates, LLC, and WM Properties, Ltd., in this Court (all of which have also been transferred from the Western District of Texas) and LJR Plaza, Inc. and Rossco Plaza, Ltd., both owned by the Debtor and themselves chapter 11 debtors in the Western District of Texas. Further, Debtor's president and 100% owner, Mr. Ross, is also a chapter 11 debtor in this Court.

15. As a result, the Debtor has inter-company debt and/or guaranty obligations with other debtors that bear on the workings of a Chapter 11 plan.

ROSSCO HOLDINGS, INC.'S MOTION FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD TO FILE CHAPTER 11 PLAN; MEMORANDUM OF LAW; DECLARATION OF LEONARD M. ROSS IN SUPPORT THEREOF

PAGE 5 OF 8

16. In addition, the Debtor's case was recently transferred to this District. Debtor's counsel of record is not admitted in California and new counsel needs to be retained. Debtor's current counsel has already filed a motion to withdraw its representation in this case.

17. Finally, the procedural requirements in California are different than those in Texas, including disclosure statement, plan and confirmation requirements. As a result, more time is needed for the Debtor to consider and incorporate local procedure and plan requirements in its overall plan and confirmation process.

18. Given these circumstances, it is not possible to resolve all the issues necessary for formation of a confirmation plan in the current exclusive period.

### B. Other Factors

19. Several of the other factors typically considered by courts in determining whether or not to grant exclusivity are also present here.

20. The Debtor has already made substantial progress towards resolution of its case, having reached a global resolution with Pacific Mercantile Bank ("PMB"), the primary lender for many of the Ross-Related Debtors, and to whom the Debtor has guaranty obligations. In addition, the Debtor and two non-debtor entities also owned by Mr. Ross, have negotiated to sell certain assets and having filed a motion to (i) approve bid procedures to ensure what such a sale is the highest and best offer; and (ii) approve the highest and best offer received.

21. The Debtor is currently seeking court approval of its Sale Motion and Motion to Compromise those transactions, if approved, will impact the Debtor's post-confirmation business operation and any proposed plan. The requested extension of exclusivity will permit the Debtor and its professionals sufficient time to develop and negotiate a viable long term business plan taking the proposed compromise and sale into consideration.

22. The Debtor is proceeding in good faith. The Debtor has been negotiation with creditors, is continuing in possession of its assets, and is operating and managing its business as a debtor in possession pursuant to Bankruptcy Code § 1107 and 1108.

23. The Debtor is making satisfactory progress with its creditors having already reached a settlement, subject to Court approval, with PMB.

24. The Debtor's case has not been pending for a long time, having just been filed on August 2, 2010, and this is Debtor's first request for an extension. It is not uncommon for a bankruptcy court to grant a debtor's first request for an extension. *See In re Henry Mayo*, 282 B.R. at 322.

25. Finally, an extension of exclusivity will allow sufficient time to resolve contingencies, including a potential sale of assets and compromise with PMB, which will be central to the debtor's post-confirmation business plan and reorganization.

26. Accordingly, the Debtor requests that the Court extend the Exclusive Period for approximately 8 months, or such shorter time as the Court shall permit after considering all the facts and oppositions if any, and that such extension be without prejudice to Debtor's ability to request additional extensions of time.

## IV. **RELIEF REQUESTED**

**WHEREFORE**, the Debtor respectfully requests that the Court issue an order substantially in the form of the proposed Order attached hereto as Exhibit A, granting the relief requested herein, and granting the Debtor such other and further relief as is just.

ROSSCO HOLDINGS, INC.'S MOTION FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD TO FILE CHAPTER 11 PLAN; MEMORANDUM OF LAW; DECLARATION OF LEONARD M. ROSS IN SUPPORT THEREOF

PAGE 7 OF 8

Dated: November 23, 2010

                          Respectfully submitted,

                          */s/ Michael A. McConnell*
                          Michael A. McConnell
                          Clay M. Taylor
                          KELLY HART & HALLMAN LLP
                          201 Main Street, Suite 2500
                          Fort Worth, Texas 76102
                          Telephone:  817/332-2500
                          Telecopy:    817/878-9280

                          COUNSEL FOR ROSSCO HOLDINGS, INC.

---

ROSSCO HOLDINGS, INC.'S MOTION FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD TO FILE CHAPTER 11 PLAN; MEMORANDUM OF LAW; DECLARATION OF LEONARD M. ROSS IN SUPPORT THEREOF

PAGE 8 OF 8

## CERTIFICATE OF SERVICE

The undersigned, hereby certifies that on this 23rd day of November 2010, he has served the following document to parties on the attached service list:

Motion for Order Extending Debtor's Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances: Memorandum of Law; Declarion of Leonard M. Ross in Support Thereof

                                           Respectfully submitted,

*/s/ Michael A. McConnell*
Michael A. McConnell
Texas Bar No. 13447300
Clay M. Taylor
Texas Bar No. 24033261
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: 817/332-2500
Telecopy:   817/878-9280

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re.<br><br>ROSSCO HOLDINGS, INC.<br><br>Debtor. | Case No. 02:10-Bk-55951-VZ<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES**<br><br>Date:    January 11, 2011<br>Time:   11:00 a.m.<br>Judge:  Hon. Vincent P. Zurzolo<br>            Courtroom 1368<br>            255 East Temple Street<br>            Los Angeles, CA  90012 |

ON THIS DATE the Court considered the Motion of Debtor for an Order Extending Debtor's Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances (the "Motion") filed by Rossco Holdings, Inc. (the "Debtor") pursuant to 11 U.S.C. § 1121. The Motion was served upon all parties entitled to notice. No objections or responses to the Motion have been filed with this Court. The Court finds that cause exists to grant the Debtor an extension of the exclusivity period, and that such extension is in the best interest of the Debtor, its estate, creditors, and other parties in interest. Accordingly, for the reasons stated in the Motion, and for good cause shown, the Court finds the Motion to be well taken, and the same shall be, and hereby is GRANTED.

IT IS THEREFORE ORDERED that:

1.    Pursuant to 11 U.S.C. § 1121(d), the exclusivity period of the Debtor to file a plan of reorganization shall be, and the same hereby is, extended through and including August 1, 2011 without prejudice to the right of the Debtor to request further extension.

2.    Pursuant to 11 U.S.C. § 1121(d), the exclusivity period of the Debtor to solicit acceptances to a plan of reorganization shall be, and the same hereby is, extended through and including October 1, 2011 without prejudice to the right of the Debtor to request further extension.

####

1195634v1

# DECLARATION OF LEONARD M. ROSS

I, Leonard M. Ross, being first duly sworn, declare and allege as follows:

1. I am an attorney duly authorized to practice law before the Courts of the State of California. I further have personal knowledge of the facts set forth herein and if called as a witness I could, and would, so competently testify hereto.

2. Rossco Holdings, Inc. (the "Debtor") is a corporation engaged in the businesses of real property leasing, operating, management, development and sales. The Debtor owns developed and undeveloped real property in College Station, Texas, including fifteen 4-plex buildings and land. The Debtor also owns portions of and furnishes, either itself or through affiliates, general management, development and/or marketing of the real property businesses for, among others, WM Properties, Ltd., LJR Properties, Ltd., Monte Nido Estates, LLC, Colony Lodging, Inc. and Rossco Plaza, Inc.

3. On August 2, 2010 (the "Petition Date"), Rossco Holdings filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Western District of Texas, Waco Division. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Rossco Holdings continues to operate its business and manage its properties, affairs and assets as debtor-in-possession.

4. The Debtor's bankruptcy case was transferred to the Central District of California, Los Angeles Division, on October 21, 2010.[1]

5. Prior to, and since the Petition Date, the Debtor and two non-debtor entities have negotiated to sell certain property and assets to PMH Acquisition, LLC. On October 8, 2010, the Debtor filed a motion for order approving and authorizing the sale in the Texas Bankruptcy Court.

---

[1] I am Debtor's president and owner. I filed a chapter 11 voluntary petition in this Court on September 15, 2010. Debtor's bankruptcy case in Texas, along with 3 other bankruptcy cases, Colony Lodging, Inc., Monte Nido Estates, LLC, and WM Properties, Ltd. (collectively, the "Ross-Related Debtors"), were transferred to this District.

DECLARATION OF LEONARD M. ROSS IN SUPPORT OF MOTION TO EXTEND EXCLUSIVITY
FOR ROSSCO HOLDINGS, INC.   PAGE 1 OF 4

That motion, however, was never heard prior to the time the case was transferred to this Court. As a result, the Debtor refiled the motion in this Court on November 9, 2010 [Dckt. No. 24] ("Sale Motion"). A hearing on the Sale Motion is currently set for November 30, 2010.

6. In addition, the Debtor has reached a global settlement with Pacific Mercantile Bank ("PMB"), the secured lender for several Ross-Related Entities, in which the Debtor either has an interest in and/or has guaranteed debt. The Debtor, along with each of the Ross-Related Debtors and I, have filed motions to approve compromise, including the Debtor's Motion to Approve Compromise, filed on November 2, 2010 [Dckt. No. 11].

7. The Debtor seeks an extension of the Exclusive Period to file and solicit acceptances of a plan of reorganization through and including **August 1, 2011, and October 1, 2011,** respectively.

8. The case before this Court is not just a single complicated case, but rather, has ties to other entities, several of which are also chapter 11 debtors, including Colony Lodging, Inc., Monte Nido Estates, LLC, and WM Properties, Ltd., in this Court (all of which have also been transferred from the Western District of Texas) and LJR Properties, Ltd. and Rossco Plaza, Inc., chapter 11 debtors in the Western District of Texas. Further, Debtor's president and 100% owner is also a chapter 11 debtor in this Court.

9. As a result, the Debtor has inter-company debt and/or guaranty obligations with other debtors that bear on the workings of a Chapter 11 plan.

10. In addition, the Debtor's case was recently transferred to this District. Debtor's counsel of record is not admitted in California and new counsel needs to be retained. Debtor's current counsel has already filed a motion to withdraw its representation in this case.

11. Finally, the procedural requirements in California are different than those in Texas,

including disclosure statement, plan and confirmation requirements. As a result, more time is needed for the Debtor to consider and incorporate local procedure and plan requirements in its overall plan and confirmation process.

12. Given these circumstances, it is not possible to resolve all the issues necessary for formation of a confirmation plan in the current exclusive period.

13. The Debtor has already made substantial progress towards resolution of its case, having reached a global resolution with PMB, the primary lender for many of the Ross-Related Debtors, and to whom the Debtor has guaranty obligations. In addition, the Debtor and two non-debtor entities, have negotiated to sell certain assets and having filed a motion to (i) approve bid procedures to ensure what such a sale is the highest and best offer; and (ii) approve the highest and best offer received.

14. The Debtor is seeking court approval of its Sale Motion and Motion to Compromise those transactions, if approved, will impact the Debtor's post-confirmation business operation and any proposed plan. The requested extension of exclusivity will permit the Debtor and its professionals sufficient time to develop and negotiate a viable long term business plan taking the proposed compromise and sale into consideration.

15. The Debtor is proceeding in good faith. The Debtor has been negotiation with creditors, is continuing in possession of its assets, and is operating and managing its business as a debtor in possession pursuant to Bankruptcy Code § 1107 and 1108.

16. The Debtor is making satisfactory progress with its creditors having already reached a settlement, subject to Court approval, with PMB.

17. The Debtor's case has not been pending for a long time, having just been filed on August 2, 2010, and this is Debtor's first request for an extension.

18. Finally, an extension of exclusivity will allow sufficient time to resolve contingencies with creditors, and a potential sale of assets, which will be central to the debtor's post-confirmation business plan and reorganization.

Accordingly, the Debtor requests that the Court extend the Exclusive Period for approximately 8 months, or such shorter time as the Court shall permit after considering all the facts and oppositions if any, and that such extension be without prejudice to Debtor's ability to request additional extensions of time

Executed at Los Angeles, California on November 24, 2010.

_____
Leonard M. Ross

1195628v2

DECLARATION OF LEONARD M. ROSS IN SUPPORT OF MOTION TO EXTEND EXCLUSIVITY
FOR ROSSCO HOLDINGS, INC.

PAGE 4 OF 4