THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
Laura L. Buchanan (State Bar No. 156261)
llb@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone:    (323) 686-5400
Facsimile:    (323) 686-5403

[Proposed] Attorneys for Rossco
Holdings, Inc., Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | **Case No. 2:10-bk-55951-VZ** |
| ROSSCO HOLDINGS, INC. | Chapter 11 |
| Debtor, | **APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF THE CREDITORS' LAW GROUP, A PROFESSIONAL CORPORATION, AS COUNSEL TO THE DEBTOR-IN-POSSESSION** |
| | [ No Hearing Required ] |

Rossco Holdings, Inc., debtor and debtor-in-possession (the "Debtor" or "Rossco Holdings") in the above-captioned chapter 11 case (the "Case"), hereby submits this application (the "Application") for an order pursuant to section 327 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of Bankruptcy Procedure for the Central District of California (the "Local Rules") authorizing the employment and retention of The Creditors' Law Group, a Professional Corporation ("TCLG") as counsel for the Debtor effective

1

*The Creditors' Law Group, a Professional Corporation*
*2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027*
*Telephone: (323) 660-8882 Facsimile: (323) 686-5403*

1  December 4, 2010 (the "Retention Date"). In support of this Application, the Debtor submits the

2  verified statement of David J. Richardson (the "Richardson Declaration"), which is incorporated

3  herein by reference.

4  The Debtor respectfully represents as follows:

## I.    JURISDICTION

6  1.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C.

7  §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in

8  this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    BACKGROUND

10  2.    Rossco Holdings is a corporation engaged in the business of real property

11  leasing, operating, management, development and sales. The Debtor owns developed and

12  undeveloped real property in College Station, Texas, including a 60-unit rental complex. The

13  Debtor also owns portions of and furnishes, either through itself or affiliates, general management,

14  development and/or marketing services for the real property businesses of, among others, WM

15  Properties, Ltd., LJR Properties, Ltd., Monte Nido Estates, LLC, Colony Lodging, Inc. and Rossco

16  Plaza, Inc. The entities WM Properties, Ltd., Monte Nido Estates, LLC and Colony Lodging, Inc.

17  (collectively, the "Ross-Related Debtors") are also Chapter 11 debtors in this Court.

18  3.    On August 2, 2010, Rossco Holdings filed its voluntary petition for relief

19  under Chapter 11 of the Bankruptcy Code in the Western District of Texas, Waco Division.

20  Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Rossco Holdings continues to operate its

21  business and manage its properties, affairs and assets as debtor-in-possession.

22  4.    The Debtor's bankruptcy case was transferred to the Central District of

23  California, Los Angeles Division, on October 21, 2010.[1]

24  5.    The Debtor has been represented by Kelly Hart & Hallman LLP ("Kelly

25  Hart") in the instant case, but as Kelly Hart is located in Texas and its attorneys are not admitted to

26

27

28

[1]    The Debtor's president and owner is Leonard M. Ross. Mr. Ross filed a chapter 11 voluntary petition in this Court on September 15, 2010. The Debtor's bankruptcy case in Texas, along with the cases of the Ross-Related Debtors, were transferred to this District.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882  Facsimile: (323) 686-5403

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882  Facsimile: (323) 686-5403

1    practice in this District, Kelly Hart has sought leave to withdraw from the representation, forcing the

2    Debtor to engage new counsel.  The Debtor has selected TCLG.

3    **III.     THE PROPOSED RETENTION OF GENERAL BANKRUPTCY COUNSEL, THE**

4    **CREDITORS' LAW GROUP, A PROFESSIONAL CORPORATION**

5    **A.     Scope of Engagement**

6    　　　　6.     By this Application, the Debtor seeks to employ TCLG at the expense of the

7    estate from the Retention Date as its general bankruptcy counsel on the terms and conditions set

8    forth herein.  A true and correct copy of the retention agreement between the Debtor and TCLG is

9    attached to the Richardson Declaration as Exhibit "A" and incorporated herein by this reference (the

10   "Retention Agreement").

11   　　　　7.     It is necessary for the Debtor to employ general bankruptcy counsel to advise

12   it generally concerning the rights, duties and obligations of a debtor and debtor-in-possession under

13   the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for

14   the Central District of California, the orders of this Court, the requirements of the United States

15   Trustee for the Central District of California, and to do all of those things which may, from time to

16   time, be necessary to aid the Debtor in the prosecution of this Chapter 11 case, including, *inter alia*,

17   to:

18   　　　　　　a.     assist the Debtor in legal aspects of compliance with the rules of the

19   Office of the United States Trustee;

20   　　　　　　b.     assist the Debtor in defense of motions for relief from stay, where

21   appropriate;

22   　　　　　　c.     advise the Debtor with respect to pending litigation and, if appropriate,

23   to represent the Debtor with respect to bankruptcy issues arising in or attendant thereto, and to either

24   handle existing or new bankruptcy-related litigation or adversary proceedings, or assist special

25   litigation counsel, if any, retained for such purposes;

26   　　　　　　d.     assist the Debtor in preparing motions and other pleadings concerning

27   operations, cash collateral, pending statutory deadlines and recovery of estate property;

28   　　　　　　e.     assist the Debtor in matters affecting property of the estate;

1    f.    assess prospects for reorganization of the Debtor's financial affairs

2    under Chapter 11 of the Bankruptcy Code and, if appropriate, assist in the prompt formulation,

3    proposal, confirmation and implementation of a Chapter 11 Plan to conclude the Bankruptcy Case;

4    g.    assist the Debtor in the prosecution of claim objections to the extent

5    that funds are generated for the estate; and

6    h.    conduct such other investigations and take such other legal actions that

7    may be necessary and appropriate and as are customary in Chapter 11 cases.

8    **B.    Retainers, Draw Downs and Procedures for Future Payment**

9    8.    Pursuant to its Retention Agreement, TCLG will receive from the Debtor a

10    retainer of $8,000 (the "Retainer") which will be applied to future fees and costs as they are earned.

11    The Retainer, once received, will be placed in a segregated, interest-bearing trust account.

12    9.    It is contemplated that TCLG will, pursuant to the U.S. Trustee Employment

13    Guide, draw upon the trust account and serve a face-sheet fee application on a monthly basis

14    pursuant to the U.S. Trustee Employee Guide and Professional Fee Statement (Form UST-6) until

15    such time as the Retainer is fully exhausted.  TCLG will not draw down on the Retainer until its

16    employment is approved.  The Debtor anticipates that TCLG's post-petition fees and expenses will

17    exceed the amount of the available Retainer funds.  Attached to the Richardson Declaration as

18    Exhibit B is a fee and expense schedule for TCLG.  Attached to the Richardson Declaration as

19    Exhibit C is a copy of resumes for the attorneys at TCLG who will work on this case.

20    10.    Pursuant to Section 331 of the Bankruptcy Code, all court-approved

21    professionals (the "Professionals") are entitled to submit applications for interim compensation and

22    reimbursement of expenses not more often than every one hundred twenty (120) days.  However,

23    given the fast pace typical of corporate chapter 11 cases, there is a great deal of activity ongoing and,

24    if the Professionals are required to wait an extended period of time for payment and reimbursement,

25    the Professionals will be unnecessarily inconvenienced through delay of non-payment of, in some

26    instances large receivables, to the detriment of such Professionals.  The Debtor acknowledges that

27    TCLG is a small, two-attorney firm, and that long delays between payments of fees would pose a

28    hardship to TCLG.  Therefore, as is typical and accepted in more complex cases (which the Debtor

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882  Facsimile: (323) 686-5403

1  maintains this is, given the pending cases of the Ross-Related Entities), the Debtor intends to file a

2  Motion for Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses

3  of Professionals, requesting that the Court establish a procedure for compensating and reimbursing

4  Professionals on a monthly basis.

5  **C.     Disinterestedness of The Creditors' Law Groups, APC**

6          11.    To the best of the Debtor's knowledge, including consideration of the attached

7  Declaration of David J. Richardson, the Debtor believes and alleges that TCLG is a disinterested

8  person as that term is defined in 11 U.S.C. § 101(14), has no interest adverse to the Debtor, its

9  creditors, any other party in interest, its respective attorneys and accountants, or to this estate, and

10 has no relation to any bankruptcy judge presiding in this district or any relation to the United States

11 Trustee in this district, or any person employed in the Office of the United States Trustee. Although

12 it submits that no conflict or adverse intent results therefrom, TCLG has disclosed the following:

13          a.     TCLG attorney David J. Richardson was, until January 29, 2010, a

14 partner at Winston & Strawn, LLP, which represents secured creditor Pacific Mercantile Bank

15 ("PMB") in the instant case. At no time while at Winston & Strawn did Richardson ever represent

16 PMB in any matters. No actual conflict exists, and no appearance of a conflict should exist,

17 particularly as PMB and the Debtor have settled all claims between them and such settlement has

18 been approved in a final order.

19          12.    Thus, the Debtor believes that TCLG is disinterested.

20          WHEREFORE, the Debtor prays for an order of this Court authorizing it to employ

21 TCLG as an expense of this estate, effective as of December 4, 2010, to authorize the procedures for

22 payment of fees and reimbursement of costs from the Retainer as provided herein, and for such other

23 and further relief as is just and proper.

24
   Dated: December 7, 2010              ROSSCO HOLDINGS, INC.
25
26
                                        By: _____
27                                          Leonard M. Ross
                                            President of Rossco Holdings, Inc.
28

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882  Facsimile: (323) 686-5403

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882  Facsimile: (323) 686-5403

Dated:  December 7, 2010

THE CREDITORS' LAW GROUP,
a Professional Corporation


By:    /s/ David J. Richardson
       David J. Richardson
       [Proposed] Attorneys for Rossco
       Holdings, Inc.

6

# DECLARATION OF DAVID J. RICHARDSON

Pursuant to 28 U.S.C. § 1746, I, David J. Richardson, hereby declare:

1.      I am an attorney at law admitted and in good standing to practice in the State of California. I am the principal of The Creditors' Law Group, a Professional Corporation ("TCLG"), based in Los Angeles, California.

**2.**      I make this declaration (this "Declaration") pursuant to section 327 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Central District of California (the "Local Rules") in support of the Application (the "Application") for an order authorizing the employment of The Creditors' Law Group as counsel for chapter 11 debtor and debtor-in-possession Rossco Holdings, Inc. (the "Debtor"). Unless otherwise stated, I have personal knowledge of the facts set forth in this Declaration. Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Application.

## Qualifications of Professionals

3.      TCLG was retained by the Debtor on or about December 4, 2010 to advise it as general counsel in its pending chapter 11 case, as replacement for its existing counsel, Kelly, Hart & Hallman LLP ("Kelly Hart"). A true and correct copy of the retention agreement between the Debtor and TCLG is attached hereto, marked as Exhibit "A" and incorporated herein by this reference (the "Retention Agreement"). As set forth in the Application and in the Retention Agreement, TCLG will advise and counsel the Debtor generally and specifically concerning the rights, duties and obligations of a debtor under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the orders of this Court, the requirements of the United States Trustee for the Central District of California, and do all of those things which may, from time to time, aid the Debtor in the prosecution of this Chapter 11 case. A more detailed description of the types of services is set forth in the Application to which this declaration is attached. TCLG is experienced in bankruptcy proceedings and is willing to accept as compensation such amount as may hereinafter be allowed by

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882  Facsimile: (323) 686-5403

1 | this Court.

2 |      4.     I have practiced chapter 11 bankruptcy law since beginning my practice in 1993, and

3 | am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local

4 | Rules of Bankruptcy Procedure, and will comply with them.

5 |      5.     Pursuant to its Retention Agreement, TCLG will receive a retainer of $8,000 (the

6 | "Retainer") from the Debtor.  TCLG will place the Retainer in a segregated, interest-bearing trust

7 | account.  It is contemplated that TCLG will, pursuant to the U.S. Trustee Employment Guide, draw

8 | upon the trust account and serve a face-sheet fee application on a monthly basis pursuant to the U.S.

9 | Trustee Employee Guide and Professional Fee Statement (Form UST-6) until such time as the

10 | retainer is fully exhausted.  I will ensure that no draw downs occur before the Application is

11 | approved.  When TCLG's post-petition fees and expenses exceed the amount of the Retainer, TCLG

12 | will seek payment of such additional sums from the bankruptcy estate pursuant to a duly noticed fee

13 | application(s).

14 |      6.     After due notice, TCLG will, pursuant to Bankruptcy Code §§ 330 and 331, apply to

15 | the Court for allowance of fees not more frequently than every 120 days, which application will be

16 | heard upon notice to creditors and interested parties unless the Court approves other procedures for

17 | payment of interim fees, which the Debtor will shortly request.  TCLG will accept such fees as may

18 | be awarded by the Court.  TCLG expects that its compensation will be based upon a combination of

19 | factors, including, without limitation, its normal hourly fees charged to clients which pay TCLG

20 | monthly, as those fees are adjusted from time to time, experience and reputation of counsel, time

21 | expended, results achieved, novelty and difficulty of matters undertaken, including time limitations

22 | imposed, preclusion from other employment, the nature and length of the professional relationship

23 | and awards in similar cases.

24 |      7.     As set forth in the Application, the Debtor intends to request that the Court establish

25 | procedures for compensating and reimbursing professionals on a monthly basis, including TCLG.

26 | Subject to Court approval of the Debtor's request, TCLG will also file monthly fee statements and

27 | seek monthly payment of its post-petition fees and expenses.

28 |      8.     TCLG does not hold or assert a prepetition monetary claim against the Debtor.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882   Facsimile: (323) 686-5403

9.    TCLG has neither shared nor agreed to share any compensation for this engagement except among the members of TCLG.

10.    The regular hourly rates of the attorneys of TCLG who will work on this matter are as follows: (i) David J. Richardson - $450.00/hour; and (ii) Laura L. Buchanan - $425.00/hour. These rates may change from time to time. Notice of any such increases will be provided to the Debtor and the United States Trustee. A copy of the firm's fee and expense schedule is attached hereto as Exhibit "B". Copies of our resumes are attached hereto as Exhibit "C".

11.    As of the date of this declaration, to the best of my knowledge, TCLG and all of its attorneys and contract-attorneys are disinterested persons as that term is defined in 11 U.S.C. § 101(14), and pursuant to FRBP 2014(A), neither TCLG nor any attorney or contract-attorney of TCLG are connected with the Debtor, the creditors, or any other party in interest, their respective attorneys and accountants, or to this estate, and has no relation to any bankruptcy judge presiding in this district or any relation to the United States Trustee in this district, or any person employed in the Office of the United States Trustee, except as disclosed herein.

12.    To the best of my knowledge, neither TCLG, nor any professional employed by TCLG:

a.    is or was a creditor, an equity security holder or an insider of the Debtor;

b.    is or was within two years before the date of filing of the petition, a director, officer or employee of the Debtor; or

c.    holds an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

13.    In the normal course of its business, TCLG maintains a list of all parties it currently represents, all parties it has represented in the past, and all parties which have been directly adverse to a client of TCLG. Such information can be searched to determine if TCLG has or may have a conflict with any potential new client or adversary.

14.    After a search of such information, it does not appear that TCLG has any actual or potential conflict of interest with any party-in-interest in this Chapter 11 case, except as follows:

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882  Facsimile: (323) 686-5403

9

a.  Winston & Strawn, LLP ("W&S") is counsel to one of the Debtor's largest secured

creditors, Pacific Mercantile Bank ("PMB").  Until January 29, 2010, I was a partner

in the restructuring department of W&S.  In that capacity, I did not at any time

represent PMB.  Further, PMB and the Debtor have entered into a settlement of all of

their respective claims, which has received the final approval of this Court prior to the

filing of this Application.  Therefore, I do not believe that this situation creates the

potential for any actual or potential conflict of interest.

15.    TCLG believes that it is disinterested and has no adverse interests to those of the

Debtor.

16.    Upon discovery of any actual or potential conflict or any material fact that may create

an actual or potential conflict or that bears upon TCLG's continued disinterestedness, TCLG will

provide notice to those parties entitled to notice thereof.  The notice will outline the facts giving rise

to TCLG's potential conflict of interest.

I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Executed on the __ day of December, 2010 at Los Angeles, California.

/s/ David J. Richardson
David J. Richardson

# EXHIBIT A

# The Creditors' Law Group, a Professional Corporation

2301 Hyperion Ave., Suite A
Los Angeles, California 90027
telephone: (323) 686-5400    facsimile: (323) 686-5403

David J. Richardson
djr@thecreditorslawgroup.com

December 4, 2010

**BY ELECTRONIC MAIL**

Rossco Holdings, Inc.
Attn: Leonard M. Ross, President
1011½ N. Beverly Drive
Beverly Hills, CA 90210

<u>Re: Engagement for Legal Services Related to
In re Rossco Holdings, Inc., CACB Case No.
2:10-bk-55951-VZ; In re Monte Nido Estates,
LLC, CACB Case No. 2:10-bk-55947-VZ; In re
WM Properties, Ltd., CACB Case No. 2:10-bk-
55970-VZ; In re Colony Lodging, Inc., CACB
Case No. 2:10-bk-55925-VZ</u>

Dear Mr. Ross:

Thank you for selecting The Creditors' Law Group, a Professional Corporation (the "Firm") to represent the following entities: (i) Rossco Holdings, Inc. ("Rossco"); (ii) Monte Nido Estates, LLC ("Monte Nido"); (iii) WM Properties, Ltd. ("WM Properties") and (iv) Colony Lodging, Inc. ("Colony Lodging"), in their respective chapter 11 cases (the "Cases") pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). Our firm's policy at the outset of an engagement with a client is to outline not only the nature of the engagement, but also the basis on which the firm will provide legal services and bill for them.

<u>Nature of Engagement</u>: For all matters for which you may, from time to time, request our assistance, the firm's clients will be Rossco, Monte Nido, WM Properties and Colony Lodging, debtors-in-possession (the "Clients"). The scope of our engagement will be to represent the Clients in the Cases as general bankruptcy counsel. This representation will include any adversary proceedings or litigation related to the Cases that arises during the representation, unless we agree or you select to have such litigation handled by another firm. We have agreed that our present engagement is limited to performance of services related to this matter. After completion of the matter, changes may occur in the applicable laws or regulations that could have an impact upon the Clients' future rights and liabilities. Unless you actually engage us after the closing

Rossco Holdings, Inc. et al
December 4, 2010

of this matter to provide additional advice to the Clients on issues arising from the matter, the firm has no continuing obligation to advise the Clients with respect to future legal developments. This firm's engagement is subject to approval by the Bankruptcy Court. An application to retain this firm as bankruptcy counsel for the Clients will be filed in the Cases, requesting the court's approval.

Fees: I will be the attorney responsible for this engagement. My current hourly rate is $450.00. I will be assisted by Laura L. Buchanan, whose hourly rate is $425.00. Our billing rates are subject to adjustment from time to time, usually in January of each year. However, we will not be adjusting this rate in January 2011.

Security Retainer: At the outset of our representation, we will require a retainer from the Clients in the following amounts: (1) from Rossco, $8,000.00; (2) from Colony Lodging, Inc., $8,000.00; (3) from Monte Nido Estates, LLC, $4,000.00; and (4) from WM Properties, Inc., $5,000.00. The retainer will be placed in a client trust account and will remain each respective Client's property until earned by the Firm for services rendered. Each month in which there is activity on your account, we will set off our fees and expenses against this payment, transfer the appropriate amount into our accounts, and send you a copy of a fee statement which will be filed with the United States Trustee's office reflecting that setoff. At the conclusion of our representation, any credit balance remaining will be refunded to you, without interest. We will also seek approval from the bankruptcy court for monthly payment by the Clients, following exhaustion of the retainer, of 80% of the Firm's fees and 100% of the Firm's expenses.

Costs: In addition to our fees, our bills will include allocable charges for actual costs and expenses incurred in performing our services, such as outsourced printing and reproduction services, mail, messenger and delivery services, computerized research, travel (including mileage, parking, air or rail fare, lodging, meals, taxi or car rental), court costs and filing fees, and other litigation support services, such as document scanning, coding and printing. We do not charge for standard in-house printing, telephone or facsimile services, and do not include any profit component in any of our costs that are billed, but only bill actual expenses incurred.

Billing Arrangements: We render bills monthly, but our bills will be subject to approval by the Bankruptcy Court pursuant to periodic fee applications filed in the Cases. Payment beyond the retainer amount may be due on a monthly basis pursuant to an order of the Bankruptcy Court permitting monthly payment of 80% of fees and 100% of costs.

Client Documents: We will maintain any necessary documents (including any electronic copies) relating to this matter in our client files. At the conclusion of the matter (or earlier, if appropriate), it is the Clients' obligation to advise us as to which, if any, of the documents in our files you wish us to make available to you. These documents will be delivered to the Clients within a reasonable time. We will retain any remaining documents in our files for a certain period of time, after which we will destroy

them in accordance with our record retention program. We also reserve the right to retain copies of any documents returned to you.

Termination of Representation: A client has the right at any time to terminate our services and representation upon written notice to the firm. Such termination shall not, however, relieve the client of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on behalf of the client through the date of termination.

We reserve the right to seek authority of the Bankruptcy Court to withdraw from our representation, if, among other things, the Clients fail to honor the terms of the engagement letter, the Clients fail to cooperate or follow our advice on a material matter, or any fact or circumstance would render our continued relationship unlawful or unethical or would otherwise authorize such termination, subject to applicable rules of professional conduct or the local rules of the Bankruptcy Court. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter, including seeking any necessary approval of the Bankruptcy Court, and you agree that you will take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to perfect our withdrawal, and further that we will be entitled to be paid for all services rendered and costs or expenses incurred on behalf of the Clients through the date of withdrawal. If you so request, we will suggest to you possible successor counsel and provide it with whatever documents you have provided to us.

Please indicate your acceptance of the terms of this letter by signing and returning it to my attention. You may retain the enclosed copy for your files. Should you have any questions, please call me.

[the remainder of this page intentionally omitted]

Rossco Holdings, Inc. et al
December 4, 2010


        We appreciate the chance to be of service and look forward to working
with you.


                           Very truly yours,

                           David J. Richardson



ACCEPTED AND AGREED to this
___ day of _____, 2010


ROSSCO HOLDINGS, INC. on its
own behalf and as general partner of
WM PROPERTIES, LTD.


By:    Leonard M. Ross
       President


MONTE NIDO ESTATES, LLC, by
ROSSCO HOLDINGS, INC., its manager


By:    Leonard M. Ross
       President


COLONY LODGING, INC.,


By:    Leonard M. Ross
       President

# EXHIBIT B

# The Creditors' Law Group, APC

## FEE AND EXPENSE SCHEDULE

December 2010

Fees Charged:

David J. Richardson    -    $450.00/hour

Laura L. Buchanan     -    $425.00/hour

Expenses Charged:

The Creditors' Law Group, APC only charges clients for actual expenses incurred, such as outside printing services (i.e., large copying jobs performed by a third party), filing fees, postage, courier charges, travel costs, and actual computer research charges.

Computer research services are performed under a discounted arrangement that permits the firm to pay a lump sum (less than one of the firm's billable hours) for a month of services. This charge is broken down by the service provider by the percentage of service performed on behalf of each client, and compared to the actual cost if the searches had been performed without the discounted arrangement. Clients are only charged the actual amount incurred for searches on their behalf.

Clients are not charged for facsimiles, telephone charges, or inhouse photocopying.

# EXHIBIT C



# David J. Richardson

(323) 686-5400
djr@thecreditorslawgroup.com

David Richardson is the founder of The Creditors' Law Group, PC, which specializes in the representation of individual creditors and creditors' committees in chapter 11 cases. Mr. Richardson has practiced corporate bankruptcy law since graduating from Stanford Law School in 1993, first with the boutique firm Murphy, Weir & Butler, LLP (later, as Murphy, Sheneman, Julian & Rogers, LLP) and more recently as a partner in the restructuring group of Winston & Strawn, LLP until early 2010.

Some of his recent matters at his present or past firms include:

- In re CBC Framing, Inc. (C.D. Cal.) – counsel to the Official Committee of Unsecured Creditors in the chapter 11 case of the largest home framing company in California.
- In re Touch America Holdings, Inc. (Delaware) – counsel to the Official Committee of Unsecured Creditors/Plan Trustee, with a particular emphasis on insider litigation that contributed to full payment to unsecured creditors and a distribution for shareholders.
- In re PureBeauty, Inc. (C.D. Cal.) – counsel to the Official Committee of Unsecured Creditors/Liquidating Trustee in the Chapter 11 case of this national retail chain.
- In re Fitness Holdings International, Inc. (C.D. Cal.) – counsel to the Official Committee of Unsecured Creditors in the Chapter 11 case of this national retail chain (Busy Body Home Fitness, Omni Fitness).
- In re Bordier's Nursery, Inc. (C.D. Cal.) – counsel to secured lender.
- In re Syntax Brillian Corp., (Delaware) – counsel to large electronics manufacturer creditor.
- In re AREI Newhall 10, LLC et al. (C.D. Cal.) – counsel to secured lender.
- In re General Motors, Corp. (S.D.N.Y.) – counsel to large electronics manufacturer creditor.
- In re Aloha Airlines, Inc. (Haw.) – counsel to aircraft lessor.
- In re Atkins Nutritionals, Inc. (S.D.N.Y.) – counsel to the Official Committee of Unsecured Creditors.
- In re Exodus Communications, Inc. (Delaware) – counsel to two of the largest creditors in this Chapter 11 case.
- In re Midland Euro Exchange, Inc., et al (C.D. Cal.) – counsel to petitioning creditors and major investors in these involuntary Ponzi scheme Chapter 11 cases.
- In re G.I. Industries/Conejo Enterprises, Inc. (C.D. Cal.) – counsel to the Chapter 11 Trustee and subsequent purchaser of the estate's assets, including two successful appeals to the Ninth Circuit Court of Appeals.
- In re Gay & Lesbian Adolescent Social Services (GLASS) (C.D. Cal.) – pro bono debtor's counsel in this Chapter 7 case.

## Practice Areas:

Creditor Representations
Bankruptcy Litigation
Appellate Practice
Complex Motion Practice

## Education:

Stanford Law School
JD, 1993

Queen's University, Kingston, ON
B.A. (Hons.), 1986

## Bar Admissions:

California

## Court Admissions:

USCA – 9th Circuit
Central District of California
Northern District of California
Southern District of California

**The Creditors' Law Group, a Professional Corporation**
2301 Hyperion Avenue, Ste. A, Los Angeles, CA  90027
telephone (323) 686-5400     facsimile (323) 686-5403



**Practice Areas:**

Creditor Representations
Debtor Representations
Bankruptcy Litigation

**Education:**

Boalt Hall, U.C. Berkeley
JD, 1991

Stanford University
B.S. Electrical Engineering, 1987

**Bar Admission:**

California

**Court Admission:**

Central District of California

**Additional Information:**

Board Member of the Los Angeles
Bankruptcy Forum, 2006 – 2009

Real Estate Broker, Department of
Real Estate License No. 01862676

# Laura L. Buchanan
(323) 686-5400
llb@thecreditorslawgroup.com

Laura Buchanan is Counsel to The Creditors' Law Group, PC. Ms. Buchanan has practiced corporate bankruptcy law since 2002, first with the boutique firm Klee, Tuchin, Bogdanoff & Stern, LLP and more recently with Clarkson, Gore & Marsella, APLC. Prior to 2002, she practiced transactional law with Mitchell Silberberg & Knupp LLP and Landels, Ripley & Diamond LLP and was general counsel to Alesis Corporation and to a start up.

Some of her recent matters at present or past firms include:

♦ In re MTI Corporation (C.D. Cal.) – counsel to debtor and, after confirmation of plan, to plan agent.

♦ In re 374 West 8th Street, LLC (C.D. Cal.) – counsel to debtor.

♦ In re Marcus Sampson II (C.D. Cal.) – counsel to a creditor, which is a conservatorship seeking to proceed with state court litigation to recover real properties.

♦ Various debtors' cases – counsel to secured lenders seeking adequate protection, relief from the automatic stay, or to avoid lien stripping.

♦ In re APX Holdings, LLC et al. (C.D. Cal.) – counsel to debtor.

♦ In re Enron Corp., et al. (S.D.N.Y.) – special litigation counsel in adversary proceeding against certain banks.

♦ In re National R.V. Holdings, Inc. and National R.V., Inc. (C.D. Cal.) – counsel to debtors.

♦ In re IndyMac Bancorp, Inc. (C.D. Cal.) – counsel to Chapter 7 trustee of debtor.

♦ In re Fountain View, Inc. et al. (C.D. Cal.) – counsel to debtors.

♦ In re Rodeo Canon Development Corporation (C.D. Cal.) – counsel to buyer of property out of bankruptcy in adversary proceeding.

## The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone (323) 686-5400   facsimile (323) 686-5403