THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
Laura L. Buchanan (State Bar No. 156261)
llb@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone:    (323) 686-5400
Facsimile:    (323) 686-5403

[Proposed] Attorneys for Rossco
Holdings, Inc., Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | **Case No. 2:10-bk-55951-VZ** |
| ROSSCO HOLDINGS, INC. | Chapter 11 |
| Debtor, | **NOTICE OF APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF THE CREDITORS' LAW GROUP, A PROFESSIONAL CORPORATION, AS COUNSEL TO THE DEBTOR-IN-POSSESSION** |
| | [11 U.S.C. § 330] |
| | [No Hearing Required] |

PLEASE TAKE NOTICE that Rossco Holdings, Inc., debtor and debtor-in-possession (the "Debtor" or "Rossco Holdings") in the above-captioned chapter 11 case (the "Case"), has submitted an application (the "Application") for an order pursuant to section 327 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of Bankruptcy Procedure for the Central District of California (the "Local Rules") authorizing the employment and retention of The Creditors' Law Group, a Professional Corporation ("TCLG") as

1

counsel for the Debtor effective December 4, 2010 (the "Retention Date").  In compliance with Local Bankruptcy Rule 2014-1(b)(3), the Debtor hereby provides the following information regarding the Application:

### A. The Identification of the Professional and Purpose and Scope of the Proposed Employment

The Debtor has selected TCLG as its general bankruptcy counsel to assist the Debtor in accomplishing the goals of the Debtor's reorganization under Chapter 11.  In order to ensure a successful reorganization, it is essential that the Debtor employ the services of general bankruptcy counsel experienced in Chapter 11 and insolvency law.

### B. Overview of the Debtor's Business

Rossco Holdings is a corporation engaged in the business of real property leasing, operating, management, development and sales.  The Debtor owns developed and undeveloped real property in College Station, Texas, including a 60-unit rental complex.  The Debtor also owns portions of and furnishes, either through itself or affiliates, general management, development and/or marketing services for the real property businesses of, among others, WM Properties, Ltd., LJR Properties, Ltd., Monte Nido Estates, LLC, Colony Lodging, Inc. and Rossco Plaza, Inc.  The entities WM Properties, Ltd., Monte Nido Estates, LLC and Colony Lodging, Inc. (collectively, the "Ross-Related Debtors") are also Chapter 11 debtors in this Court.

### C. The Debtor's Chapter 11 Filing

On August 2, 2010, Rossco Holdings filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Western District of Texas, Waco Division.  Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Rossco Holdings continues to operate its business and manage its properties, affairs and assets as debtor-in-possession.

The Debtor's bankruptcy case was transferred to the Central District of California, Los Angeles Division, on October 21, 2010.[1]  The Debtor has been represented by Kelly Hart & Hallman LLP ("Kelly Hart") in the instant case, but as Kelly Hart is located in Texas and its attorneys are not

---

[1] The Debtor's president and owner is Leonard M. Ross.  Mr. Ross filed a chapter 11 voluntary petition in this Court on September 15, 2010.  The Debtor's bankruptcy case in Texas, along with the cases of the Ross-Related Debtors, were transferred to this District.

2

admitted to practice in this District, Kelly Hart has sought leave to withdraw from the representation, forcing the Debtor to engage new counsel. The Debtor has selected TCLG.

**D.     The Proposed Retention of General Bankruptcy Counsel: The Creditors' Law Group, APC**

The Debtor seeks to employ TCLG as its general bankruptcy counsel to advise it generally concerning the rights, duties and obligations of a debtor and debtor-in-possession under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Central District of California, the orders of this Court, the requirements of the United States Trustee for the Central District of California, and to do all of those things which may, from time to time, be necessary to aid the Debtor in the prosecution of this Chapter 11 case, including, *inter alia*, to: (1) assist the Debtor in legal aspects of compliance with the rules of the Office of the United States Trustee; (2) assist the Debtor in defense of motions for relief from stay, where appropriate; (3) advise the Debtor with respect to pending litigation and, if appropriate, to represent the Debtor with respect to bankruptcy issues arising in or attendant thereto, and to either handle existing or new bankruptcy-related litigation or adversary proceedings, or assist special litigation counsel, if any, retained for such purposes; (4) assist the Debtor in preparing motions and other pleadings concerning operations, cash collateral, pending statutory deadlines and recovery of estate property; (5) assist the Debtor in matters affecting property of the estate; (6) assess prospects for reorganization of the Debtor's financial affairs under Chapter 11 of the Bankruptcy Code and, if appropriate, assist in the prompt formulation, proposal, confirmation and implementation of a Chapter 11 Plan to conclude the Bankruptcy Case; (7) assist the Debtor in the prosecution of claim objections to the extent that funds are generated for the estate; and (8) conduct such other investigations and take such other legal actions that may be necessary and appropriate and as are customary in Chapter 11 cases.

**E.     Arrangements for Compensation of Proposed General Bankruptcy Counsel**

Pursuant to its Retention Agreement, attached to the Application as Exhibit 1, TCLG will receive a retainer from the Debtor of $8,000 (the "Retainer") which will be applied to future fees and costs as they are earned. The Retainer, once received, will be placed in a segregated, interest-bearing trust account.

3

1    The current hourly rates of the TCLG attorneys who will work on the Debtor's case are: (1) David J. Richardson - $450.00/hour; and (2) Laura L. Buchanan - $425.00/hour. Such rates may change from time to time in the future.

It is contemplated that TCLG will, pursuant to the U.S. Trustee Employment Guide, draw upon the trust account and serve a face-sheet fee application on a monthly basis pursuant to the U.S. Trustee Employee Guide and Professional Fee Statement (Form UST-6) until such time as the Retainer is fully exhausted. TCLG will not draw down on the Retainer until its employment is approved. The Debtor anticipates that TCLG's post-petition fees and expenses will exceed the amount of the available Retainer funds.

Pursuant to Section 331 of the Bankruptcy Code, all court-approved professionals (the "Professionals") are entitled to submit applications for interim compensation and reimbursement of expenses not more often than every one hundred twenty (120) days. However, given the fast pace typical of corporate chapter 11 cases, there is a great deal of activity ongoing and, if the Professionals are required to wait an extended period of time for payment and reimbursement, the Professionals will be unnecessarily inconvenienced through delay of non-payment of, in some instances large receivables, to the detriment of such Professionals. The Debtor acknowledges that TCLG is a small, two-attorney firm, and that long delays between payments of fees would pose a hardship to TCLG. Therefore, as is typical and accepted in more complex cases (which the Debtor maintains this is, given the pending cases of the Ross-Related Entities), the Debtor intends to file a Motion for Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals, requesting that the Court establish a procedure for compensating and reimbursing Professionals on a monthly basis.

**F.    Disinterestedness of The Creditors' Law Groups, APC**

To the best of the Debtor's knowledge, the Debtor believes and alleges that TCLG is a disinterested person as that term is defined in 11 U.S.C. § 101(14), has no interest adverse to the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, or to this estate, and has no relation to any bankruptcy judge presiding in this district or any relation to the United States Trustee in this district, or any person employed in the Office of the United States

4

1  Trustee.  Although it submits that no conflict or adverse intent results therefrom, TCLG has

2  disclosed the following in the Application:

3              a.    TCLG attorney David J. Richardson was, until January 29, 2010, a

4  partner at Winston & Strawn, LLP, which represents secured creditor Pacific Mercantile Bank

5  ("PMB") in the instant case.  At no time while at Winston & Strawn did Richardson ever represent

6  PMB in any matters.  No actual conflict exists, and no appearance of a conflict should exist,

7  particularly as PMB and the Debtor have settled all claims between them and such settlement has

8  been approved in a final order.  Thus, the Debtor believes that TCLG is disinterested.

**G.    Effective Date of Employment**

The Debtor desires to employ TCLG as an expense of this estate, effective as of December 4, 2010.

**H.    Procedure for Obtaining Copy of Application**

A copy of the Application may be obtained upon request to David J. Richardson, The Creditors' Law Group, APC, 2301 Hyperion Avenue, Ste. A, Los Angeles, California 90027, telephone: (323) 686-5400, facsimile: (323) 686-5403, email: djr@thecreditorslawgroup.com.

**I.    Procedure for Objecting to the Application and/or Requesting a Hearing**

Any response and request for a hearing must be made in the form required by Local Bankruptcy Rule 9013-1(o)(1), and be filed and served not later than 14 days from the date of service of this notice on the Applicant and proposed counsel for the Applicant at the address that appears in the upper left-hand corner of this Notice, and on the United States Trustee, 725 S. Figueroa St., 26th Floor, Los Angeles, California 90017-5524.

Dated:  December 7, 2010          THE CREDITORS' LAW GROUP,
                                  a Professional Corporation


                                  By:   /s/ David J. Richardson
                                        David J. Richardson
                                        [Proposed] Attorneys for Rossco
                                        Holdings, Inc.

5