THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone:    (323) 686-5400
Facsimile:    (323) 686-5403

Attorneys for Rossco Holdings, Inc.
Debtor and Debtor-In-Possession

FILED & ENTERED
DEC 20 2010
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoan DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ROSSCO HOLDINGS, INC.<br><br>Debtor. | **Case No. 02:10-bk-55951-VZ**<br><br>Chapter 11<br><br>**INTERIM ORDER GRANTING IN PART AND SETTING FINAL HEARING ON ROSSCO HOLDINGS, INC.'S MOTION FOR ORDER APPROVING AND AUTHORIZING:  (A) THE CLOSING OF THE SALE OF ASSETS TO PMH ACQUISITION, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) BIDDING PROCEDURES FOR THE SALE OF THE ASSETS IF THE DEBTOR RECEIVES HIGHER AND BETTER OFFER PRIOR TO APPROVAL OF THE SALE; AND (C) A BREAKUP FEE**<br><br>Hearing Held:<br>Date:    November 30, 2010<br>Time:    11:00 a.m.<br>Judge:   Hon. Vincent P. Zurzolo<br>         Courtroom 1368<br><br>Final Sale Hearing Date:<br>Date:    February 8, 2011<br>Time:    11:00 a.m.<br>Judge:   Hon. Vincent P. Zurzolo<br>         Courtroom 1368<br>         255 East Temple Street<br>         Los Angeles, CA  90012 |

INTERIM ORDER GRANTING IN PART AND SETTING FOR FINAL HEARING ROSSCO HOLDINGS, INC.'S MOTION FOR ORDER APPROVING AND AUTHORIZING: (A) THE CLOSING OF THE SALE OF ASSETS OT PMH ACQUISITIONS, LLC FREE AMD CLEAR OF ALL LIENS AND ENCUMBRANCES AND INTERESTS; (B) BIDDING PROCEDURES FOR THE SALE OF THE ASSETS IF THE DEBTOR RECEIVES HIGHER AND BETTER OFFER PRIOR TO APPROVAL OF THE SALE; AND (C) A BREAKUP FEE

The Court, having conducted an interim hearing on the Motion for Order Approving and Authorizing: (A) the Closing of the Sale of Assets to PMH Acquisition, LLC Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Bidding Procedures for the Sale of the Assets if the Debtor Receives Higher and Better Offer Prior to Approval of the Sale; and (C) a Breakup Fee (the "Sale Motion") for the purpose of considering the Bid Procedures[1] and the proposed Breakup Fee, having reviewed the Motion, and the record in these cases, having considered the statements of counsel for the Rossco Holdings, Inc. (the "Debtor") and PMH Acquisition LLC ("PMH") the Court finds that entering an interim order establishing bidding and sale procedures in connection with proposed sale, and in accordance with the provisions contained in this Order, is in the best interests of the Debtor's estate. Accordingly,

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any conclusions of law herein constitute findings of fact, they are adopted as such.

B. The Court has jurisdiction over the Motion and the transaction contemplated by the Purchase and Sale Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The statutory bases for the relief requested in the Motion are (i) sections 105, 363, 364 and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and (ii) Bankruptcy Rules 2002(a)(2), 6004, 6006 and 9014.

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

D.      Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the hearing to be conducted to approve the transactions contemplated by the Purchase and Sale Agreement (the "<u>Sale Hearing</u>").  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

E.      The Debtor has articulated good and sufficient reasons for the Court to: (i) approve the Bid Procedures; and (ii) set the Sale Hearing, as contemplated by the Purchase and Sale Agreement and in this Order.

F.      The entry of this Order is in the best interests of the Debtor, its estate, its creditors and other parties in interest.

G.      The Bid Procedures are reasonably designed to maximize the value to be achieved for the Assets.

IT IS THEREFORE

**ORDERED** that the Motion is GRANTED IN PART to the extent set forth herein.

**ORDERED**, that except as provided to the contrary herein, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

**ORDERED** that the Bid Procedures are approved as follows:

- Within 45 days after entry of this Order, the Debtor may solicit and receive bids to purchase the property (the "Bid Deadline");

- In order for a bid to be considered, it must exceed the Purchase Price by the amount of the Breakup Fee plus $50,000. In addition, such bid shall: i) be in writing; ii) not contain any financing or due diligence contingencies beyond those contained in the Purchase and Sale Agreement; iii) be accompanied by a marked copy of the Purchase and Sale Agreement, which shall be the agreement pursuant to which such prospective purchaser proposes to acquire the assets sought to be acquired (proposals may not be for less than substantially all assets); iv) be accompanied by evidence of committed financing or other ability to perform; v) be accompanied by a good-faith deposit of $50,000, payable to the Seller; vi) be accompanied by a letter

3

stating that the bidder's offer is irrevocable until the earlier of: (i) two business days after the closing date of an alternative sale or sales approved by the Court; and (ii) forty-five days after the conclusion of a final hearing on the Sale Motion;

- If a Qualifying Bid is received prior to the Bid Deadline, an auction (the "Auction") will be held as further set forth herein;

- At the Auction, the initial bid shall be the highest Qualifying Bid received prior to the Bid Deadline (the "Initial Bid"). All subsequent bids, shall exceed the Initial Bid by at least $100,000 and parties shall be given a reasonable, but not excessive, amount of time to submit its overbids;

- At the conclusion of the Auction, the Debtor will select the highest and best offer which it will designate the successful bidder and will designate the second highest and best offer as the backup bidder. The Debtor will continue to designate backup bidders until PMH is the last backup bidder (unless PMH is the successful bidder). The Debtor shall file its designation of the successful bidder and designated backup bidders (the "Designation") within two business days of the conclusion of the Auction;

- Any party-in-interest shall have fourteen days prior to the Sale Hearing to object to the Designation and request an emergency hearing on the matter or the Designation shall be deemed conclusive and final;

- If the Debtor closes a sale with a higher bidder, then the Debtor shall pay PMH the Breakup Fee within two days after the sale closes;

- In the event the closing with the successful bidder does not occur, the Debtor may proceed to close with the backup bidder and any subsequent backup bidder thereafter; and it is further

**ORDERED** that the Auction shall take place on January 19, 2011, at 10:00 a.m. (Pacific Time), at a place to be determined by the Debtor with notice to all Qualified Bidders,[2] including PMH, counsel for PMH and other invitees. The Auction shall be conducted in accordance with the Bid Procedures.

**ORDERED** that the Sale Hearing shall be held before the Court on February 8, 2011, at 11:00 a.m. (Pacific Time).

---

[2]    "Qualified Bidder" shall mean a bidder submitting a bid meeting the requirements set forth in the Bid Procedures (such bid, a "Qualified Bid").

4

**ORDERED** that objections, if any, to the sale of the Assets and the transaction contemplated by the Purchase and Sale Agreement, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the local rules of the Court; (c) be filed with the clerk of the United States Bankruptcy Court for the Central District of California, (or filed electronically via the Court's electronic filing system), on or before 5:00 p.m. (Pacific Time) on January 25, 2011 (the "Sale Objection Deadline"); and (d) be served upon: (i) counsel to the Debtor; (ii) counsel to PMH, Smith, Gambrell & Russell, LLP, Suite 3100, Promenade II, 1230 Peachtree Street, N.E., Atlanta, Georgia 30309, Attn: Malcolm D. Young & Brian P. Hall; and (iii) the Office of the United States Trustee, so as to be received no later than 4:00 p.m. (Pacific Time) on the Sale Objection Deadline. Any objections currently on file with the Court to the Sale are carried to the final Sale Hearing.

**ORDERED** that Section 19 of the Purchase and Sale Agreement is not approved at this time, but will be considered at the Sale Hearing, or such earlier date as counsel and interested parties may be heard after submission of declarations regarding the reasonableness of the fee requested.

**ORDERED** that PMH shall have standing to contest to the Debtor's selection of the highest and best bid.

**ORDERED** that notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

[the remainder of this page intentionally left blank]

1  **ORDERED** that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

**ORDERED** that the Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

# # #

DATED: December 20, 2010

*[signature: Vincent P. Zurzolo]*

United States Bankruptcy Judge

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

| In re: | CHAPTER: 11 |
| ROSSCO HOLDINGS, INC. | |
| Debtor(s). | CASE NUMBER: 2:10-bk-55951-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
> The Creditors' Law Group, APC
> 2301 Hyperion Avenue, Ste. A
> Los Angeles, CA  90027-4711

A true and correct copy of the foregoing document described as **INTERIM ORDER GRANTING IN PART AND SETTING FINAL HEARING ON ROSSCO HOLDINGS, INC.'S MOTION FOR ORDER APPROVING AND AUTHORIZING: (A) THE CLOSING OF THE SALE OF ASSETS TO PMH ACQUISITION, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) BIDDING PROCEDURES FOR THE SALE OF THE ASSETS IF THE DEBTOR RECEIVES HIGHER AND BETTER OFFER PRIOR TO APPROVAL OF THE SALE; AND (C) A BREAKUP FEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ___December 9, 2010___, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> Honorable Vincent Zurzolo (Fedex)
> United States Bankruptcy Court
> 255 E. Temple St., Suite 1360
> Los Angeles, CA  90012

> United States Trustee (LA) (U.S. Mail)
> 725 S. Figueora St., 26th Floor
> Los Angeles, CA  90017-5524

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 9, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 9, 2010 | David J. Richardson | /s/ David J. Richardson |

| In re:<br>ROSSCO HOLDINGS, INC.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:10-bk-55951-VZ |
|---|---|

_Date_     _Type Name_     _Signature_

**NOTE TO USERS OF THIS FORM**:
**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (_specify_) **INTERIM ORDER GRANTING IN PART AND SETTING FINAL HEARING ON ROSSCO HOLDINGS, INC.'S MOTION FOR ORDER APPROVING AND AUTHORIZING: (A) THE CLOSING OF THE SALE OF ASSETS TO PMH ACQUISITION, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) BIDDING PROCEDURES FOR THE SALE OF THE ASSETS IF THE DEBTOR RECEIVES HIGHER AND BETTER OFFER PRIOR TO APPROVAL OF THE SALE; AND (C) A BREAKUP FEE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _December 9, 2010_, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

See attached

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Rossco Holdings, Inc.
410 S. Texas Ave.
College Station, TX  77840-1724

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                                                                      **F 9021-1.1**

| In re: | CHAPTER: 11 |
|---|---|
| ROSSCO HOLDINGS, INC. | |
| Debtor(s). | CASE NUMBER: 2:10-bk-55951-VZ |

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Michael S Greger - mgreger@allenmatkins.com
Jay W Hurst - jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us
John R Lane - johnlane@jrl-law.com
Justin E Rawlins - jrawlins@winston.com, docketla@winston.com
David J Richardson - djr@thecreditorslawgroup.com
David B Shemano - dshemano@pwkllp.com
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
Joshua D Wayser - joshua.wayser@kattenlaw.com, kim.johnson@kattenlaw.com
Robert M Yaspan - court@yaspanlaw.com, tmenachian@yaspanlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                              **F 9021-1.1**