THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
Laura L. Buchanan (State Bar No. 156261)
llb@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone: (323) 686-5400
Facsimile: (323) 686-5403

Attorneys for Rossco Holdings, Inc.,
Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ROSSCO HOLDINGS, INC.<br><br>Debtor, | **Case No. 2:10-bk-55951-VZ**<br><br>Chapter 11<br><br>**MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION ROSSCO HOLDINGS, INC. FOR ORDER DISALLOWING PROOF OF CLAIM NO. 1 FILED BY PROPEL FINANCIAL SERVICES, LLC; DECLARATION OF LEONARD M. ROSS**<br><br>Date: March 29, 2011<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 1368<br>Roybal Federal Building<br>255 E. Temple St.<br>Los Angeles, California 90012 |

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882 Facsimile: (323) 686-5403

## I.

## INTRODUCTION

Rossco Holdings, Inc. ("Rossco" or the "Debtor") hereby files this motion objecting to Proof of Claim No. 1 (the "Proof of Claim") filed by Propel Financial Services, LLC ("Propel") on the grounds that the Proof of Claim is, on its face, enforceable only against a non-debtor entity, and further seeks to enforce a tax lien claim for which no related property is owned by the Debtor's estate.

For the reasons raised herein, the Proof of Claim should be disallowed to the extent permitted under applicable law.

## II.

## BACKGROUND

Rossco filed a chapter 11 petition in the Taxes Bankruptcy Court on August 2, 2010, which was transferred to this Court on or about October 21, 2010, where it remains pending as Case No. 2:10-bk-55951-VZ (the "Rossco Bankruptcy Case"). Rossco continues to manage its case as a debtor-in-possession.

On November 8, 2010, Propel filed its Proof of Claim in the Rossco Bankruptcy Case, a true and correct copy of which is attached hereto as Exhibit A, attaching documents that evidence a tax lien for taxes that relate to real property that was owned by Rossco Plaza, Inc. ("Rossco Plaza"). Rossco and Rossco Plaza are not the same entity, and nothing in the documentation attached to the Proof of Claim suggests a basis upon which Rossco could be liable for the asserted claim. See Declaration of Leonard Ross (the "Ross Decl."), attached hereto, at ¶ 3.

Further, the property described in the Proof of Claim was lost by Rossco Plaza in a foreclosure sale on December 7, 2010. Id. at ¶ 4. Even if there was a basis for asserting the claim against Rossco, neither Rossco nor any affiliate has any interest in the subject property.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882 Facsimile: (323) 686-5403

## III.

## DISCUSSION

### A. The Proof of Claim Should Be Disallowed To the Extent of the Arguments Herein

Pursuant to Section 502(b)(1) of the Bankruptcy Code, a claim against a debtor shall be disallowed to the extent that such claim "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). In this case, the Proof of Claim is unenforceable against the Debtor to the extent that it assert a right to recover property taxes owed by Rossco Plaza. See In re Davis, 11 B.R. 621 (Bankr. N.D. Tex. 1981) (where there was no interest of the estate in and to the property against which taxes are assessed, the tax claim must be disallowed).

On its face, the Proof of Claim is not enforceable against Rossco and must be disallowed.

Further, the Proof of Claim asserts a tax lien claim arising from real property that is no longer even owned by Rossco Plaza, or any other affiliate of the Debtor, and therefore would have to be disallowed even if Propel could explain a basis for asserting liability against Rossco. See In re Damar Machine, Inc., 30 B.R. 256 (Bankr. D. Me. 1983) (property upon which personal property taxes were assessed was repossessed five months before the petition date); In re Skinner Lumber Co., 35 B.R. 31 (Bankr. D.S.C. 1983) (estate's interest in the property is valueless because the property was abandoned); In re Transco Corp., 11 B.R. 310 (Bankr. N.D. Tex. 1981) (property foreclosed upon, leaving estate with no interest); In re Davis, 11 B.R. 621 (Bankr. N.D. Tex. 1981) (where there was no interest of the estate in and to the property against which taxes are assessed, the tax claim must be disallowed). In these instances, the estate was left with no interest in the property on which the tax is assessed, therefore the interest is of no value. In re Damar Machine, Inc., 30 B.R. at 257.

## IV.

## CONCLUSION

WHEREFORE, the Debtor prays for an order of this Court: (i) disallowing the Proof of Claim in full.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882 Facsimile: (323) 686-5403

Dated: February 25, 2011

THE CREDITORS' LAW GROUP,
a Professional Corporation

By: /s/ David J. Richardson
David J. Richardson
Attorneys for Rossco Holdings, Inc.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882 Facsimile: (323) 686-5403

**DECLARATION OF LEONARD M. ROSS**

I, LEONARD M. ROSS, being first duly sworn, declare and allege as follows:

1. I submit this Declaration ("Declaration") based on my own personal knowledge. If called upon as a witness to testify as to the facts set forth herein, I would and could do so competently.

2. I make this Declaration in Support of the Motion of Debtor and Debtor-In-Possession Rossco Holdings, Inc. For Order Disallowing Proof of Claim No. 1 Filed by Propel Financial Services, LLC (the "Motion") filed by Rossco Holdings, Inc. ("Rossco").

3. Attached hereto as Exhibit "A" is a true and correct copy of Proof of Claim No. 1 (the "Proof of Claim"), filed in Rossco's chapter 11 case on August 3, 2010, in the United States Bankruptcy Court for the Western District of Texas, where the case was pending at that time, by Propel Financial Services, LLC ("Propel"). The Proof of Claim attaches documents that evidence a tax lien for taxes that relate to real property that was owned by Rossco Plaza, Inc. ("Rossco Plaza"). Rossco and Rossco Plaza are not the same entity, and nothing in the documentation attached to the Proof of Claim suggests a basis upon which Rossco could be liable for the asserted claim.

4. Further, the property described in the Proof of Claim was lost by Rossco Plaza in a foreclosure sale on December 7, 2010.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed on February 25, 2011, at Beverly Hills, California.

LEONARD M. ROSS

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 660-8882 Facsimile: (323) 686-5403

# EXHIBIT A

B 10 (Official Form 10) (12/08)

**UNITED STATES BANKRUPTCY COURT** Central District of California (LA) — **PROOF OF CLAIM**

Name of Debtor: Rossco Holdings, Inc.

Case Number: 2:10-bk-55951-VZ/Ch. 11

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Propel Financial Services, L.L.C.

Name and address where notices should be sent:
c/o John Lane & Associates
8526 N. New Braunfels
San Antonio, Texas 78217

Telephone number: (210) 828-8900

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**__________ (*If known*)

Filed on:__________

Name and address where payment should be sent (if different from above):
Propel Financial Services, L.L.C.
P.O. Box 100350
San Antonio, Texas 78201

Telephone number: (866) 206-9310

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 133,895.78

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Promissory Note
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 6199

**3a. Debtor may have scheduled account as:** __________
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:** 1721 E. Cen Tex Expwy, Killeen, Texas 76541, Bell County

**Value of Property:** $__________ **Annual Interest Rate** 12.900 %

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $ 1,468.00 **Basis for perfection:** Real Tax Lien

**Amount of Secured Claim:** $ 133,896.78 **Amount Unsecured:** $__________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$__________

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 11/08/2010

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/ John R. Lane, Jr.

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Proof of Claim of Propel Financial Services has been served this 8th day of November 2010, as indicated below, via e-mail or regular U.S. Mail, postage prepaid, on the following:

Debtor's Attorneys:

Christopher Joshua Osborne
Clay M. Taylor
Kelly Hart
Kelly Hart & Hallman, LLP
201 Main St., Ste. 2500
Fort Worth, Texas 76102

U.S. Trustee:

United States Trustee (LA)
725 S. Figueroa St., 26th Floor
Los Angeles, CA 90017

*/s/ John R. Lane* , for and on behalf of
Propel Financial Services

Case 2:10-bk-55951-VZ Claim 1-1 Filed 11/08/10 Desc Main Document Page 3 of 14

Promissory Note -Tax Lien

**Date:** December 22, 2009

**Borrower:** Rossco Plaza, Inc., a Texas corporation, By: Leonard M. Ross, President

**Borrower's Mailing Address:**
1011 N. Beverly Dr.
Beverly Hills, CA 90210
Los Angeles County

**Lender:** Propel Financial Services, LLC

**Place for Payment:**

P.O. Box 100350
San Antonio, TX 78201
or any other place that Lender may designate in writing.

**Principal Amount:** ONE HUNDRED TWENTY-FIVE THOUSAND FIFTY-THREE AND 46/100ths DOLLARS ($125,053.46)

**Annual Interest Rate:** 12.90%

**Annual Interest Rate on Matured, Unpaid Amounts:** Greater of 18% or Maximum Amount Allowed by Law

**Maturity Date:** February 1, 2020

**Terms of Payment (principal and interest):**

The Principal Amount and interest are due and payable in equal monthly installments of **ONE THOUSAND EIGHT HUNDRED FIFTY-NINE AND 81/100ths DOLLARS (1,859.81)** on the **1ST** -day of each month, beginning **MARCH 1, 2010** and continuing until the unpaid principal and accrued, unpaid interest have been paid in full. Payments will be applied first to accrued interest and unpaid penalties and the remainder to reduction of the Principal Amount. Lender is not required to accept an incomplete or partial monthly payment, and acceptance by Lender of any partial payment shall not be deemed to constitute a waiver by Lender to require prompt payment of this Note upon demand and shall not cure any default by Borrower. Any partial payment received by Lender shall be held in trust until the remainder of the payment owed is received by Lender.

**Security for Payment:** This note is secured by tax lien(s) on Borrower's real property that have been transferred from the taxing unit(s) toPropel Financial Services, LLC, in accordance with Texas Tax Code Section 32.06. This note is further secured by a Deed of Trust of even date from Borrower to John P. Nelson, trustee, all of which cover the following real property:

**Physical Address:** 1721 E Cen Tex Expwy, Killeen, TX 76541 Bell County

**Legal Description:** See Exhibit A

**Tax Account Number(s):** 101191

**Late Charges for Overdue Payments:** If any installment becomes overdue for more than 5 days, at Lender's option a late payment charge of 5.0% of the past due amount may be charged in order to defray the expense of handling the delinquent payment.

Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. After maturity, Borrower promises to pay any unpaid principal balance plus all accrued interest.

If Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due. Borrower and each surety, endorser, and guarantor waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note or to handle a bankruptcy proceeding involving Borrower. Borrower also promises to pay all amounts advanced by Lender to protect Lender's security interest and lien status (including but not limited to advances under §33.445 of the Texas Tax Code). These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

**Prepayment:** Borrower may prepay this note in any amount at any time before the Maturity Date without penalty or premium.

**Application of Prepayment:** Prepayments will be applied to installments on the last maturing principal, and interest on that prepaid principal will immediately cease to accrue.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment,

any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt. Lender (or its servicer) will provide payoff statements to third parties as required by law.

Pursuant the Texas Tax Code Sections 32.06 and 32.065 (as it may be amended from time to time), the Lender reserves the right to be subrogated to and exercise any right or remedy possessed by the applicable taxing unit from whom the Lender received transfer of the tax lien(s) on the herein described property, including, but not limited to, the right to charge the Borrower any and all interest, penalties, collection fees, costs, an other items related to the collection of the amounts owed hereunder. An amount received by the Lender from the Borrower in connection with the loan evidenced by this Note, whether received at or after closing, may be treated by the Lender in its sole discretion as principal, interest, penalties, collection costs, or other items which are otherwise allowed to be charged or received by either Lender or the taxing unit under applicable law, so long as the result is that the Lender does not receive an amount in excess of the total of all such items as may otherwise be charged or received by the Lender or the taxing unit under the documents evidencing or securing this Note or under applicable law.

Each Borrower is responsible for all obligations represented by this note.

A default exists under this note if (1) (a) Borrower or (b) any other person liable on any part of this note or who grants a lien or security interest on property as security for any part of this note (an "Other Obligated Party") fails to timely pay or perform any obligation or covenant in any written agreement between Lender and Borrower or any Other Obligated Party; (2) any warranty, covenant, or representation in this note or in any other written agreement between Lender and Borrower or any Other Obligated Party is materially false when made; (3) a receiver is appointed for Borrower, any Other Obligated Party, or any property on which a lien or security interest is created as security (the "Collateral Security") for any part of this note; (4) any Security for Payment is assigned for the benefit of creditors; (5) a bankruptcy or insolvency proceeding is commenced by Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; (6) (a) a bankruptcy or insolvency proceeding is commenced against Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party and (b) the proceeding continues without dismissal for sixty days, the party against whom the proceeding is commenced admits the material allegations of the petition against it, or an order for relief is entered; (7) any of the following parties is dissolved, begins to wind up its affairs, is authorized to dissolve or wind up its affairs by its governing body or persons, or any event occurs or condition exists that permits the dissolution or winding up of the affairs of any of the following parties: Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; (8) any Security for Payment is impaired by loss, theft, damage, levy and execution, issuance of an official writ or order of seizure, or destruction, unless it is promptly replaced with collateral security of like kind and quality or restored to its former condition and (9) Borrower obtains a loan from any entity or individual other than Lender to pay any subsequent year's ad valorem taxes on the Property and/or authorizing the transfer of the taxing units' tax lien to any other entity or individual other than Lender, for any subsequent year's ad valorem taxes on the Property while this Note and the associated Deed of Trust are in effect.

If any provision of this note conflicts with any provision of a loan agreement, deed of trust, or security agreement of the same transaction between Lender and Borrower, the provisions of the deed of trust will govern to the extent of the conflict.

If Borrower receives any discount, credit, fee waiver or other incentive (collectively "ACH Credit") for enrolling in automatic payment (i.e., ACH) and subsequently withdraws from the ACH program, then the ACH Credit previously given to Borrower will be automatically reversed and added to Borrower's account balance.

BINDING ARBITRATION. BORROWER AND LENDER AGREE THAT ANY CLAIM, DISPUTE, OR CONTROVERSY RELATING TO THIS TRANSACTION – INCLUDING ANY CLAIMS RELATED TO THE INTERPRETATION, ALLEGED BREACH, ENFORCEABILITY, OR VALIDITY OF THIS DOCUMENT OR ANY OTHER LOAN DOCUMENTS – SHALL BE RESOLVED EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION (AAA) UNDER ITS CODE OF PROCEDURE THEN IN EFFECT. THE ARBITRATION SHALL BE CONDUCTED IN BEXAR COUNTY BY A SINGLE ARBITRATOR, WHOSE AWARD SHALL BE FINAL AND BINDING AND ENTERED AS A FINAL JUDGMENT BY ANY COURT OF COMPETENT JURISDICTION. THIS PROVISION APPLIES TO ALL CONTRACT, TORT, AND OTHER CLAIMS, WHETHER PREEXISTING, PRESENT, OR FUTURE, AND INCLUDING ALL STATUTORY, COMMON LAW, INTENTIONAL TORT, OR EQUITABLE CLAIMS – WHETHER UNDER FEDERAL OR STATE LAW. HOWEVER, IN NO WAY DOES THIS PROVISION LIMIT LENDER'S ABILITY TO EXERCISE ITS STATUTORY AND CONTRACTUAL JUDICIAL FORECLOSURE RIGHTS. BORROWER AND LENDER FURTHER AGREE THAT THE ARBITRATION WILL BE LIMITED SOLELY TO THE DISPUTE OR CONTROVERSY BETWEEN THEMSELVES. NEITHER BORROWER NOR LENDER SHALL BE ENTITLED TO JOIN OR CONSOLIDATE CLAIMS BY OR AGAINST OTHER BORROWERS, OR ARBITRATE ANY CLAIM AS A REPRESENTATIVE OR CLASS ACTION OR IN A PRIVATE ATTORNEY GENERAL CAPACITY.

When the context requires, singular nouns and pronouns include the plural. This note will be construed under the laws of the state of Texas, without regard to choice-of-law rules of any jurisdiction.

NOTICE

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

THIS NOTE MODIFIES AND REPLACES THE ORIGINAL PROMISSORY NOTE BETWEEN BORROWER AND PROPEL FINANCIAL SERVICES, IN THE AMOUNT OF $69,532.68 AND DATED JUNE 26, 2009, AND IS EFFECTIVE BEGINNING DECEMBER 31, 2009.

Rossco Plaza, Inc., a Texas corporation,

By: ______________________
Leonard M. Ross, President

**Legal Description**

FIELD NOTES for a 5.323 acre tract of land in Bell County, Texas, being part of the W.H. Cole Survey, Abstract Number 150 and the land herein described being part of Lot 1, Block 1, Killeen Centre, an addition to the City of Killeen, Bell County, Texas, being of record in Cabinet A, Slide 340-C, Plat Records of Bell County, Texas, said tract of land also described as a 5.320 acre tract of land in a deed from RPM Investments, Inc. to Rosaco Holdings Incorporated, being of record in Volume 2675, page 602, Official Public Records of Real Property, Bell County, Texas, and more particularly described as follows:

Beginning at a ½" iron rod found in the south right of way of A.J. Hall Boulevard and in a curve to the right in the west right of way of W.S. Young Drive, being the northeast corner of said Lot 1, Block 1, for the northeast corner of this.

THENCE 514.82 feet, with the east line of said Lot 1, Block 1, with the east line of said 5.320 acre tract of land, with the west right of way of W.S. Young Drive, and with said curve to the right (Long Chord bears S. 14° 15' 43" E., 512.49 feet, having a radius of 1559.10, Deed arc 515.00 feet), to a highway monument found at a cutback in the north right of way of U.S. Highway 190 (Central Texas Expressway), being the most easterly, southeast corner of said Lot 1, Block 1, for the most easterly, southeast corner of this.

THENCE S. 56° 42' 00" W., 89.34 feet, with a south line of said Lot 1, Block 1 (Plat S. 56° 33' 10" W., 89.27 feet), with a south line of said 5.320 acre tract of land (Deed calls S. 56° 43' 17" W., 89.40 feet), and with said cutback in the north right of way of U.S. Highway 190 (Central Texas Expressway), to a highway monument found in the north right of way of U.S. Highway 190 (Central Texas Expressway), being the most southerly, southeast corner of said Lot 1, Block 1, and being the most southerly, southeast corner of said 5.320 acre tract of land, for the most southerly, southeast corner of this.

THENCE with the south line of said Lot 1, Block 1, with the south line of said 5.320 acre tract of land, and with the north right of way of U.S. Highway 190 (Central Texas Expressway), the following two (2) courses:

1) N. 63° 54' 47" W., 433.74 feet (Plat N. 63° 53' 00" W., 434.32 feet, Deed N. 63° 53' 00" W., 434.32 feet), to a 5/8" iron rod found, for a corner of this;
2) N. 78° 51' 05" W., 219.95 feet (Plat bearing N. 78° 57' 15" W., Deed N. 79° 04' 42" W., 219.73 feet), to a ½" iron rod found, being the southwest corner of said 5.320 acre tract of land, for the southwest corner of this.

THENCE N. 10° 58' 57" E., 277.27 feet, with the west line of said 5.320 acre tract of land (Deed N. 11° 02' 42" E., 277.42 feet), to a ½" iron rod found in the south right of way of A.J. Hall Blvd. and in the north line of said Lot 1, Block 1, being the northwest corner of said 5.320 acre tract of land, for the northwest corner of this.

THENCE with the north line of said Lot 1, Block 1, with the north line of said 5.320 acre tract of land, and with the south right of way of A.J. Hall Blvd., the following three (3) courses:

1) S. 79° 01' 04" E., 109.26 feet (Plat calls S. 78° 57' 15" E., Deed S. 78° 57' 15" E., 109.26 feet) to a 3/8" iron rod with cap stamped "M&ASSOC KILLEEN" set at the beginning of a curve to the left, for a corner of this.
2) 109.32 feet, with said curve to the left (Long Chord bears N. 89° 43' 35" E., 108.58 feet, having a radius of 270.00 feet, Plat arc calls 108.66 feet, Deed arc calls 108.66 feet), to a ½" iron rod found, for a corner of this.
3) N. 78° 00' 08" E., 291.48 feet (Plat N. 77° 59' 15" E., 291.56 feet, Deed N. 77° 59' 15" E., 291.56 feet), to the place of beginning containing 5.323 acres of land.

# DEED OF TRUST

**Terms**

**Grantor:** Rossco Plaza, Inc., a Texas corporation, By: Leonard M. Ross, President

**Grantor's Mailing Address:**
1011 N. Beverly Dr.
Beverly Hills, CA 90210 Los Angeles County

**Trustee:** John P. Nelson

**Trustee's Mailing Address:**
PO Box 100350
San Antonio, TX 78201
Bexar County

**Lender:** Propel Financial Services, LLC

**Lender's Mailing Address:**
P.O. Box 100350
San Antonio, TX 78201

**Obligation**
Note

Date: December 22, 2009
Original principal amount: $125,053.46
Borrower: Rossco Plaza, Inc., a Texas corporation, By: Leonard M. Ross, President
Lender: Propel Financial Services, LLC
Maturity date: As provided in the note.
Terms of Payment: As provided in the note.

**Recitals**

Whereas, the Grantor is the titled owner of the Property described as follows:

**Physical Address:** 1721 E Cen Tex Expwy, Killeen, Texas, Bell County, 76541

**Legal Description:** See Exhibit A

**Tax Account Number(s):** 101191

Whereas, Lender was granted authorization by Grantor, in accordance with Texas Tax Code Section 32.06 to pay ad valorem taxes and other amounts related to the ad valorem taxes owed on the subject Property;

Whereas, Lender has agreed to pay the ad valorem taxes and other amounts related to the ad valorem taxes owed on the subject Property and as such is the Transferee and holder of tax lien(s) on the subject Property,

Whereas, Lender has duly recorded or will duly record the transfer of tax lien(s) in the deed records of Bell County, Texas.

NOW THEREFORE, in consideration of the premises, the mutual undertakings of the Parties, and good and valuable consideration the legal sufficiency of which each of the Parties acknowledge to the other, the Parties hereto intending to be legally bound by the terms hereof, agree as follows:

**Conditions and Terms**

1. Grantor agrees that Lender may foreclose on the tax lien(s) in the event of any default under the terms of the Note executed by Grantor or upon any default under the terms of this Deed of Trust
2. In the event of any default under the terms of the Note or this Deed of Trust, Grantor hereby authorizes and consents to give Lender the power of sale and authorizes Lender to foreclose on the tax lien(s) in accordance with Chapter 51 of the Texas Property Code and Section 32.06(c)(2) of the Texas Tax Code, as authorized by Texas Tax Code Sections 32.06 and 32.065. Grantor hereby consents and authorizes Lender to foreclose on the tax lien(s) at any time for any default under the terms of the Note or this Deed of Trust. Grantor hereby authorizes and consents to allow **Lender to foreclose on the tax lien or file suit within one (1) year after this Deed of Trust is recorded for any default under the terms of the Note or this Deed of Trust.** Grantor hereby acknowledges and agrees that Lender is not required to wait one year before foreclosing on the Tax Lien(s).
3. For value received and to secure payment of the Obligation, Grantor hereby Grants, bargains, sells, conveys, and assigns to Trustee the Property, to have and to hold the Property in trust, with Power of Sale, and Grantor does hereby bind itself, its successors and assigns to warrant and forever defend the title to the Property unto Trustee and Lender and their respective successors, substitutes and assigns. Grantor represents that this Deed of Trust and Note are given for the purpose of transferring tax lien(s) in accordance with Texas Tax Code Section 32.06. On payment of the Obligation and all other amounts secured by this Deed of Trust, this Deed of Trust will have no further effect, and Lender will release it at Grantor's expense.

**Clauses and Covenants**

A. **Grantor's Obligations**
Grantor agrees to-
1. keep the Property in good repair and condition;
2. pay all taxes and assessments on the Property before delinquency. Grantor agrees not to obtain a loan from any entity or individual other than Propel Financial Services, LLC to pay any subsequent year's ad valorem taxes on the

Property and/or authorizing the transfer of the taxing units' tax lien to any other entity or individual other than Propel Financial Services, LLC, for any subsequent year's ad valorem taxes on the Property while this Deed of Trust is in effect.

3. defend title to the Property and preserve the lien's priority as it is established in this Deed of Trust;

4. maintain, in a form acceptable to Lender, an insurance policy that-

a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Lender approves a smaller amount in writing;

b. contains an 80 percent coinsurance clause;

c. provides all-risk coverage;

d. protects Lender with a standard mortgage clause;

e. provides flood insurance at any time the Property is in a flood hazard area; and

f. contains such other coverage as Lender may reasonably require;

5. comply at all times with the requirements of the 80 percent coinsurance clause;

6. deliver the insurance policy to Lender within ten days of the date of this Deed of Trust and deliver renewals to Lender at least fifteen days before expiration;

7. obey all laws, ordinances, and restrictive covenants applicable to the Property;

8. keep any buildings occupied as required by the insurance policy;

9. if the lien of this Deed of Trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

10. notify Lender of any change of address or phone number.

**B. Lender's Rights**

1. Lender or Lender's servicer may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2. If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

3. Lender may apply any proceeds received under the insurance policy either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy.

4. Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this Deed of Trust may, at Lender's discretion, be applied first to amounts payable under this Deed of Trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

5. If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this Deed of Trust.

6. If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may-

a. declare the unpaid principal balance and earned interest on the Obligation immediately due;

b. direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code and Texas Tax Code as then in effect; and

c. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

7. Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**C. Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will-

1. give notice of the foreclosure sale as required by the Texas Property Code and Texas Tax Code as then in effect;

2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3. from the proceeds of the sale, pay, in this order-

a. expenses of foreclosure, including a reasonable commission of 5% of the bid to Trustee;

b. to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c. any amounts required by law to be paid before payment to Grantor; and

d. to Grantor, any balance; and

4. be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this Deed of Trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D. General Provisions**

1. If any of the Property is sold under this Deed of Trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any trustee's deed conveying the Property will be presumed to be true.

3. Proceeding under this Deed of Trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

5. If any portion of the Obligation cannot be lawfully secured by this Deed of Trust, payments will be applied first to discharge that portion.

6. Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

7. Grantor assigns to Lender absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Grantor warrants the validity and enforceability of the assignment. Grantor may as Lender's licensee collect rent and other income and receipts as long as Grantor is not in default with respect to the Obligation or this Deed of Trust. Grantor will apply all rent and other income and receipts to payment of the Obligation and performance of this Deed of Trust, but if the rent and other income and receipts exceed the amount due with respect to the Obligation and Deed of Trust, Grantor may retain the excess. If Grantor defaults in payment of the Obligation or performance of this Deed of Trust, Lender may terminate Grantor's license to collect rent and other income and then as Grantor's agent may rent the Property and collect all rent and other income and receipts. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Lender's rights and remedies and then to Grantor's obligations with respect to the Obligation and this Deed of Trust in the order determined by Lender. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies. If Grantor becomes a voluntary or involuntary debtor in bankruptcy, Lender's filing a proof of claim in bankruptcy will be deemed equivalent to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this Deed of Trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9. Pursuant the Texas Tax Code Sections 32.06 and 32.065 (as it may be amended from time to time), the Lender reserves the right to be subrogated to and exercise any right or remedy possessed by the applicable taxing unit from whom the Lender received transfer of the tax lien(s) on the herein described property, including, but not limited to, the right to charge the Grantor any and all interest, penalties, collection fees, costs, an other items related to the collection of the amounts owed hereunder. An amount received by the Lender from the Grantor in connection with the loan evidenced by this Note, whether received at or after closing, may be treated by the Lender in its sole discretion as principal, interest, penalties, collection costs, or other items which are otherwise allowed to be charged or received by either Beneficiary or the taxing unit under applicable law, so long as the result is that the Lender does not receive an amount in excess of the total of all such items as may otherwise be charged or received by the Lender or the taxing unit under the documents evidencing or securing this Note or under applicable law.

10. When the context requires, singular nouns and pronouns include the plural.

11. The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this Deed of Trust.

12. Grantor agrees to furnish on Lender's request evidence satisfactory to Lender that all taxes and assessments on the Property have been paid when due.

13. If the Property is transferred by foreclosure, the transferee will acquire title to all insurance policies on the Property, including all paid but unearned premiums.

14. GRANTOR MAY FURNISH ANY INSURANCE REQUIRED BY THIS DEED OF TRUST EITHER THROUGH EXISTING POLICIES OWNED OR CONTROLLED BY GRANTOR OR THROUGH EQUIVALENT COVERAGE FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

15. If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the debt secured by this Deed of Trust immediately payable and invoke any remedies provided in this Deed of Trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home occupied by Grantor, exceptions to this provision are limited to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; and (g) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the Property.

16. This Deed of Trust binds, benefits, and may be enforced by the successors in interest of all parties.

17. If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

18. Grantor and each surety, endorser, and guarantor of the Obligation waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

19. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this Deed of Trust if this Deed of Trust is placed in the hands of an attorney for enforcement.

20. If any provision of this Deed of Trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

21. The term *Lender* includes any mortgage servicer for Lender.

22. Section 32.065 of the Texas Tax Code required Provisions:

a. This Deed of Trust provides for a power of sale and foreclosure in the manner provided by Section 32.06(c)(2) of the Texas Tax Code;

b. Events of default are defined herein;

c. This Deed of Trust, or other instrument securing a contract entered into under Section 32.06 of the Texas Tax Code, is to be recorded in each County the Property is located;

d. The sworn document and affidavit attesting to the transfer of the tax lien is to be recorded in each County the Property is located upon receipt from the tax collector;

e. Lender will serve foreclosure notices on the Property Owners at the property owner's last known address in the manner provided by Texas Tax Code Section 32.06(c)(2), or by a commercially reasonable delivery service that maintains verifiable records of deliveries for at least five years from the dated of delivery;

f. At the time the foreclosure notices required above are served on the Property Owners, the Lender will serve a copy of the notice of the sale in the same manner on the mortgage servicer or the holder of all recorded real property liens encumbering the property that includes on the first page, in 14 point boldfaced type of 14 point upper case typewritten letter, a statement that reads substantially as follows:

"PURSUANT TO TEXAS TAX CODE SECTION 32.06, THE FORECLOSURE SALE REFERRED TO IN THIS DOCUMENT IS A SUPERIOR TRANSFER TAX LIEN SUBJECT TO RIGHT OF REDEMPTION UNDER CERTAIN CONDITIONS. THE

FORECLOSURE IS SCHEDULED TO OCCUR ON THE (DATE)."

23. Grantor represents that this Deed of Trust and the Note are given for the following purposes:
The Note represents cash that, at Grantor(s) request, Lender advanced to pay ad valorem taxes including, if applicable, penalties, interests, attorneys' fees, collection expenses, and court costs assessed and owed on Grantor(s) Property. Grantor hereby acknowledges and agrees that Lender is subrogated to the rights, liens, and equities of the tax authorities paid, and the same are renewed and extended by this Deed of Trust until all obligations under the Deed of Trust and the Note are satisfied and the Note is paid in full.

24. This Deed of Trust shall secure, in addition to the Note, all funds hereafter advanced by Lender to or for the benefit of Grantor for payment of any subsequent year's taxes, interest, penalties, attorneys' fees, collection expenses and/or recording fees.

**This Deed of Trust replaces the previous security agreement between Grantor and Propel Financial Services (as Lender), dated June 26, 1909, covering the above-described real property.**

Executed on December 22, 2009.

Rosco Plaza, Inc., a Texas corporation,

By: ______________________
Leonard M. Ross, President

STATE OF CALIFORNIA )

COUNTY OF LOS ANGELES )

This instrument was acknowledged before me on December 22, 2009 by Rosco Plaza, Inc., a Texas corporation, By: Leonard M. Ross, President.

JOHN MARK MACLAUCHLAN
MY COMMISSION EXPIRES
July 14, 2013

Notary Public, State of California

AFTER RECORDING RETURN TO:
Propel Financial Services, LLC
P.O. Box 100350
San Antonio, TX 78201

## Legal Description

FIELD NOTES for a 5.323 acre tract of land in Bell County, Texas, being part of the W.H. Cole Survey, Abstract Number 150 and the land herein described being part of Lot 1, Block 1, Killeen Center, an addition to the City of Killeen, Bell County, Texas, being of record in Cabinet A, Slide 340-C, Plat Records of Bell County, Texas, said tract of land also described as a 5.320 acre tract of land in a deed from 8796 Investments, Inc. to Ramco Holdings Incorporated, being of record in Volume 5071, page 882, Official Public Records of Real Property, Bell County, Texas, and more particularly described as follows:

Beginning at a ½" iron rod found in the south right of way of A.J. Hall Boulevard and in a curve to the right in the west right of way of W.S. Young Drive, being the northeast corner of said Lot 1, Block 1, for the northeast corner of this.

THENCE 514.80 feet, with the east line of said Lot 1, Block 1, with the east line of said 5.320 acre tract of land, with the west right of way of W.S. Young Drive, and with said curve to the right (Long Chord bears S. 14° 13' 43" E., 512.49 feet, having a radius of 1550.10, Deed arc 515.00 feet), to a highway monument found at a cutback in the north right of way of U.S. Highway 190 (Central Texas Expressway), being the most easterly, southeast corner of said Lot 1, Block 1, for the most easterly, southeast corner of this.

THENCE S. 56° 43' 50" W., 69.34 feet, with a south line of said Lot 1, Block 1 (Plat S. 56° 33' 10" W., 69.37 feet), with a south line of said 5.320 acre tract of land (Deed calls S. 56° 47' 17" W., 69.46 feet), and with said cutback in the north right of way of U.S. Highway 190 (Central Texas Expressway), to a highway monument found in the north right of way of U.S. Highway 190 (Central Texas Expressway), being the most southerly, southeast corner of said Lot 1, Block 1, and being the most southerly, southeast corner of said 5.320 acre tract of land, for the most southerly, southeast corner of this.

THENCE with the south line of said Lot 1, Block 1, with the south line of said 5.320 acre tract of land, and with the north right of way of U.S. Highway 190 (Central Texas Expressway), the following two (2) courses:

1) N. 83° 54' 47" W., 433.74 feet (Plat N. 83° 53' 00" W., 434.32 feet, Deed N. 83° 53' 00" W., 434.32 feet), to a 5/8" iron rod found, for a corner of this;
2) N. 78° 31' 08" W., 219.30 feet (Plat bearing N. 78° 57' 15" W., Deed N. 79° 04' 42" W., 219.73 feet), to a ½" iron rod found, being the southwest corner of said 5.320 acre tract of land, for the southwest corner of this.

THENCE N. 10° 59' 57" E., 277.27 feet, with the west line of said 5.320 acre tract of land (Deed N. 11° 02' 42" E., 277.42 feet), to a ½" iron rod found in the south right of way of A.J. Hall Blvd. and in the north line of said Lot 1, Block 1, being the northwest corner of said 5.320 acre tract of land, for the northwest corner of this.

THENCE with the north line of said Lot 1, Block 1, with the north line of said 5.320 acre tract of land, and with the south right of way of A.J. Hall Blvd., the following three (3) courses:

1) S. 79° 01' 04" E., 109.26 feet (Plat calls S. 78° 57' 15" E., Deed S. 78° 57' 15" E., 108.25 feet) to a 3/8" iron rod with cap stamped "[illegible] KILLEEN" set at the beginning of a curve to the left, for a corner of this.
2) 190.82 feet, with said curve to the left (Long Chord bears N. 89° 43' 15" E., 188.33 feet, having a radius of 270.00 feet, Plat arc calls 191.44 feet, Deed arc calls 188.86 feet), to a ½" iron rod found, for a corner of this.
3) N. 78° 00' 06" E., 291.48 feet (Plat N. 77° 59' 15" E., 291.36 feet, Deed N. 77° 59' 15" E., 291.36 feet), to the place of beginning containing 5.323 acres of land.

PROPEL FINANCIAL SERVICES

PO BOX 100350
SAN ANTONIO, TEXAS 78201
(866) 206-9310

November 8, 2010

Leonard M. Ross, Rossco Plaza, Inc
1011 1/2 N Beverly Drive
Beverly Hills, CA 90210
**Account: ls0906199**
**Property Address: 1721 E Cen Tex Expwy, Killeen, TX 76541**

## DEMAND FOR PAYOFF

Dear Leonard M. Ross, Rossco Plaza, Inc

You are authorized to use the following amounts to payoff the above-mentioned loan. Note that this amount includes the fees for releasing Propel Financial Services' lien on the property.

| **Payoff Date** | **10/26/2010** |
|---|---|
| Maturity Date | 01/01/2020 |
| Next Payment Due | 05/01/2010 |
| Interest Rate | 12.900% |
| Interest Paid-To Date | 04/29/2010 |
| Principal Balance | $123,647.39 |
| Unpaid Interest | $283.44 |
| Accrued Interest From 04/29/2010 To 10/26/2010 | $7,866.01 |
| Unpaid Late Charges | $0.00 |
| Accrued Late Charges | $557.94 |
| Unpaid Charges | $1,468.00 |
| Prepayment Penalty | $0.00 |
| Other Fees | $74.00 |
| Trust Balance | $0.00 |
| **Payoff Amount** | **$133,896.78** |

Please add **$43.70** for each additional day past **10/26/2010**.

We reserve the right to revise the amount of the payoff if such amount changes for any reason including, but not limited to, if errors were made, if a payment included is returned for any reason, or if additional fees are assessed. **Please note that this demand expires on 11/10/2010**, at which time you are instructed to contact this office for additional instructions. **Per Diem interest is noted to allow precise calculation of the payoff amount, as of the day payment is received by Propel.**

Please calculate the payoff carefully, and call our office at 866-206-9310 if you have any questions. Propel reserves the right to revise the amount of the payoff if such amount changes for any reason including, but not limited to, if errors were made, if a payment included is returned for any reason, or if additional fees are assessed.

Make disbursement check payable to: **Propel Financial Services, LLC.** Our mailing address is PO Box 100350, San Antonio TX 78201, and our physical address for overnight delivery is 8203 IH-10 W, San Antonio, TX 78230. **Please include this payoff statement with your payoff check.**

Sincerely,
Propel Financial Services

Payoff Department Phone: (210) 581-7708
Servicing Department Phone: (210) 581-7740
Fax: (210) 530-3064

Case 2:10-bk-55951-VZ Claim 1-1 Filed 11/08/10 Desc Main Document Page 12 of 14

STATE OF TEXAS
COUNTY OF BELL

Date: March 29, 2010

**CERTIFIED STATEMENT OF TRANSFER OF TAX LIEN**

Account No. or Property ID No.: 101191

Legal Description: Part of Lot 1, Block 1, Killeen Centre (5.32 acres), Killeen, Texas

Street Address, if applicable: 1721 E. Central Texas Expwy, Killeen, Texas

Taxing Unit(s): County of Bell, City of Killeen, Killeen Independent School District, Central Texas College, Clearwater Underground Water Conservation District

Amount Paid for Transfer (including taxes, penalties, interest, and collection costs: $54,801.88

Tax Year(s): 2009

Property Owner(s)' Name(s): Rossco Plaza, Inc

Transferee's Name: Propel Financial Services

Transferee's Street Address: 8131 IH 10 West, Suite 107, San Antonio, Texas 78230

I, Marvin Hahn, chief appraiser/ tax assessor-collector in my capacity as chief appraiser of Tax Appraisal District of Bell County and tax assessor- collector for the taxing units named above, for which Tax Appraisal District of Bell County, collects ad valorem taxes, certify that the above-named transferee or transferee's agent ("Transferee") has made payment of the amount listed above to the above-named taxing units on the property described above as consideration for a transfer of the tax lien(s), and that the tax lien(s) held by taxing units on the property for the tax years listed above are hereby transferred to Transferee in accordance with Texas Tax Code §32.06. I have issued a receipt to Transferee in conjunction with this certification reflecting the payment for the transfer in the amount of taxes, penalties, interest, and collection costs.

Marvin Hahn
Tax Appraisal District of Bell County, Chief Appraiser/
Tax Assessor-Collector

By: [signature]

SUSSCRIBED AND SWORN TO BEFORE ME on the 29th day of March, 2010 by Marvin Hahn, Chief Appraiser/Tax Assessor-Collector.

[signature]
Notary Public, State of Texas

After recording return to:
Propel Financial Services, LLC
8131 IH 10 West, Suite 107
San Antonio, Texas 78230
LS0906199m09

Tammy T Lewis
Notary Public, State of Texas
My Commission Expires:
May 19, 2011

Case 2:10-bk-55951-VZ Claim 1-1 Filed 11/08/10 Desc Main Document Page 13 of 14

STATE OF CALIFORNIA §
COUNTY OF LOS ANGELES §

After recording, return to:
Propel Financial Services, LLC
P.O. Box 100350
San Antonio, TX 78201

SWORN DOCUMENT AUTHORIZING TRANSFER OF TAX LIEN

Before me, the undersigned notary, on this day personally appeared Rossco Plaza, Inc., a Texas corporation, By: Leonard M. Ross, President , known to me to be the person(s) whose name(s) is subscribed below, and being duly sworn, upon oath deposed and stated as follows:

"My name(s) is Rossco Plaza, Inc., a Texas corporation, By: Leonard M. Ross, President . I am over 18 years of age and am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct. I or the entity I represent owns the real property described as follows:

Account No. or Property ID No.: 101191

Legal Description: KILLEEN CENTRE, BLOCK 001, LOT PT 1, ACRES 5.32

Street Address, if applicable: 1721 E Cen Tax Expwy
Killeen, TX 76541 Bell County

Amount Paid: $54,250.47

Tax Year(s): 2009

Transferee's Name: Propel Financial Services, LLC

OCCC Property Tax License Lender No: 13856-54523

Transferee's Street Address: 8131 IH 10 West, Suite 107
San Antonio, Texas 78230

Pursuant to Texas Tax Code §32.06, I hereby authorize the above-named transferee or transferee's agent (the "Transferee"), to pay all taxes, penalties, interest, and collection costs imposed by any and all local taxing units or their agents on the real property, described above, for the tax year(s) listed above. I further authorize and direct the tax assessor-collector(s) for said taxing units to issue a tax receipt with the collector's seal of office or notarized signature to the Transferee and to certify that 1) the taxes and any penalties and interest on the subject property and collection costs have been paid by the transferee on behalf of the owner; and 2) the tax lien on the owner's property has been transferred to the Transferee.

I have been given notice that if this property is my homestead and I am either age 65 or older or disabled, I may be eligible for a tax deferral under Texas Tax Code §33.06.

Property Owners
*OR Authorized Representative:* Rossco Plaza, Inc., a Texas corporation,

By: [signature] 12-22-2009
Leonard M. Ross, President Date Signed

Leonard M. Ross President
Printed name Representative Capacity (if applicable)

SUBSCRIBED AND SWORN BEFORE ME ON DECEMBER 22, 2009

JOHN MARK MACLAUCHLAN
MY COMMISSION EXPIRES
July 14, 2013

[signature]
Notary Public, State of California

RECEIVED
MAR 01 2010
TAX APPRAISAL DISTRICT
BELL COUNTY

l:0906199m09

Case 2:10-bk-55951-VZ Claim 1-1 Filed 11/08/10 Desc Main Document Page 20 of 22

**CERTIFICATE OF CORPORATE RESOLUTION AUTHORIZING TRANSACTION WITH PROPEL FINANCIAL SERVICES, LLC**

We, Leonard M. Ross, President and Director of Rossco Plaza, Inc., Brandon Wolsic, Director of Rossco Plaza, Inc. and Jean Huffman, Director of Rossco Plaza, Inc. ("Company"), organized and existing under the laws of Texas and having its principal place of business at 1011 North Beverly Drive, Beverly Hills, CA 90210, hereby certify that the following is a true copy of a resolution adopted by the Board of Directors of the Company at a meeting convened and held on December 22, 2009, at which a quorum was present and voting throughout and that such resolution is now in full force and effect and is in accordance with the provisions of the charter and bylaws of the Company.

RESOLVED: That the Company approves the transaction with Propel Financial Services, LLC ("Propel") and all of the corresponding agreements and documentation.

RESOLVED: That Leonard M. Ross is hereby authorized to sign on behalf of the Company any contracts or forms for the transaction with Propel;

RESOLVED FURTHER: That the undersigned are hereby authorized and directed to certify to any interested party that this resolution has been duly adopted, is in full force and effect, and is in accordance with the provisions of the charter and bylaws of the Company.

We further certify that this Company is duly organized and existing, and has the power to take the action called for by the foregoing resolution.

[signature] 12-22-2009
Leonard M. Ross, President and Director — Date

[signature] 12-22-09
Brandon Wolsic, Director — Date

[signature] 12/22/09
Jean Huffman, Director — Date

Subscribed and Sworn before me on this 22 day of 12 (month), 09 (year).

JOHN MARK MACLAUCHLAN
MY COMMISSION EXPIRES
July 14, 2013

[signature]
Notary Public, State of Texas

| In re: ROSSCO HOLDINGS, INC. Debtor(s). | CHAPTER: 11 CASE NUMBER: 2:10-bk-55951-VZ |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027

A true and correct copy of the foregoing document described as

**MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION ROSSCO HOLDINGS, INC. FOR ORDER DISALLOWING PROOF OF CLAIM NO. 1 FILED BY PROPEL FINANCIAL SERVICES, LLC; DECLARATION OF LEONARD M. ROSS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 25, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On February 25, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent Zurzolo (Fedex)
U.S. Bankruptcy Court
255 E. Temple St., Suite 1360
Los Angeles, CA 90012

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 25, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 25, 2011 | David Richardson | /s/ David J. Richardson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: ROSSCO HOLDINGS, INC. Debtor(s). | CHAPTER: 11<br>CASE NUMBER: 2:10-bk-55951-VZ |
| --- | --- |

## I. TO BE SERVED BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

Laura Buchanan – llb@thecreditorslawgroup.com
Michael S Greger - mgreger@allenmatkins.com
Stacy W. Harrison – Stacy.Harrison@bingham.com
Jay W Hurst - jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us
John R Lane - johnlane@jrl-law.com
Justin E Rawlins - jrawlins@winston.com, docketla@winston.com
David J Richardson - djr@thecreditorslawgroup.com
David B Shemano - dshemano@pwkllp.com
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
Joshua D Wayser - joshua.wayser@kattenlaw.com, kim.johnson@kattenlaw.com
Robert M Yaspan - court@yaspanlaw.com, tmenachian@yaspanlaw.com

## II. TO BE SERVED BY FIRST CLASS MAIL OR FEDEX (AS INDICATED

Rossco Holdings, Inc. (first class mail)
c/o Leonard M. Ross
1011 ½ Beverly Dr.
Beverly Hills, CA 90210-2328

Dare Law (By Fedex)
United States Trustee's Office (LA)
725 S. Figueora St., 26th Floor
Los Angeles, CA 90017-5524

Propel Financial Services (first class mail)
c/o John Lane & Associates
8526 N. New Braunfels
San Antonio, Texas 78217