1   THE CREDITORS' LAW GROUP, APC
    David J. Richardson (State Bar No. 168592)
2   djr@thecreditorslawgroup.com
    Laura L. Buchanan (State Bar No. 156261)
3   llb@thecreditorslawgroup.com
    2301 Hyperion Avenue, Ste. A
4   Los Angeles, CA 90027
    Telephone:    (323) 686-5400
5   Facsimile:    (323) 686-5403

6   Attorneys for Rossco Holdings, Inc.,
    Debtor and debtor-in-possession

7

8                   UNITED STATES BANKRUPTCY COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES VALLEY DIVISION

11  In re:                              ) Case No. 2:10-bk-55951-VZ
                                        )
12  ROSSCO HOLDINGS, INC.,              )
                                        )
13              Debtor.                 ) Chapter 11
                                        )
14                                      )
                                        ) MOTION OF THE DEBTOR FOR ORDER
15                                      ) DISALLOWING PROOF OF CLAIM NO. 5
                                        ) FILED BY AMERICAN EXPRESS BANK FSB;
16                                      ) PROOF OF CLAIM NO. 7 BY ONEWEST
                                        ) BANK, FSB; PROOF OF CLAIM NO. 10
17                                      ) FILED BY PROSPERITY BANK; PROOF OF
                                        ) CLAIM NO. 14 FILED BY JP MORGAN
18                                      ) CHASE BANK, N.A.; AND SCHEDULED
                                        ) CLAIMS OF BANK OF AMERICA, HSBC
19                                      ) BUSINESS SOLUTIONS, ADVANTA BANK
                                        ) CORPORATION, AND STAPLES TO THE
20                                      ) EXTENT THEY SEEK MORE THAN A
                                        ) SINGLE RECOVERY; DECLARATION OF
21                                      ) LEONARD M. ROSS IN SUPPORT THEREOF
                                        )
22                                      )          Hearing
                                        ) Date:    March 29, 2011
23                                      ) Time:    1:30 p.m.
                                        ) Judge:   Hon. Vincent P. Zurzolo
24                                      )          Courtroom 1368
                                        )          255 East Temple Street
25  _____)          Los Angeles, CA  90012

26

27

28

THE CREDITORS' LAW GROUP, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA  90027
Tel. (323) 686-5400      Fax (323) 686-5403

# I.

## INTRODUCTION

Rossco Holdings, Inc., the debtor and debtor-in-possession (the "Debtor"), hereby files this limited objection (the "Objection") to the following proofs of claim and scheduled claims on the grounds that the creditors have filed duplicate claims in the chapter 11 case of Leonard M. Ross ("Ross") but are only entitled to a single recovery on their claims:

(1)     Proof of Claim No. 5 filed by American Express Bank FSB ("American Express") for $35,248.77;

(2)     Proof of Claim No. 7 filed by OneWest Bank, FSB for $2,929,393.74;

(3)     Proof of Claim No. 10 filed by Prosperity Bank for $830,990.34;

(4)     Proof of Claim No. 14 filed by JP Morgan Chase Bank, N.A. ("JP Morgan") for approximately $11 million (together, the "Claims").

(5)     Scheduled Claim of Advanta Bank Corporation that was scheduled by Rossco as an unsecured claim for $23,952.92;

(6)     Scheduled Claim of Bank of America that was scheduled by Rossco as an unsecured claim for $34,571.18 (also account 3291);

(7)     Scheduled Claim of HSBC Business Solutions that was scheduled by Rossco as an unsecured claim for $1,094.80 as "trade debt"; and

(8)     Scheduled Claim of Staples that was scheduled by Rossco as an unsecured claim for $13,948.51.

(together, the "Claims").

This Objection is brought on the grounds that a creditor is only entitled to a single recovery up to the full amount of its claim, and not multiple recoveries from multiple co-debtors in excess of the amount of its single claim, and is brought as a precautionary measure to preserve the Debtor's rights pending substantive consolidation or confirmation of a plan of reorganization.[1]

The Objection is based on the factual background and points and authorities discussed herein, the Declaration of Leonard M. Ross (the "Ross Decl."), which is attached hereto, subsequent pleadings filed by the Debtor relating to the Objection, the arguments and representations of counsel and any oral or documentary evidence presented at or prior to the time of the hearing, and the record in these cases.

---

[1]     The Debtor reserves its rights to bring additional objections to such Claims on other grounds.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

## II.

## FACTUAL BACKGROUND

### A.    The Debtor's Chapter 11 Case

Rossco filed a chapter 11 petition in the United States Bankruptcy Court for the Western District of Texas on August 2, 2010, which was transferred to this Court on or about October 21, 2010, where it remains pending as Case No. 2:10-bk-55951-VZ (the "Rossco Case").  Rossco continues to manage its case as a debtor-in-possession.

Ross filed a chapter 11 petition in this Court on September 15, 2010, initiating Case No. 2:10-bk-49358-VZ (the "Ross Case").  Ross continues to manage his case as a debtor-in-possession.

### B.    The Duplicate Claims

**American Express** filed Proof of Claim No. 5 against Rossco in the amount of $35,248.77 for credit card account #2003.  Attached to the Claim is a credit card statement listing Rossco and Ross as account holders on account #2003, a closing date of August 3, 2010 and a "New Balance" of $35,682.95.  In the Ross Case, American Express filed Proof of Claim No. 15 against Ross for $35,682.95 for account #2003.  The attachment to Proof of Claim No. 8 is the same credit card statement listing Rossco and Ross as account holders on account #2003, a closing date of August 3, 2010 and a "New Balance" of $35,682.95.  A true and correct copy of Claim No. 5 against Rossco is attached hereto as Exhibit 5, and a true and correct copy of Proof of Claim No. 15 against Ross is attached hereto as Exhibit 5A.

**OneWest Bank, FSB** filed Claim No. 7 against Rossco in the amount of $2,929,393.74 for claims arising from loans to Rossco and its affiliate Lodgeco Properties, Ltd. ("Lodgeco"), and trust deeds against certain real property located in College Station, Texas (the "College Station Property").  In the Ross Case, OneWest Bank, FSB also filed Proof of Claim No. 34 against Ross for the same amount of $2,929,393.74 for claims against Ross arising from his alleged guaranty of loans to Rossco and Lodgeco on the College Station Property.  A true and correct copy of Claim No. 7 against Rossco is attached hereto as Exhibit 7, and a true and correct copy of Proof of Claim No. 8 against Ross is attached hereto as Exhibit 7A.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA  90027
Tel. (323) 686-5400    Fax  (323) 686-5403

**Prosperity Bank** filed Proof of Claim No. 10 against Rossco in the amount of $830,990.34 for unpaid amounts on a promissory note (the "Prosperity Note") from Rossco to Prosperity Bank in the original principal amount of $990,000.  In the Ross Case, Prosperity Bank filed Proof of Claim No. 27 against Ross for the same amount of $830,990.34 for his Guaranty of the Prosperity Note.  A true and correct copy of Claim No. 10 against Rossco is attached hereto as Exhibit 10, and a true and correct copy of Proof of Claim No. 27 against Ross is attached hereto as Exhibit 10A.

**JP Morgan** filed Proof of Claim No. 14 against Rossco for approximately $11 million for its alleged guaranty of debts owed by 1009 BH Properties, LLC and Chimney Hill Properties, Ltd. to JP Morgan.  In the Ross Case, JP Morgan filed Proof of Claim No. 38 against Ross for approximately $11 million for his alleged guaranty of the same debts owed by 1009 BH Properties, LLC ("1009 BH Properties") and Chimney Hill Properties, Ltd. ("Chimney Hill") to JP Morgan.  Primary liability for these debts is with 1009 BH and Chimney Hill, but no claims have been filed in those cases (yet).  A true and correct copy of Claim No. 14 against Rossco is attached hereto as Exhibit 14, and a true and correct copy of Proof of Claim No. 38 against Ross is attached hereto as Exhibit 14A.

**Advanta Bank Corporation (Corp.)** ("Advanta") was scheduled by Rossco as holding an unsecured, nonpriority claim for $23,952.92 against Rossco for "trade debt" for a credit card claim by Advanta Bank Corporation against Rossco.  In the Ross Case, Advanta filed Proof of Claim No. 21 for $23,613.43 for a credit card claim for an account ending in 0016.  A true and correct copy of the page of Rossco's Schedules, which includes Advanta's scheduled claim against Rossco, is attached hereto as Exhibit "Sched. 1," and a true and correct copy of Proof of Claim No. 21 against Ross is attached hereto as Exhibit "Sched. 1A."

**Bank of America** was scheduled by Rossco as holding an unsecured, nonpriority claim for $34,571.18 for a credit card account ending in #3291.  In the Ross Case, Fia Card Services as successor in interest to Bank of America filed Proof of Claim No. 4 against Ross for $35,310.25 and asserts credit card account ending in #3291 as the basis of the claim.  A true and correct copy of the page of Rossco's Schedules, which includes Bank of America's scheduled claim against Rossco, is attached hereto as Exhibit "Sched. 2," and a true and correct copy of Proof of Claim No. 4 against Ross is attached hereto as Exhibit "Sched. 2A."

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400     Fax (323) 686-5403

**HSBC Business Solutions** was scheduled by Rossco as holding an unsecured, nonpriority claim for $1,094.80 as "trade debt". In the Ross Case, HSBC Business Solutions was also scheduled by Ross as holding an unsecured, nonpriority claim in the amount of $1,094 for "trade debt". A true and correct copy of the page of Rossco's Schedules, which includes HSBC's scheduled claim against Rossco, is attached hereto as Exhibit "Sched. 3," and a true and correct copy of the page of Ross' Schedules, which includes HSBC's scheduled claim against Ross, is attached hereto as Exhibit "Sched. 3A."

**Staples** was scheduled by Rossco as holding an unsecured, nonpriority claim for $13,948.51 for trade debt for account number 6035517819161166. In the Ross Case, Ross scheduled Staples has holding for an unsecured, nonpriority claim for $13,948.00 for account number 6035517819161166. It is unclear whether Ross and Rossco were both signatories on this account or if Rossco or Ross is a guarantor of the other. A true and correct copy of the page of Rossco's Schedules, which includes Staples' scheduled claim against Rossco, is attached hereto as Exhibit "Sched. 4," and a true and correct copy of the page of Ross' Schedules, which includes Staples' scheduled claim against Ross, is attached hereto as Exhibit "Sched. 4A."

### III.

### <u>DISCUSSION</u>

A.   <u>**Each of the Claims Should Be Disallowed Pursuant to 11 U.S.C. § 502(b)(1) to the
Extent It Seeks Anything More Than One Single Recovery**</u>

Pursuant to Section 502(b)(1) of the Bankruptcy Code, a claim against a debtor shall be disallowed to the extent that such claim "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

A creditor that holds multiple rights of recovery against multiple debtors is entitled to recover up to the full amount of its debt, and no more.

> In the event that a creditor has claims against a number of debtor corporations growing out of the same transaction, it is entitled to receive only one satisfaction. If the debtor corporations are treated as separate entities and a creditor remains unsatisfied, the creditor is entitled to have any guarantees considered as claims. Once the consolidation has been ordered the subject guarantees, which represent multiple

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

1    claims, are necessarily eliminated. Therefore, an unsecured creditor has only one
claim per transaction to be satisfied from the pooled resources.

2    In re K-Tel International, Inc., 65 B.R. 594, 596 (Bankr. D. Minn. 1986) (following In re Gulfco

3    Investment Corp., 593 F.2d 921 (10th Cir. 1979)).  See also PNC Bank, N.A. v. Park Forest Dev.

4    Corp. (In re Park Forest Dev. Corp.), 197 B.R. 388, 397 (Bankr. N.D. Ga. 1996) ("A creditor is only

5    entitled to a single satisfaction of its claim. 47 Am. Jur. 2d Judgments § 979 (1969); Restatement of

6    Security § 115 (1941)."); In re Rhead, 179 B.R. 169, 174 (Bankr. Az. 1994) (a creditor "is entitled to

7    only one satisfaction of its debt.").

8        Because the Debtor will not have confirmed a plan before the deadline for objecting to

9    claims in the Debtors' cases has passed, and because the Debtor has a pending motion for

10    substantive consolidation before the Court, the Debtor files this Objection as a precautionary

11    measure seeking confirmation by an order of this Court that claims filed against multiple related

12    entities, such as the Claims that are the subject of this Objection, are only entitled to a single

13    recovery up to the amount of the Claim.

14        By using the term "single recovery", the Debtor does not contend that any creditor may not

15    recover from more than one co-debtor – but rather only that the total recoveries received by any

16    creditor may not total more than the amount of its claim.

17        As explained in detail in the Factual Background above, each of the Claims against Rossco

18    has been asserted by (or scheduled for) the same claimant against Ross in the Ross Case.

19    Accordingly, each of the claimants that asserts a Claim is only be entitled to a single recovery on its

20    duplicative claims against Rossco and Ross.

21                                IV.

22                            CONCLUSION

23

24        Wherefore, the Debtor respectfully requests that this Court enter an order that: (1) confirms

25    that each of the claimants that asserts a Claim is entitled to a single recovery on its duplicative

26    Claims against Ross and Rossco up to the full amount of its claim; (ii) disallows each of the Claims

27    ///

28    ///

1    to the extent, if any, that the claimant seeks a recovery from the Debtors in excess of a single

2    recovery on the Claim, and (iii) grants such other relief as may be just and proper.

3    DATED: February 25, 2011             _____/s/ David J. Richardson_____

4                                      DAVID J. RICHARDSON

5                                      LAURA L. BUCHANAN
                                    THE CREDITORS' LAW GROUP, APC
                                    Attorneys for Rossco Holdings, Inc.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA  90027
Tel. (323) 686-5400     Fax  (323) 686-5403

## DECLARATION OF LEONARD M. ROSS

I, Leonard M. Ross, declare as follows:

1.      I ("Ross") am the president and 100% owner of Rossco,[2] which wholly owns 1009 BH Properties, Monte Nido Estates and Colony Lodging and is the general partner of Chimney Hill and WM Properties.  I am a representative of each of the Debtors.  I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtors, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2.      In particular, I am one of the custodians of the books, records and files of the Debtors. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge from them from the business records of the Debtors, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of the Debtors' businesses at or near the time by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.

3.      This declaration is being submitted in support of the Motion Of The Debtor For Order Disallowing Proof Of Claim No. 5 Filed By American Express Bank Fsb; Proof Of Claim No. 7 By Onewest Bank, Fsb; Proof Of Claim No. 10 Filed By Prosperity Bank; Proof Of Claim No. 14 Filed By Jp Morgan Chase Bank, N.A.; And Scheduled Claims Of Bank Of America, Hsbc Business Solutions, Advanta Bank Corporation, And Staples To The Extent They Seek More Than A Single Recovery (the "Objection"), with which this declaration is being filed.

4.      Rossco filed a chapter 11 petition in the United States Bankruptcy Court for the Western District of Texas on August 2, 2010, which was transferred to this Court on or about October 21, 2010, where it remains pending as Case No. 2:10-bk-55951-VZ (the "Rossco Bankruptcy Case").  Rossco continues to manage its case as a debtor-in-possession.

---

[2]   Capitalized terms that are not defined herein are defined in the Motion.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400     Fax (323) 686-5403

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

5.     Ross filed a chapter 11 petition in this Court on September 15, 2010, initiating Case No. 2:10-bk-49358-VZ (the "Ross Bankruptcy Case").  Ross continues to manage his case as a debtor-in-possession.

6.     **American Express** filed Proof of Claim No. 5 against Rossco in the amount of $35,248.77 for credit card account #2003.  Attached to the Claim is a credit card statement listing Rossco and Ross as account holders on account #2003, a closing date of August 3, 2010 and a "New Balance" of $35,682.95.  In the Ross Case, American Express filed Proof of Claim No. 15 against Ross for $35,682.95 for account #2003.  The attachment to Proof of Claim No. 8 is the same credit card statement listing Rossco and Ross as account holders on account #2003, a closing date of August 3, 2010 and a "New Balance" of $35,682.95.  A true and correct copy of Claim No. 5 against Rossco is attached hereto as Exhibit 5, and a true and correct copy of Proof of Claim No. 15 against Ross is attached hereto as Exhibit 5A.

7.     **OneWest Bank, FSB** filed Claim No. 7 against Rossco in the amount of $2,929,393.74 for claims arising from loans to Rossco and its affiliate Lodgeco Properties, Ltd. ("Lodgeco"), and trust deeds against certain real property located in College Station, Texas (the "College Station Property").  In the Ross Case, OneWest Bank, FSB also filed Proof of Claim No. 34 against Ross for the same amount of $2,929,393.74 for claims against Ross arising from his alleged guaranty of loans to Rossco and Lodgeco on the College Station Property.  A true and correct copy of Claim No. 7 against Rossco is attached hereto as Exhibit 7, and a true and correct copy of Proof of Claim No. 8 against Ross is attached hereto as Exhibit 7A.

8.     **Prosperity Bank** filed Proof of Claim No. 10 against Rossco in the amount of $830,990.34 for unpaid amounts on a promissory note (the "Prosperity Note") from Rossco to Prosperity Bank in the original principal amount of $990,000.  In the Ross Case, Prosperity Bank filed Proof of Claim No. 27 against Ross for the same amount of $830,990.34 for his Guaranty of the Prosperity Note.  A true and correct copy of Claim No. 10 against Rossco is attached hereto as Exhibit 10, and a true and correct copy of Proof of Claim No. 27 against Ross is attached hereto as Exhibit 10A.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA  90027
Tel. (323) 686-5400    Fax  (323) 686-5403

9.    **JP Morgan** filed Proof of Claim No. 14 against Rossco for approximately $11 million for its alleged guaranty of debts owed by 1009 BH Properties, LLC and Chimney Hill Properties, Ltd. to JP Morgan.  In the Ross Case, JP Morgan filed Proof of Claim No. 38 against Ross for approximately $11 million for his alleged guaranty of the same debts owed by 1009 BH Properties, LLC ("1009 BH Properties") and Chimney Hill Properties, Ltd. ("Chimney Hill") to JP Morgan.  Primary liability for these debts is with 1009 BH and Chimney Hill, but no claims have been filed in those cases (yet).  A true and correct copy of Claim No. 14 against Rossco is attached hereto as Exhibit 14, and a true and correct copy of Proof of Claim No. 38 against Ross is attached hereto as Exhibit 14A.

10.    **Advanta Bank Corporation** (Corp.) ("Advanta") was scheduled by Rossco as holding an unsecured, nonpriority claim for $23,952.92 against Rossco for "trade debt" for a credit card claim by Advanta Bank Corporation against Rossco.  In the Ross Case, Advanta filed Proof of Claim No. 21 for $23,613.43 for a credit card claim for an account ending in 0016.  A true and correct copy of the page of Rossco's Schedules, which includes Advanta's scheduled claim against Rossco, is attached hereto as Exhibit "Sched. 1," and a true and correct copy of Proof of Claim No. 21 against Ross is attached hereto as Exhibit "Sched. 1A."

11.    **Bank of America** was scheduled by Rossco as holding an unsecured, nonpriority claim for $34,571.18 for a credit card account ending in #3291.  In the Ross Case, Fia Card Services as successor in interest to Bank of America filed Proof of Claim No. 4 against Ross for $35,310.25 and asserts credit card account ending in #3291 as the basis of the claim.  A true and correct copy of the page of Rossco's Schedules, which includes Bank of America's scheduled claim against Rossco, is attached hereto as Exhibit "Sched. 2," and a true and correct copy of Proof of Claim No. 4 against Ross is attached hereto as Exhibit "Sched. 2A."

12.    **HSBC Business Solutions** was scheduled by Rossco as holding an unsecured, nonpriority claim for $1,094.80 as "trade debt".  In the Ross Case, HSBC Business Solutions was also scheduled by Ross as holding an unsecured, nonpriority claim in the amount of $1,094 for "trade debt".  A true and correct copy of the page of Rossco's Schedules, which includes HSBC's scheduled claim against Rossco, is attached hereto as Exhibit "Sched. 3," and a true and correct copy

1  of the page of Ross' Schedules, which includes HSBC's scheduled claim against Ross, is attached

2  hereto as Exhibit "Sched. 3A."

3          13.    **Staples** was scheduled by Rossco as holding an unsecured, nonpriority claim for

4  $13,948.51 for trade debt for account number 6035517819161166.  In the Ross Case, Ross

5  scheduled Staples has holding for an unsecured, nonpriority claim for $13,948.00 for account

6  number 6035517819161166.  It is unclear whether Ross and Rossco were both signatories on this

7  account or if Rossco or Ross is a guarantor of the other.  A true and correct copy of the page of

8  Rossco's Schedules, which includes Staples' scheduled claim against Rossco, is attached hereto as

9  Exhibit "Sched. 4," and a true and correct copy of the page of Ross' Schedules, which includes

10  Staples' scheduled claim against Ross, is attached hereto as Exhibit "Sched. 4A."

11          I declare under penalty of perjury pursuant to the laws of the State of California that the

12  foregoing is true and correct and that this Declaration is executed on February 25, 2011, at Beverly

13  Hills, California.

14

15                                                          Leonard M. Ross

16

17

18

19

20

21

22

23

24

25

26

27

28

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

7

| In re:<br><br>ROSSCO HOLDINGS, INC.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER:  2:10-bk-55951-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

> The Creditors' Law Group, APC
> 2301 Hyperion Avenue, Ste. A
> Los Angeles, CA  90027-4711

A true and correct copy of the foregoing document described as MOTION OF THE DEBTOR FOR ORDER DISALLOWING PROOF OF CLAIM NO. 5 FILED BY AMERICAN EXPRESS BANK FSB; PROOF OF CLAIM NO. 7 BY ONEWEST BANK, FSB; PROOF OF CLAIM NO. 10 FILED BY PROSPERITY BANK; PROOF OF CLAIM NO. 14 FILED BY JP MORGAN CHASE BANK, N.A.; AND SCHEDULED CLAIMS OF BANK OF AMERICA, HSBC BUSINESS SOLUTIONS, ADVANTA BANK CORPORATION, AND STAPLES TO THE EXTENT THEY SEEK MORE THAN A SINGLE RECOVERY; DECLARATION OF LEONARD M. ROSS IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>February 25, 2011</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

<div align="right">☒  Service information continued on attached page</div>

**II.  <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>**(indicate method for each person or entity served)**:**
On <u>    February 25, 2011    </u>, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

> Honorable Vincent Zurzolo (Fedex)
> United States Bankruptcy Court
> 255 E. Temple St., Suite 1360
> Los Angeles, CA  90012

> United States Trustee (LA) (U.S. Mail)
> 725 S. Figueora St., 26th Floor
> Los Angeles, CA  90017-5524

<div align="right">☒    Service information continued on attached page</div>

**III.  <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u> (**indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

<div align="right">☐  Service information continued on attached page</div>

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 25, 2011 | Laura L. Buchanan | /s/ *Laura L. Buchanan* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                            **F 9013-3.1.PROOF.SERVICE**

| In re:<br><br>ROSSCO HOLDINGS, INC.<br><br><div align="right">Debtor(s).</div> | CHAPTER: 11<br><br>CASE NUMBER: 2:10-bk-55951-VZ |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Laura L Buchanan          llb@thecreditorslawgroup.com
- Jay W Hurst               jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us
- Justin E Rawlins          jrawlins@winston.com, docketla@winston.com
- David J Richardson        djr@thecreditorslawgroup.com
- David B Shemano           dshemano@pwkllp.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Joshua D Wayser           joshua.wayser@kattenlaw.com, kim.johnson@kattenlaw.com
- Robert M Yaspan           court@yaspanlaw.com, tmenachian@yaspanlaw.com

**II.  SERVED BY U.S. MAIL**

American Express Bank FSB
Becket and Lee LLP
Attorneys/Agent for Creditor
POB 3001
Malvern, PA 19355-0701

OneWest Bank, FSB
c/o Michael S. Greger, Esq.
Allen Matkins Leck Gamble Mallory & Natsis
LLP
1900 Main Street, Fifth Floor
Irvine, CA 92614-7321

Prosperity Bank
c/o Hohmann, Taube & Summers, L.L.P.
Eric J. Taube
100 Congress Avenue, 18th Floor
Austin, Texas 78701

JP Morgan Chase Bank, N.A.
c/o Bingham McCutchen LLP
Attn: William F. Govier
355 S. Grand Ave., Suite 4400
Los Angeles, CA 90071-3106

Advanta Bank Corporation
c/o Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Advanta Bank Corp
P.O. Box 8088
Philadelphia, PA 19101-8088

Bank of America
P.O. Box 15710
Wilmington, DE 19886

Fia Card Services, NA As Successor In Interest
to Bank of America NA and Mbna America
Bank
1000 Samoset Drive
DE5-023-03-03
Newark, DE 19713

HSBC Business Solutions
P.O. Box 5219
Carol Stream, IL 60197-5219

Staples
P.O. Box 689020
Des Moines, IA 50368

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                        **F 9013-3.1.PROOF.SERVICE**