THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
Laura L. Buchanan (State Bar No. 156261)
llb@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone:   (323) 686-5400
Facsimile:   (323) 686-5403

Attorneys for Rossco Holdings, Inc.,
Debtor and debtor-in-possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ROSSCO HOLDINGS, INC.,<br><br>      Debtor. | Case No. 2:10-bk-55951-VZ<br><br>Chapter 11<br><br>**MOTION OF THE DEBTOR FOR ORDER DISALLOWING SCHEDULED CLAIM OF ONEWEST BANK, FSB TO THE EXTENT IT SEEKS MORE THAN A SINGLE RECOVERY; DECLARATION OF LAURA L. BUCHANAN IN SUPPORT THEREOF**<br><br>**Hearing**<br>Date:   March 29, 2011<br>Time:   1:30 p.m.<br>Judge:  Hon. Vincent P. Zurzolo<br>        Courtroom 1368<br>        255 East Temple Street<br>        Los Angeles, CA 90012 |

# I.

# INTRODUCTION

Rossco Holdings, Inc., the debtor and debtor-in-possession (the "Debtor" or "Rossco"), hereby files this limited objection (the "Objection") to the following scheduled claim on the grounds that the creditor filed duplicate claims in the chapter 11 cases of the Debtor, Leonard M. Ross ("Ross") and WM Properties, Ltd. ("WM Properties") but is only entitled to a single recovery on its claim: Scheduled Claim of OneWest Bank, FSB for $1,938,313.

This Objection is brought on the grounds that a creditor is only entitled to a single recovery up to the full amount of its claim, and not multiple recoveries from multiple co-debtors in excess of the amount of its single claim, and is brought as a precautionary measure to preserve the Debtor's rights pending substantive consolidation or confirmation of a plan of reorganization.[1]

The Objection is based on the factual background and points and authorities discussed herein, the Declaration of Laura L. Buchanan, which is attached hereto, subsequent pleadings filed by the Debtor relating to the Objection, the arguments and representations of counsel and any oral or documentary evidence presented at or prior to the time of the hearing, and the record in these cases.

# II.

# FACTUAL BACKGROUND

### A.   The Debtor's Chapter 11 Case

The Debtor filed a chapter 11 petition in the United States Bankruptcy Court for the Western District of Texas on August 2, 2010, which was transferred to this Court on or about October 21, 2010, where it remains pending as Case No. 2:10-bk-55951-VZ (the "Rossco Case"). Rossco continues to manage its case as a debtor-in-possession.

WM Properties filed a chapter 11 petition in the United States Bankruptcy Court for the Western District of Texas on July 28, 2010, which was transferred to this Court on or about October 21, 2010, where it remains pending as Case No. 2:10-bk-55970-VZ (the "WM Properties Case").

---

[1] The Debtor reserves its rights to bring additional objections to the Claim on other grounds.

2

1  WM Properties continues to manage its case as a debtor-in-possession. Rossco is the General

2  Partner of WM Properties.

3  Leonard M. Ross ("Ross" and together with WM Properties and Rossco, the "Debtors") filed

4  a chapter 11 petition in this Court on September 15, 2010, initiating Case No. 2:10-bk-49358-VZ

5  (the "Ross Case"). Ross continues to manage his case as a debtor-in-possession.

### B.  The Duplicate Claims

7  OneWest Bank, FSB ("OneWest Bank") was scheduled by the Debtor as holding an

8  unsecured, nonpriority claim in the amount of $1,938,313 pursuant to an asserted guarantee of

9  OneWest Bank, FSB's loan to WM Properties and trust deeds against certain real property located in

10  Santa Barbara, California (the "Santa Barbara Property"). In the WM Properties Case, OneWest

11  Bank filed Proof of Claim No. 2 against WM Properties in the amount of $2,053,576.87 for claims

12  against WM Properties arising from this loan related to the Santa Barbara Property. In the Ross

13  Case, One West Bank also filed Claim No. 35 against Ross in the amount of $2,053,576.87 for

14  claims arising from Ross' guarantee of the same loan to WM Properties on the Santa Barbara

15  Property.

16  A true and correct copy of the page of the Debtor's Schedules with the claim scheduled for

17  OneWest Bank in the Rossco Case is attached hereto as Exhibit "Sched. 1;" a true and correct copy

18  of Proof of Claim No. 2 with its attachment (but without its exhibits) against WM Properties is

19  attached hereto as Exhibit "Sched. 1A;" and a true and correct copy of Claim No. 35 with its

20  attachment (but without its exhibits) against Ross is attached hereto as Exhibit "Sched. 1B."

### III.

### DISCUSSION

### A.  The Claim Should Be Disallowed Pursuant to 11 U.S.C. § 502(b)(1) to the Extent It Seeks Anything More Than One Single Recovery

Pursuant to Section 502(b)(1) of the Bankruptcy Code, a claim against a debtor shall be

disallowed to the extent that such claim "is unenforceable against the debtor and property of the

debtor, under any agreement or applicable law for a reason other than because such claim is

contingent or unmatured." 11 U.S.C. § 502(b)(1).

3

A creditor that holds multiple rights of recovery against multiple debtors is entitled to recover up to the full amount of its debt, and no more.

> In the event that a creditor has claims against a number of debtor corporations growing out of the same transaction, it is entitled to receive only one satisfaction. If the debtor corporations are treated as separate entities and a creditor remains unsatisfied, the creditor is entitled to have any guarantees considered as claims. Once the consolidation has been ordered the subject guarantees, which represent multiple claims, are necessarily eliminated. Therefore, an unsecured creditor has only one claim per transaction to be satisfied from the pooled resources.

In re K-Tel International, Inc., 65 B.R. 594, 596 (Bankr. D. Minn. 1986) (following In re Gulfco Investment Corp., 593 F.2d 921 (10th Cir. 1979)).  See also PNC Bank, N.A. v. Park Forest Dev. Corp. (In re Park Forest Dev. Corp.), 197 B.R. 388, 397 (Bankr. N.D. Ga. 1996) ("A creditor is only entitled to a single satisfaction of its claim. 47 Am. Jur. 2d Judgments § 979 (1969); Restatement of Security § 115 (1941)."); In re Rhead, 179 B.R. 169, 174 (Bankr. Az. 1994) (a creditor "is entitled to only one satisfaction of its debt.").

Because the Debtor will not have confirmed a plan before the deadline for objecting to claims in the Debtors' cases has passed, and because the Debtor has a pending motion for substantive consolidation before the Court, the Debtor files this Objection as a precautionary measure seeking confirmation by an order of this Court that claims filed against multiple related entities, such as the Claim that is the subject of this Objection, are only entitled to a single recovery up to the amount of the Claim.

By using the term "single recovery", the Debtor does not contend that any creditor may not recover from more than one co-debtor – but rather only that the total recoveries received by any creditor may not total more than the amount of its claim.

As explained in detail in the Factual Background above, Claim against Rossco has been asserted by the same claimant against Ross and WM Properties in their cases.  Accordingly, the claimant that asserts the Claim is only entitled to a single recovery on its duplicative claims against WM Properties and other Debtors.

4

## IV.

## **CONCLUSION**

Wherefore, the Debtor respectfully requests that this Court enter an order that: (1) confirms that the claimant that asserts the Claim is entitled to a single recovery on its duplicative Claims against Rossco and the other Debtors up to the full amount of its claim; (ii) disallows the Claim to the extent, if any, that the claimant seeks a recovery from the Debtors in excess of a single recovery on the Claim, and (iii) grants such other relief as may be just and proper.

DATED: February 26, 2011                     /s/ Laura L. Buchanan
                                            DAVID J. RICHARDSON
                                            LAURA L. BUCHANAN
                                            THE CREDITORS' LAW GROUP, APC
                                            Attorneys for Rossco Holdings, Inc.

**The Creditors' Law Group, a Professional Corporation**
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

**DECLARATION OF LAURA L. BUCHANAN**

I, Laura L. Buchanan, declare as follows:

1. I am an attorney at law admitted and in good standing to practice in the State of California. I am an attorney that works with The Creditors' Law Group, a Professional Corporation ("TCLG"), which has its principal office in Los Angeles, California.

2. I make this declaration (this "Declaration") in support of the Motion Of The Debtor For Order Disallowing Scheduled Claim Of OneWest Bank, FSB To The Extent It Seeks More Than A Single Recovery (the "Objection"), with which this declaration is being filed.

3. Unless otherwise stated, I have personal knowledge of the facts set forth in this Declaration. Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Objection.

4. From the Schedules filed by the Debtor, OneWest Bank, FSB was scheduled by the Debtor as holding an unsecured, nonpriority claim in the amount of $1,938,313 pursuant to an asserted guarantee of OneWest Bank, FSB's loan to WM Properties and trust deeds against certain real property located in Santa Barbara, California (the "Santa Barbara Property"). In the WM Properties Case, OneWest Bank filed Proof of Claim No. 2 against WM Properties in the amount of $2,053,576.87 for claims against WM Properties arising from this loan related to the Santa Barbara Property. In the Ross Case, One West Bank also filed Claim No. 35 against Ross in the amount of $2,053,576.87 for claims arising from Ross' guarantee of the same loan to WM Properties on the Santa Barbara Property.

5. A true and correct copy of the page of the Debtor's Schedules with the claim scheduled for OneWest Bank in the Rossco Case is attached hereto as Exhibit "Sched. 1;" a true and correct copy of Proof of Claim No. 2 with its attachment (but without its exhibits) against WM

/ / /
/ / /
/ / /
/ / /

4

Properties is attached hereto as Exhibit "Sched. 1A;" and a true and correct copy of Claim No. 35 with its attachment (but without its exhibits) against Ross is attached hereto as Exhibit "Sched. 1B."

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on February 26, 2011, at Los Angeles, California.

_____
Laura L. Buchanan

| In re:<br>ROSSCO HOLDINGS, INC. | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:10-bk-55951-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
> The Creditors' Law Group, APC
> 2301 Hyperion Avenue, Ste. A
> Los Angeles, CA  90027-4711

A true and correct copy of the foregoing document described as MOTION OF THE DEBTOR FOR ORDER DISALLOWING SCHEDULED CLAIM OF ONEWEST BANK, FSB TO THE EXTENT IT SEEKS MORE THAN A SINGLE RECOVERY; DECLARATION OF LAURA L. BUCHANAN IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 26, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On    February 26, 2011    , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> Honorable Vincent Zurzolo (Fedex)
> United States Bankruptcy Court
> 255 E. Temple St., Suite 1360
> Los Angeles, CA  90012

> United States Trustee (LA) (U.S. Mail)
> 725 S. Figueora St., 26th Floor
> Los Angeles, CA  90017-5524

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 26, 2011 | Laura L. Buchanan | /s/ Laura L. Buchanan |
|---|---|---|
| Date | Type Name | Signature |

**ADDITIONAL SERVICE INFORMATION** (if needed)**:**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                                   **F 9013-3.1.PROOF.SERVICE**

| In re:<br>ROSSCO HOLDINGS, INC. | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:10-bk-55951-VZ |

## I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Laura L Buchanan          llb@thecreditorslawgroup.com
- Jay W Hurst              jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us
- Justin E Rawlins         jrawlins@winston.com, docketla@winston.com
- David J Richardson       djr@thecreditorslawgroup.com
- David B Shemano          dshemano@pwkllp.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
- Joshua D Wayser          joshua.wayser@kattenlaw.com, kim.johnson@kattenlaw.com
- Robert M Yaspan          court@yaspanlaw.com, tmenachian@yaspanlaw.com

## II. SERVED BY U.S. MAIL

OneWest Bank, FSB
c/o Michael S. Greger, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
1900 Main Street, Fifth Floor
Irvine, CA 92614-7321

OneWest Bank, FSB
390 West Valley Pkwy
Escondido, CA 92025

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **F 9013-3.1.PROOF.SERVICE**