THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
Laura L. Buchanan (State Bar No. 156261)
llb@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone:    (323) 686-5400
Facsimile:    (323) 686-5403

Attorneys for Rossco Holdings, Inc.,
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ROSSCO HOLDINGS, INC.<br><br>Debtor, | **Case No. 2:10-bk-55951-VZ**<br><br>Chapter 11<br><br>**STIPULATION RESOLVING DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 1 FILED BY PROPEL FINANCIAL SERVICES, LLC**<br><br>Date:    March 29, 2011<br>Time:    1:30 p.m.<br>Courtroom:    Courtroom 1368<br>    Roybal Federal Building<br>    255 E. Temple St.<br>    Los Angeles, California 90012 |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES IN INTEREST:**

WHEREAS, on February 25, 2011, Rossco Holdings, Inc. ("Rossco") filed a motion (the "Propel Claim Objection") in its chapter 11 case, Case No. 2:10-bk-55951-VZ (the "Rossco Case") objecting to Proof of Claim No. 1 ("POC 1") filed by Propel Financial Services, LLC ("Propel") in the Rossco Case on the grounds that POC 1 is, on its face, enforceable only against a non-debtor entity and further seeks to enforce a tax lien claim for which no related property is owned by the Debtor's estate;

WHEREAS, on February 25, 2011, Rossco Holdings, Inc. ("Rossco") filed a motion (the "NCLIC Claim Objection") in the Rossco Case objecting to Proof of Claim No. 6 ("POC 6") filed by National Guardian Life Insurance Company ("NGLIC") in the Rossco Case related to its foreclosure on certain real property ("Foreclosed Property") that was owned by Rossco Plaza, Inc., which Rossco alleges is a subsidiary of Rossco;

WHEREAS, Propel asserts that POC 1 also asserts a tax lien against certain real property that was owned by LJR Properties, Ltd., that has also been foreclosed upon (the "LJR Property") (with the Foreclosed Property, the "Foreclosed Properties");

WHEREAS, on March 3, 2011, Rossco initiated Adversary Proceeding No. 2:11-ap-01704-VZ (the "Rossco Adversary") with the filing of a complaint against NGLIC and co-defendant Illinois Mutual Life Insurance Company ("IMLIC") seeking, among other things, to invalidate the foreclosure sale of the Foreclosed Properties;

WHEREAS, in support of POC 1, Propel asserts a tax lien related to a promissory note ("Note") by Rossco Plaza, Inc., which tax lien documentation is attached to POC 1, and a tax lien related to a promissory note by LJR Properties, Ltd., which tax lien documentation is not attached to POC 1 or referenced therein;

WHEREAS Propel asserts that the resolution of the NGLIC Claim Objection and the Rossco Adversary could moot one or more of the arguments advanced in the Propel Claim Objection if the outcome of the Rossco Adversary is that the court voids the foreclosure and vests title in the Foreclosed Properties with Rossco; and

1

1  WHEREAS, Rossco and Propel wish to avoid the needless expense of litigating the Propel Claim Objection.

2  THEREFORE, Rossco and Propel hereby stipulate as follows:

1. The foregoing recitals are incorporated by this reference as agreed by the parties hereto.

2. Rossco's obligation, if any, for payment on POC 1, whether as filed or as subsequently amended pursuant to any applicable court order, shall be determined by the outcome of the Rossco Adversary action. If the Foreclosed Properties are recovered by Rossco pursuant to the Rossco Adversary in whole or in part, then Propel's claim shall be allowed against Rossco, subject to all rights and defenses reserved below, related to its lien on the recovered Foreclosed Property and/or the Notes to the same extent as Rossco recovers the Foreclosed Property. If the property formerly owned by LJR Properties Ltd. is recovered as a result of the Adversary action, Propel shall be allowed to seek the approval of the Bankruptcy Court to amend its claim accordingly. Rossco shall have and be entitled to assert all rights, defenses and grounds for objection with respect to any such amendment of POC 1 and with respect to the allowance or disallowance of POC 1.

3. In the event Rossco's Adversary action is unsuccessful and to the extent the Foreclosed Properties are not recovered by Rossco, Propel agrees to immediately withdraw POC 1.

IT IS SO STIPULATED.

Dated: March 15, 2011

THE CREDITORS' LAW GROUP,
a Professional Corporation

By: _____
David J. Richardson
Attorneys for Rossco Holdings, Inc.

Dated: March 15, 2011

JOHN LANE & ASSOCIATES

By: _____
John Lane
Matthew Countryman
Attorneys for Propel Financial
Services, LLC

2

| | |
|---|---|
| In re:<br>ROSSCO HOLDINGS, INC.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:10-bk-55951-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027

A true and correct copy of the foregoing document described as

**STIPULATION RESOLVING DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 1 FILED BY PROPEL FINANCIAL SERVICES, LLC**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 15, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On March 15, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent Zurzolo (Fedex)
U.S. Bankruptcy Court
255 E. Temple St., Suite 1360
Los Angeles, CA 90012

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 15, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 15, 2011 | David Richardson | /s/ David J. Richardson |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                   F 9021-1.1

| In re: | CHAPTER: 11 |
|---|---|
| ROSSCO HOLDINGS, INC. | |
| Debtor(s). | CASE NUMBER: 2:10-bk-55951-VZ |

## I. TO BE SERVED BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

Laura Buchanan – llb@thecreditorslawgroup.com
Michael S Greger - mgreger@allenmatkins.com
Stacy W. Harrison – Stacy.Harrison@bingham.com
Jay W Hurst - jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us
John R Lane - johnlane@jrl-law.com
James P. Mention - jmenton@pwkllp.com
Justin E Rawlins - jrawlins@winston.com, docketla@winston.com
David J Richardson - djr@thecreditorslawgroup.com
David B Shemano - dshemano@pwkllp.com
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
Joshua D Wayser - joshua.wayser@kattenlaw.com, kim.johnson@kattenlaw.com
Robert M Yaspan - court@yaspanlaw.com, tmenachian@yaspanlaw.com

## II. TO BE SERVED BY FIRST CLASS MAIL OR FEDEX (AS INDICATED

Rossco Holdings, Inc. (first class mail)
c/o Leonard M. Ross
1011 ½ Beverly Dr.
Beverly Hills, CA 90210-2328

Dare Law (By Fedex)
United States Trustee's Office (LA)
725 S. Figueora St., 26th Floor
Los Angeles, CA 90017-5524

Propel Financial Services (first class mail)
c/o John Lane & Associates
8526 N. New Braunfels
San Antonio, Texas 78217

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9021-1.1