THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
Laura L. Buchanan (State Bar No. 156261)
llb@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone:    (323) 686-5400
Facsimile:    (323) 686-5403

Attorneys for Rossco Holdings, Inc.
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

In re:

ROSSCO HOLDINGS, INC.

        Debtor,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 2:10-bk-55951-VZ**

Chapter 11

**MOTION OF ROSSCO HOLDINGS, INC.
FOR AUTHORIZATION TO SELL REAL
PROPERTIES FREE AND CLEAR OF
LIENS, CLAIMS, ENCUMBRANCES, AND
INTERESTS PURSUANT TO 11 U.S.C. §
363; DECLARATION OF LEONARD M.
ROSS IN SUPPORT THEREOF**

**Hearing**
Date:    May 5, 2011
Time:    11:00 a.m.
Judge:   Hon. Vincent P. Zurzolo
        Courtroom 1368
        255 East Temple Street
        Los Angeles, CA  90012

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400  Facsimile: (323) 686-5403

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. JURISDICTION ............................................................................................................... 2

III. BACKGROUND ............................................................................................................. 2

    A.   General Background ................................................................................................ 2

    B.   The Property at Issue ............................................................................................ 3

    C.   The Earlier Proposed Sale of Rossco Property to PMH Acquisition, LLC ................ 4

    D.   The Terms of the Proposed Sale ........................................................................... 5

    E.   The Allocation of Consideration Among the Sellers ............................................... 8

    F.   The Use of Cash Consideration to be Received by the Sellers ............................... 10

IV. RELIEF REQUESTED AND BASIS FOR RELIEF ............................................................. 11

    A.   The Debtor Has Demonstrated a Solid Business Reason to Support the Sale .......... 11

    B.   The Court is Authorized to Approve the Sale Pursuant to the APA Free and Clear of All
        Liens, Claims, Encumbrances and Interests ......................................................... 13

V. NOTICE ........................................................................................................................ 14

VI. CONCLUSION ............................................................................................................. 15

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

i

# TABLE OF AUTHORITIES

*Cases*                                                                                           *Page*

Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),
722 F.2d 1063 (2d Cir. 1983) ............................................................................................... 11

In re Abbotts Dairies of Penn., Inc., 788 F.2d 143 (3d Cir. 1986) ................................................ 11

In re C2 Media, LLC, 2010 Bankr. LEXIS 2378 (Bankr. S.D.N.Y. April 14, 2010) ................... 11

In re Canonigo, 276 B.R. 257, 261-62 (Bankr. N.D. Cal. 2002) .................................................... 13

In re Grand Slam U.S.A., Inc., 178 B.R. 460 (E.D. Mich. 1995) ................................................... 14

In re Healthco Int'l, Inc., 174 B.R. 174 (Bankr. D. Mass. 1994) ................................................... 14

In re Integrated Resources, Inc., 147 B.R. 650 (S.D.N.Y. 1992) ................................................... 12

In re Wetco Rest. Group, LLC,
2007 Bankr. LEXIS 3965 (Bankr. W.D. La. November 20, 2007) ............................................... 12

Lewis v. Anderson, 615 F.2d 778, 781 (9th Cir. 1979) ................................................................... 12

Walter v. Sonwest Bank (In re Walter), 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1987) ..................... 12

*Statutes*                                                                                        *Page*

11 U.S.C. § 105 ........................................................................................................................ 2, 10

11 U.S.C. § 363 ....................................................................................................................*passim*

11 U.S.C. § 365 ............................................................................................................................... 1

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

## I.

## __INTRODUCTION__

Rossco Holdings, Inc., debtor and debtor-in-possession (the "Debtor" or "Rossco") in the above-captioned chapter 11 case (the "Case"), hereby submits this motion (the "Motion") for an order under sections 105(a), 363, and 365 of the Bankruptcy Code, and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the sale of certain real property defined below, free and clear of all liens, claims, encumbrances and interests pursuant to Section 363 of the Bankruptcy Code; and (ii) approving the Contribution and Sale Contract and letter agreement attached hereto as Exhibits "A" and "B" respectively.

By this Motion, Rossco seeks authority to sell certain real property owned by Rossco located in College Station, Texas, described more fully herein, which is to be sold along with contiguous parcels owned by related non-debtor entities and a small parcel owned by chapter 11 debtor-in-possession Leonard M. Ross ("Ross"). Each of the respective sellers of the related parcels has conditionally entered into a contract of sale with the buyer (subject to approval of this Court) that requires a closing by May 9, 2011.

The proposed sale is a transaction by which the sellers will receive a combined cash consideration of $19.5 million, plus a significant ownership in the limited liability company that will carry out and own a portion of the major development that is planned for the properties, through a 50% ownership in the Sponsor Member. For the specific purposes of this Motion, the proposed sale provides Rossco with over $4 million in cash consideration, a corresponding interest in the Sponsor Member and its $5.5 million capital account, and a participatory role in the development. As a result, the proposed sale not only brings in cash with which Rossco can fund a plan of reorganization and pay the claims of its creditors, but ensures that Rossco has an ongoing business to reorganize consistent with the real estate activities that Rossco has undertaken in its approximate forty year history in real estate.

This Motion only seeks authority for Rossco to sell real property, while a companion motion is being filed in the Ross chapter 11 case as it relates to real property owned by Ross. Details about the transaction as it relates to the non-debtor sellers of adjoining real properties are disclosed in this

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

1

Motion in order to provide interested parties with a complete explanation of the transaction and the method of allocation of sale proceeds, but the non-debtor aspects of the transaction are not subject to the requirements of 11 U.S.C. § 363.

## II.

## JURISDICTION

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this Motion is authorized under Sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 6004 (the "Bankruptcy Rules"). This Motion is timely filed pursuant to Local Bankruptcy Rule 6004-1.

## III.

## BACKGROUND

A.    **General Background**

On August 2, 2010, Rossco filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Western District of Texas, Waco Division. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Rossco continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession. The Debtor's bankruptcy case was transferred to the Central District of California, Los Angeles Division, on October 21, 2010, where it remains pending as Case No. 2:10-bk-55951-VZ (the "Rossco Case"), along with the cases of three of its affiliated debtors-in-possession: WM Properties, Ltd., Colony Lodging, Inc., and Monte Nido Estates. Leonard M. Ross, Rossco's sole equityholder, filed an individual chapter 11 case in this Court on September 15, 2010. See Declaration of Leonard M. Ross (the "Ross Decl.") attached hereto at ¶ 2 and 3.

Rossco is a corporation engaged in the business of real property leasing, operations, management, development and sales. It is the sole equityholder of three entities who are also debtors-in-possession before this Court: Colony Lodging, Inc., Monte Nido Estates, LLC and 1009 BH Properties, LLC. Id. at ¶ 2-3. The Debtor is also the general partner of two limited partnerships

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

2

1   who are also debtors-in-possession before this Court: Chimney Hill Properties, Ltd., and WM

2   Properties, Ltd., and owns a minority interest therein. Id. at ¶ 2-3.

3   **B.    The Property at Issue**

4          The property that is the subject of this Motion is comprised of multiple parcels owned by

5   Rossco, and multiple parcels owned by related entities, that are located in College Station, Texas, in

6   a central location adjacent to lands of Texas A&M University. A complete legal description of the

7   parcels owned by Rossco is attached to the Contribution and Sale Contract that is Exhibit A to the

8   Ross Decl. (collectively, the "Rossco Property"), and a map showing all of the parcels that are the

9   subject of the proposed sale, and which entity owns which parcels, is attached to the Ross Decl. as

10  Exhibit "C" (the "Parcel Map").

11          Two related non-debtor entities, Lodgeco Properties, Ltd. ('Lodgeco") and CHSC, Ltd.

12  ("CHSC"), own adjoining parcels that comprise the majority of the value of the property being sold

13  to the buyer, and on which there is presently a 17-story hotel structure that is presently not operating.

14  Photographs of the hotel building and additional information on these improvements appears in the

15  appraisal prepared by CB Richard Ellis, dated December 10, 2010, that is attached to the Ross Decl.

16  as Exhibit "D". BCSK Management, Inc. ("BCSK"), owns a minor adjoining parcel that is

17  approximately one-tenth of an acre, which is at the key intersection of Texas Avenue and University

18  Drive, believed to be the highest traffic count in College Station. Ross, the sole equityholder of

19  Rossco and a debtor-in-possession in Chapter 11 Case No. 2:10-bk-49358-VZ (the "Ross Case") is

20  the owner of a small adjoining 0.105-acre parcel on which there is a small, one-story cinder-block

21  building (the "Ross Parcel"). Ross Decl. at ¶ 3 and 8, and see the Parcel Map, Exhibit "C" to the

22  Ross Decl.

23          Each of these entities – Rossco, Ross, Lodgeco, CHSC and BCSK (collectively, the

24  "Sellers") – is related, and Rossco believes that each of Ross, Lodgeco, CHSC and BCSK is an

25  "insider" of Rossco, as that term is defined in Section 101 of the Bankruptcy Code. Specifically,

26  Ross is the sole equityholder of Rossco. Rossco, in turn, is the sole equityholder of BCSK, and is

27  general partner of each of Lodgeco and CHSC. Lodgeco is a Texas limited partnership, 93.16% of

28  which is owned by the Leonard M. Ross Revocable Trust u/d/t 12-20-85, and 6.84% of which is

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

3

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

owned by Rossco, its general partner. CHSC is a Texas limited partnership, nearly 94% of which is owned by Ross's adult children through trusts or individually, with Rossco owning a 6.022% interest. Ross Decl. at ¶ 5-6.

Each of these entities has entered into a separate contract of sale with the buyer for the sale of its respective adjoining parcels of property. The contracts of sale executed by Rossco and Ross are each conditional upon the Bankruptcy Court's approval.

The Rossco Property is subject to certain first trust deed liens in favor of Prosperity Bank and OneWest Bank, FSB ("OneWest Bank"). Specifically, certain parcels of the Rossco Property are subject to a lien in favor or Prosperity Bank in the amount of, or about, $830,000. The remaining parcels of the Rossco Property, along with certain real property owned by Lodgeco, are subject to a lien in favor of OneWest Bank in the principal amount of $2,814,000, and Lodgeco and Rossco are co-obligors on the underlying note. Id. at ¶ 4.[1] Rossco anticipates reaching agreement with both Prosperity Bank and OneWest Bank as to the amounts due to each in satisfaction of their liens, such that these amounts will be paid through escrow. If agreement on the amounts due cannot be reached, a sufficient amount of the sale proceeds will be escrowed pending resolution and payment.

Rossco proposes that, with respect to the OneWest lien, Rossco satisfy the first $510,000 of the amount due to OneWest from the sale proceeds that Rossco receives from the sale, and that Lodgeco satisfy the remaining amounts due to OneWest from its portion of the sale proceeds.

**C.** **The Earlier Proposed Sale of Rossco Property to PMH Acquisition, LLC**

Prior to, and following, the Petition Date, Rossco, Lodgeco and CHSC had carried out negotiations for the sale of a portion of the College Station Properties to PMH Acquisition, LLC ("PMH"). Rossco filed a motion for authority to sell certain of the real property owned by Rossco to PMH, as part of a larger sale of real property to PMH, on or about November 9, 2010 (the "Proposed PMH Sale"). The Proposed PMH Sale provided for the sale of properties owned by Rossco, Lodgeco

---

[1]     Rossco respectfully requests that this Court take judicial notice of Proof of Claim No. 7 filed in the Rossco case on December 13, 2010 by OneWest Bank, and the attached Deed of Trust and legal description of real property, as evidence of the lien asserted by OneWest Bank, and that this Court take judicial notice of Proof of Claim No. 10 filed in the Rossco case on December 13, 2010 by Prosperity Bank, and the attached Deed of Trust and legal description of real property, as evidence of the lien asserted by Prosperity Bank.

and CHSC to PMH for a total sale price of $9.75 million, of which Rossco would receive $4.5 million.[2]

However, in January 2011, PMH terminated the proposed sale because of unresolved issues with the City of College Station, Texas, pertaining to the city's assertion of certain proposed rights of way. Id. By the date on which the proposed sale to PMH was withdrawn by a notice filed in this Court, no other potential bidder had submitted any potential overbid. Ross Decl. at ¶ 10.

The process of negotiating a sale agreement with PMH, filing the PMH Sale Motion, setting up an auction date, and ultimately announcing the termination of the sale to PMH, further publicized the Debtor's interest in selling the Rossco Property, and since the PMH sale was terminated, the Sellers have engaged in discussions with several interested parties.

The Debtor has now reached an agreement for the sale of the Rossco Property, as part of a sale of the larger group of adjoining parcels owned by each of the Sellers, respectively (collectively, the "College Station Properties"), subject to the approval of this Court, which the Debtor believes is in the best interests of the estate and its creditors. The parties' contracts provide that the proposed sale must close by May 9, 2011, and therefore the Debtor has filed this Motion seeking authority to carry out the sale procedures described herein so that the Debtor may seek approval of the sale at a subsequent sale hearing scheduled for May 5, 2011, at 11:00 a.m.

The Debtor has filed, herewith, a Motion for Approval of Bidding Procedures and Form of Notice in Connection with Sale of Real Properties Free and Clear of Liens, Claims Encumbrances, and Interests Pursuant to 11 U.S.C. § 363 (the "Procedures Motion"), which has been set for hearing on regular notice (pursuant to Local Rule 6004-1(b)(1)) for April 21, 2011, at 11:00 a.m.

**D.    The Terms of the Proposed Sale**

Attached to the Ross Decl. as Exhibit "A" is a true and correct copy of a Contribution and Sale Contract conditionally entered into between Rossco and Woodridge Capital Finance Fund I,

---

[2]    Rossco requests that this Court take judicial notice of *Rossco Holdings, Inc.'s Motion for Order Approving and Authorizing: (a) the Closing of the Sale of Assets to PMH Acquisition, LLC Free and Clear of all Liens, Claims, Encumbrances and Interests; (B) Bidding Procedures for the Sale of the Assets if the Debtor Receives Higher and Better Offer Prior to Approval of the Sale; and (c) a Breakup Fee* filed on November 9, 2010 in this Case [Docket No. 24], and the contents therein, and of the *Notice of Continuance of Auction and Dismissal of Motion for Order Approving and Authorizing the Closing of the Sale of Assets to PMH Acquisition, LLC* filed on January 13, 2011 in this Case [Docket No. 63], and the contents therein.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

LLC (the "Buyer" or "Woodridge"), subject to the approval of this Court, dated April 13, 2011 (the "APA"). Woodridge is a subsidiary/affiliate of the Woodridge Group, which is a major real estate developer based in Los Angeles, California, and whose properties include the premiere Hyatt Regency Century Plaza Hotel in Los Angeles, California. <u>See</u> Ross Decl. at ¶ 11. Thus, Woodridge is an entity that has the knowledge and expertise to develop the College Station Properties to achieve their highest and best value.

Attached as Exhibit "B" is a true and correct copy of a companion letter agreement dated April 13, 2011 between Rossco, Ross and Woodridge providing additional terms pertaining to the development of the College Station Properties (the "Development Agreement"). The material terms of the proposed transaction (the "Sale") are as follows:

- The propose sale provides two forms of consideration: total cash consideration of $19.5 million for all five sellers, plus a combined 50% interest in the Sponsor Member (deemed capitalized at $5.5 million) that will carry out the development project in a joint venture with an institutional lender.

- Under the terms of the APA, and subject to approval of this Court, Woodridge will pay Rossco both cash and non-cash consideration to acquire the Rossco Property. The cash consideration is $4,160,857.06 (the "Cash Consideration"). The non-cash consideration is (i) an 11.33% interest in the Sponsor Member, which is based upon the value of the Rossco Property, and (ii) a role in the development of the College Statement Properties, including development and management fees. <u>See</u> APA at § 2.a. Four of the selling entities (Rossco, Ross, Lodgeco and CHSC) will each receive a percentage of the Sponsor Member based upon the value of their respective parcels. BCSK, which is a subsidiary of Rossco and owns only a minor, one-tenth acre parcel, has assigned its interest to Rossco. As is described more fully, below, the allocation of consideration for the Sale among the Sellers for their respective parcels is based upon an appraisal carried out for Texas A&M University, and therefore is supported by the appraisal obtained by a third-party that prepared the appraisal in connection with its own expressed interest in acquiring the College Station Properties. For

example, according to the appraisal, the Rossco Property's value equals 21.34% of total value of the College Station Property. As a result, Rossco's Cash Consideration is 21.34% of the total $19.5 million cash consideration. Its share of the Sellers' interest in the Sponsor Member is slightly higher (22.66% of the Seller's one-half interest, or 11.33% of the total Sponsor Member) because it will also receive the BCSK share. Id.

- The Sponsor Member (of which one half will be owned by Rossco, Ross, Lodgeco and CHSC) will be deemed to receive a capital account in the joint venture entity of $5,500,000. See APA at § 2.b.

- Pursuant to the Development Agreement, Rossco and Ross will each play an ongoing role in the development of the College Station Properties, and will each receive 12.5% of any fees paid by the joint venture to the Sponsor Member, in addition to the profits paid on account of the Sponsor Member interests. See Exhibit "B" to Ross Decl.

- Woodridge will deliver a deposit that, in the full amount for the combined sale of the College Station Properties, totals $100,000, and in connection with the sale of the Rossco Property will amount to $22,660.00 (the "Deposit"). See APA at § 3. The Deposit will be refunded to Woodridge if it terminates the APA pursuant to its terms.

- Woodridge will have until May 2, 2011 to enter into the parties' proposed joint venture agreement, upon completion of due diligence. The Sale will be deemed terminated if Woodridge does not sign the joint venture agreement by that date. Id. at § 5.c.

- The sale is subject to the approval of the Bankruptcy Court, and does not provide for any break-up fee in the event that the Court does not approve the Sale. Id. at § 30.

Thus, the proposed Sale provides Rossco with significant value for the Rossco Property, including cash consideration that is far in excess of the liens against the property, and will provide Rossco with an ongoing business to reorganize, through its continued role in the development of the College Station Properties.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

7

**E.    The Allocation of Consideration Among the Sellers**

The total consideration that the Sellers will receive for the Sale of the College Station Properties and the related future development work will be $19.5 million, plus the one-half interest in the Sponsor Member (deemed capitalized at $5.5 million), plus future undetermined development and management fees to Rossco and Ross. The allocation of this consideration is based upon an appraisal prepared for Texas A&M University by CB Richard Ellis in March 2011, in connection with interest that Texas A&M University had shown in the College Station Properties (the "CBRE Appraisal"). A true and correct copy of the CBRE Appraisal is attached to the Declaration of Karen Muysken-Fuller filed herewith as Exhibit "A".

Thus, the allocation of the consideration received for the sale of the College Station Properties is not based upon an arbitrary decision of the Debtor or its affiliates, but rather represents the fair market values for each parcel of property as determined by a major appraisal institution, retained by a third-party.

The CBRE Appraisal values the various parcels of the College Stations Properties at values ranging from $20/square foot, to $30/square foot, to $33/square foot, depending upon factors such as the location of each parcel relative to major streets. As a result, the allocation of sale proceeds, based upon the CBRE Appraisal, takes into account the following valuations:

- The largest parcel of property is owned by CHSC, while the 17-story Plaza hotel building located on that parcel is owned by Lodgeco. The CBRE Appraisal appraised the land and improvements at a net valuation of $9,400,000, of which the land owned by CHSC was appraised at $33 per square foot (167,706 square feet for a land value of $5,534,298), leaving $3,865,702 as the value of the improvements owned by Lodgeco. See Ross Decl. at ¶ 16c.

- The "excess land" of the Plaza building site (one acre, or 43,560 square feet), which is owned by CHSC, was valued by the CBRE Appraisal at $33 per square foot, or $1,437,480. See Ross Decl. at ¶ 16c.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

1      •     The small corner parcel at University Drive and Texas Avenue consisting of 7,405.2

2           square feet, is owned by BCSK. The valuation of this parcel in the CBRE Appraisal

3           is $33 per square foot, or a total of $244,371.60. See Ross Decl. at ¶ 16d.

4      •     Lodgeco also owns parcel S, shown in the center of the Parcel Map prepared by Kerr

5           Surveying (Exhibit "C" to Ross Decl.), consisting of 1.44 acres (62,726.4 square feet)

6           valued in the CBRE Appraisal at $20 per square foot or $1,254,528. See Ross Decl.

7           at ¶ 16b.

8      •     Lodgeco also owns a portion of parcel Q (lots 6-16) shown on the left side of the

9           Parcel Map totaling 2.46 acres or 107,370.2 square feet, valued in the CBRE

10          Appraisal at $20 per square feet or  $2,147,404. See Ross Decl. at ¶ 16b.

11     •     Rossco owns a portion of parcel Q (lots 17-19) shown on the upper left side of the

12          Parcel Map, totaling .458 acres or 19,825 square feet, valued in the CBRE Appraisal

13          at $20 per square feet or $396,500. See Ross Decl. at ¶ 16a.

14     •     Rossco also owns parcel W shown on the bottom left side of the Parcel Map,

15          consisting of .68 acres or 29,620.8 square feet, which was valued in the CBRE

16          Appraisal at $20 per square foot or $592,416. See Ross Decl. at ¶ 16a.

17     •     Rossco also owns parcels M, N, O and R, shown at the top of the Parcel Map,

18          consisting of .912 acres or 39,728 square feet, which was valued in the CBRE

19          Appraisal at $30 per foot or $1,191,840. See Ross Decl. at ¶ 16a.

20     •     Rossco also owns parcels A, B, C, D, E, F, G, H, I, J, K, and L, shown on the upper

21          left side of the Parcel Map, consisting of 1.93 acres or 84,070.8 square feet, which

22          was valued in the CBRE Appraisal at $20 per foot or $1,681,416. See Ross Decl. at ¶

23          16a.

24     •     Ross owns parcel P, shown on the bottom left side of the Parcel Map, consisting of

25          0.105 acres or 4573.8 square feet, which was valued in the CBRE Appraisal at $20

26          per square foot or $91,476. See Ross Decl. at ¶ 16e.

27        Thus, the CBRE Appraisal's valuation for the parcels owned by Rossco comprises 21.34% of

28    its total value for the College Station Properties, and therefore Rossco will receive the same

1  percentage of cash and non-cash consideration paid by Woodridge, plus BCSK's assigned share in

2  the Sponsor Member.

3       Lodgeco's parcels of property are value by the CBRE Appraisal as comprising 39.22% of the

4  value of the College Station Properties, and therefore Lodgeco will receive the same percentage of

5  cash and non-cash consideration paid by Woodridge. Similarly, the parcel owned by Ross comprises

6  0.49% of the value of the College Station Properties, which equates with the percentage of cash

7  consideration and ownership interest that Ross will receive from the Sale, while CHSC will receive

8  37.63 of the cash and non-cash consideration for its parcels that comprise the same percentage of the

9  value of the College Station Properties. See Ross Decl. at ¶ 16a-e.

10      There are two aspects of the Sale that differ from the Sellers' respective share of the value of

11  the College Station Properties, but each of these works in favor of the Debtor. For exaple, only

12  Rossco and Ross will receive development fees from the joint venture of the College Station

13  Properties, which will provide both debtors' estates with additional future income. See Exhibit "B"

14  to Ross Decl. Also, Rossco has proposed that the OneWest Bank lien, which is a joint obligation of

15  Rossco and the non-debtor Lodgeco, be satisfied primarily by the sale proceeds that Lodgeco will

16  receive from the Sale, so that a greater percentage of the Cash Consideration to be paid to Rossco

17  will be available for unsecured creditors in the Rossco Case.

18      Thus, Rossco believes that the allocation of consideration to be paid by Woodridge among

19  the five Sellers is fair and reasonable, based upon the CBRE Appraisal obtained by an independent

20  third party.

21  **F.    The Use of Cash Consideration to be Received by the Sellers**

22      While Rossco contends that the allocation of consideration to be received by the Sellers is

23  appropriate, it remains that each of the Sellers is affiliated with one another, and the sale proceeds to

24  be received by non-debtors will therefore be largely utilized by one or more of the related Debtors to

25  carry out their reorganizations. For example, CHSC has provided financing for past business

26  endeavors of certain of the Debtors, and is presently the DIP lender to all of the related Debtors

27  (except Rossco, pending a rehearing on its request). See Ross Decl. at ¶ 5.

28

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400  Facsimile: (323) 686-5403

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400  Facsimile: (323) 686-5403

1    Therefore, Rossco anticipates that significant unencumbered sale proceeds will be received

2    by the non-debtor Sellers and will be largely available to fund the reorganizations of the Debtors-in-

3    possession, whether by loans, capital contributions or other such transactions.

4    Rossco will have no secured creditors once the Sale is consummated. WM Properties will

5    have two secured creditors remaining, but it anticipates a further property sale in the near future that

6    will satisfy those liens as well. As a result, the only secured claims that will be addressed in a plan

7    of reorganization in these cases (whether a single plan, or multiple related plans) will likely be the

8    secured claim that Bank of America, N.A. asserts in the Ross chapter 11 case, and the secured claims

9    that JPMorgan Chase Bank, N.A. asserts in the 1009 BH Properties, LLC chapter 11 case and

10   Chimney Hill Properties, Ltd. chapter 11 case. As all three of those debtors claim to hold real

11   property with values far in excess of the liens held against the properties, a plan of reorganization for

12   all of these related debtors will become a far less complicated proposition than it has appeared in the

13   past.

14                                **IV.**

15          **RELIEF REQUESTED AND BASIS FOR RELIEF**

16   By this Motion, Rossco seeks: (i) authority to sell the Rossco Property to Woodridge, or any

17   approved overbidder, free and clear of liens, claims, encumbrances and interests, pursuant to Section

18   363(f) of the Bankruptcy Code, Fed. R. Bankr. P. 6004, and Local Bankruptcy Rule 6004-1 (ii) and

19   approval of the APA and Development Agreement.

20   **A.    The Debtor Has Demonstrated a Solid Business Reason to Support the Sale**

21   Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in

22   possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of

23   business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363 of the Bankruptcy Code does

24   not set forth a standard for determining when it is appropriate for a court to authorize the sale or

25   disposition of a debtor's property prior to confirmation of a plan. However, courts have required

26   that the decision to sell property outside the ordinary course of business be based upon the sound

27   business judgment of the debtor. See In re Abbotts Dairies of Penn., Inc., 788 F.2d 143 (3d Cir.

28   1986); see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063,

1070-71 (2d Cir. 1983) (a court must "expressly find from the evidence presented . . . a good

business reason" to approve the sale, and that the court should consider all of the "salient factors

pertaining to the proceeding" and "act to further the diverse interests of the debtor, creditors and

equity holders."); see also Walter v. Sonwest Bank (In re Walter), 83 B.R. 14, 19-20 (B.A.P. 9th Cir.

1987) (adopting the Lionel standard).

Where a debtor proffers a rational justification, there is a strong presumption that the

decision was made in good faith an in the company's best interest. See, e.g., In re Integrated

Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992). Rather than substitute its business judgment

for the debtor's, a court should ascertain whether the debtor has articulated a valid business

justification for the proposed transaction. See, e.g., Lewis v. Anderson, 615 F.2d 778, 781 (9th Cir.

1979).

A sale of a debtor's assets upon approval of the Court, in conjunction with a simultaneous

sale of related assets owned by a non-debtor affiliate, is not a novel or controversial transaction. See

In re Wetco Rest. Group, LLC, 2007 Bankr. LEXIS 3965 (Bankr. W.D. La. November 20, 2007)

(approving sale of debtor's assets in conjunction with simultaneous sale of non-debtor's related

assets). In this case, the value of the Rossco Property is maximized by a simultaneous sale of the

entire College Station Properties so that coordinated development of the properties may take place.

The Sale to Woodridge, with the resulting involvement of Rossco in the development of the

College Station Properties is an opportunity that is in the best interests of Rossco and its creditors.

Without a partner like Woodridge, Rossco lacks the resources to develop the College Station

Properties. Yet a simple sale of the Rossco Property for cash consideration alone would leave

Rossco as a corporate holding company, with no significant hard assets of its own.

The Sale effectively turns Rossco from a real property owner into a real property developer,

on a scale beyond any past projects undertaken by Rossco.

Yet at the same time, Rossco and its affiliated Sellers will each realize cash consideration

that is far in excess of the liens held against their respective properties, providing both Rossco and

Ross with unencumbered cash with which to carry out their proposed reorganizations.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

Thus, the Sale fits more within the goals of chapter 11 than would a simple liquidation of the

Rossco Property for cash, as it ensures that Rossco has a business to reorganize – surely the most

basic of business reasons to support a transaction.

**B.**     **The Court is Authorized to Approve the Sale Pursuant to the APA Free and Clear of**

**All Liens, Claims, Encumbrances and Interests**

Bankruptcy Code section 363(f) provides that the Court may authorize a sale of property of

the estate, "free and clear of any interest in such property of an entity other than the estate," if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

> (2) such entity consents;

> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

> (4) such interest is in bona fide dispute; or

> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

The Sale to Woodbridge is appropriate under these requirements of Section 363(f).  First,

Rossco anticipates that Prosperity Bank and OneWest Bank with either consent to the Sale, or not

object to the Sale, as long as the parties either reach agreement on the amounts to be paid to satisfy

their liens, or escrow sufficient sale proceeds if determination of such amounts needs to be

determined by this Court.

Regardless, Section 363(f)(3) provides that the Rossco Property may be sold free and clear of

liens of the sale price of the property "is greater than the aggregate value of all liens on such

property." 11 U.S.C. § 363(f).  Relying on the plain language of the statute, the majority of courts

have concluded that the phrase "value of all liens" means the face value of the liens and have

therefore required that the sale price exceed the face value of all liens against the property being

sold. See In re Canonigo, 276 B.R. 257, 261-62 (Bankr. N.D. Cal. 2002).  The face value of the

liens asserted against the Rossco Property total less than $4 million (approx. $830,000 in principal

amount due to Prosperity Bank, and $2,814,000 in principal amount due to OneWest Bank), even

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

1    with all charges and interest asserted by the two creditors. The Cash Consideration, alone, to be

2    received by Rossco exceeds the value of all liens against its property.

3        Thus, Section 363(f) is satisfied by the proposed Sale, because the aggregate value of the

4    liens against the Rossco Property is less than the Cash Consideration that Rossco will receive from

5    the Sale, and the Rossco Property may be sold free and clear of all liens.

6        Finally, notwithstanding any objection, the Court should approve the Sale free and clear

7    because the parties asserting liens against the Rossco Property could be compelled in these chapter

8    11 cases to accept a money satisfaction of such interests. See 11 U.S.C. 363(f)(5); see also In re

9    Grand Slam U.S.A., Inc., 178 B.R. 460, 462 (E.D. Mich. 1995) ("Section 363(f)(5) allows trustees of

10    an estate to sell property free and clear when a 'legal or equitable proceeding' exists that will force

11    the lien holder to accept less than full money satisfaction for their interests."); In re Healthco Int'l,

12    Inc., 174 B.R. 174, 176-77 (Bankr. D. Mass. 1994) (same). Several courts have held that the so-

13    called "cramdown" provisions satisfy the requirement of a "legal or equitable proceeding" at which a

14    secured creditor could be compelled to accept a money satisfaction of its interest:

15             Under section 1129(b)(2)(A) of the Bankruptcy Code, however, a chapter 11

16             plan proponent can satisfy a secured claim, over the objection of the claimant, by cash payments having a present value equal to the value of the security

17             interest. Such a "cramdown" proceeding complies with the description of proceedings referred to in subparagraph (f)(5), and many courts have so held.

18    In re Healthco Int'l, Inc., 174 B.R. at 176.

19        Thus, the Rossco Property may be sold free and clear, notwithstanding the objection of any

20    lienholder asserting a lien against the Rossco Property, as any such lien will attach to the process of

21    the Sale.

22                                       **V.**

23                             **<u>NOTICE</u>**

24        No trustee, examiner or creditor's committee has been appointed in the Rossco chapter 11

25    case. Notice of this Motion has been provided to: (a) the United States Trustee; (b) those parties

26    listed on the Debtor's list of creditors holding the twenty largest unsecured claims, (c) those parties

27    registered to receive email notifications of filings in this case; (d) counsel for OneWest Bank and

28    Prosperity Bank; (e) the examiner appointed in the Ross Case; and (f) those parties who have

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

1  requested special notice in this case. In light of the nature of the relief requested herein, the Debtor

2  submits that no other or further notice is required.

### VI.

### **CONCLUSION**

5  WHEREFORE, the Debtor respectfully requests entry of an order substantially in the

6  form attached hereto as Exhibit "D", authorizing and approving the Sale of the Rossco Property

7  pursuant to Bankruptcy Code Section 363, and for such other and further relief as is just and proper.

Dated: April 14, 2011                    THE CREDITORS' LAW GROUP,
                                         a Professional Corporation


                                         By:    /s/ David J. Richardson
                                                David J. Richardson
                                                Attorneys for Rossco Holdings, Inc.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

### DECLARATION OF LEONARD M. ROSS

I, Leonard Ross, being duly sworn, declare as follows:

1.      I am the president and owner of Rossco Holdings, Inc. ("Rossco" or the "Debtor") the debtor and debtor in possession in this bankruptcy proceeding. I am the individual with primary responsibility for the Debtor's operations, and have been since its inception, and therefore have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

**The Related Debtors and Their Respective Properties**

2.      On August 2, 2010, Rossco filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Western District of Texas, Waco Division. Rossco's bankruptcy case was transferred to the Central District of California, Los Angeles Division, on October 21, 2010, along with the cases of three affiliated debtors-in-possession: WM Properties, Ltd. (a limited partnership for which Rossco is the general partner and owner of a minority interest), Colony Lodging, Inc. (a wholly-owned subsidiary of Rossco), and Monte Nido Estates, LLC (a wholly-owned subsidiary of Rossco). I filed my own voluntary petition in this Court on September 15, 2010.

3.      I am the sole equityholder through my revocable trust of Rossco, which is a corporation engaged in the business of real property leasing, operating, management, development and sales. Most of the Debtor's operations are conducted through its wholly-owned subsidiaries, or limited partnerships for which it is the general partner, some of which are also debtors-in-possession in chapter 11 cases pending before this Court. In addition to the affiliated debtors-in-possession listed above, Rossco's wholly-owned subsidiary, 1009 BH Properties, Ltd., and a limited partnership for which it is general partner and owner of a minority interest, Chimney Hill Properties, Ltd., each filed a chapter 11 petition in this Court on December 27, 2011.

4.      I am the individual with primary responsibility for the Debtor's operations, including the business that it carries out for its subsidiaries and limited partnerships. I have personal knowledge of the ownership structure of Rossco and its related entities, and the assets owned by each such entity. Rossco's primary assets are certain real property that it owns in College Station,

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

Texas, and its ownership interests in various subsidiaries and limited partnerships. Attached hereto as Exhibit "C" is a true and correct copy of a map prepared for me by Kerr Surveying that shows a series of contiguous parcels in College Station, Texas, along with the name of the entity that owns each parcel or block of parcels (the "Parcel Map"). As is shown on the Parcel Map, Rossco owns: (i) a portion of parcel Q (lots 17-19) shown on the upper left side of the Parcel Map, totaling .458 acres or 19,825 square feet; (ii) parcel W shown on the bottom left side of the Parcel Map, consisting of .68 acres or 29,620.8 square feet; (iii) parcels M, N, O and R, shown at the top of the Parcel Map, consisting of .912 acres or 39,728 square feet; and (iv) parcels A, B, C, D, E, F, G, H, I, J, K, and L, shown on the upper left side of the Parcel Map, consisting of 1.93 acres or 84,070.8 square feet (collectively, the "Rossco Property"). The Rossco Property is subject to two liens, one on certain parcels held by OneWest Bank, N.A. in connection with a note that is a joint obligation of Rossco and Lodgeco Properties, Ltd., on which there is an outstanding principal balance of $2,814,000, and one on the remaining parcels held by Prosperity Bank in an outstanding principal amount of approximately $830,000.

5.    I am the individual with primary responsibility for the Debtor's operations, including the business that it carries out for its subsidiaries and limited partnerships. I have personal knowledge of the ownership structure of Rossco and its related entities, and the assets owned by each such entity, including the ownership and assets of CHSC, Ltd. ("CHSC"), for which Rossco serves as general partner. CHSC is a Texas limited partnership that has the following ownership structure:

| | |
|---|---|
| General Partner: | Rossco Holdings, Inc.  (6.022%) |
| Limited Partners: | Landon Michael Ross  (28.140%) |
| | Jacquelyn Michelle Ross  (28.140%) |
| | The Landon Michael Ross 1992 Trust  (18.849%) |
| | The Jacquelyn Michelle Ross 1992 Trust  (18.849%) |

Landon Michael Ross and Jacquelyn Michelle Ross are my adult children. CHSC owns real property in College Station, Texas, identified as parcels T & U shown on the bottom of the Parcel Map (the "CHSC Property"), on which there is a 17-story full-service (but presently non-operating) hotel building that is owned separately by Lodgeco Properties, Ltd. CHSC has previously been approved by this Court to advance post-petition funding to Ross, Colony Lodging, Inc., Monte Nido

Estates, LLC, WM Properties, Ltd., 1009 BH Properties, LLC, and Chimney Hill Properties, Ltd., in their respective chapter 11 cases, and expects to be authorized to provide Rossco with post-petition financing subject to a second request.

6.     I am the individual with primary responsibility for the Debtor's operations, including the business that it carries out for its subsidiaries and limited partnerships. I have personal knowledge of the ownership structure of Rossco and its related entities, and the assets owned by each such entity, including the ownership and assets of BCSK Management, Inc. ("BCSK"), a wholly-owned subsidiary of Rossco. BCSK owns a small parcel of real property in College Station, Texas, comprising just over one-tenth of an acre, shown on the bottom right of the Parcel Map.

7.     I am the individual with primary responsibility for the Debtor's operations, including the business that it carries out for its subsidiaries and limited partnerships. I have personal knowledge of the ownership structure of Rossco and its related entities, and the assets owned by each such entity, including the ownership and assets of Lodgeco Properties, Ltd. ("Lodgeco"). Lodgeco is a Texas limited partnership that has the following ownership structure:

General Partner:     Rossco Holdings, Inc.  (6.84%)
Limited Partner:     Leonard M. Ross Revocable Trust u/d/t 12-20-85 (93.16%)

Lodgeco owns certain real property and improvements in College Station, Texas, identified as: (i) the 17-story hotel structure located on parcels T & U shown on the bottom of the Parcel Map; (ii) Parcel S, shown in the center of the Parcel Map, consisting of 1.44 acres (62,726.4 square feet); and (iii) a portion of parcel Q (lots 6-16), shown on the left side of the Parcel Map, totaling 2.46 acres or 107,370.2 square feet (collectively, the "Lodgeco Property").

8.     I personally own parcel P, shown on the bottom left side of the Parcel Map, consisting of 0.105 acres or 4,573.8 square feet, on which there is a small one-story cinder-block building (the "Ross Property").

**The Debtor's Initial Efforts to Sell the Rossco Property**

9.     In the months preceding Rossco's chapter 11 case, and immediately thereafter, I personally engaged in efforts to sell not only the Rossco Property, but each of the adjoining parcels of property owned by a related entity and shown on the Parcel Map (collectively, the "College Station Properties"). These efforts led to an agreement with PMH Acquisition, LLC ("PMH") in

18

November 2010, for the sale of certain real properties owned by Rossco, Lodgeco and CHSC    for
a total sale price of $9.75 million, which Rossco presented to this Court for approval in a motion
filed on or about November 9, 2010. Under the proposed sale, Rossco would receive $4.5 million of
the total cash consideration for its portion of the properties sold to PMH.

10.    In early January 2011, I was informed by PMH that they were terminating their offer
to purchase properties from Rossco, Lodgeco and CHSC, because the City of College Station, Texas,
was asserting certain requirements. As a result, Rossco cancelled the impending auction of the
properties. At the time of the cancellation, no other potential bidder had come forward to seek
qualification as a qualified bidder at the auction.

**The Woodridge Properties Sale and Development Agreement**

11.    When the potential sale of properties to PMH was terminated, I turned my attention to
other potential buyers who had expressed interest in the College Station Properties. One of those
potential buyers was the Woodridge Group ("Woodridge"), a major real estate developer based in
Los Angeles, California, and whose properties include the premiere Hyatt Regency Century Plaza
Hotel in Los Angeles, California.

12.    Since the sale to PMH was terminated, I have carried out negotiations with
Woodridge for the sale and development of the College Station Properties. The propose sale
provides two forms of consideration: total cash consideration of $19.5 million for all five sellers,
plus a combined 50% interest in the Sponsor Member, deemed capitalized at $5.5 million capital,
that will enter into a joint venture to carry out the development project. On April 13, 2011,
Woodridge and Rossco signed a Contribution and Sale Contract by which Rossco will sell the
Rossco Property, subject to the approval of this Court, to a subsidiary of Woodridge for cash
consideration of $4,160,857.06 (the "Cash Consideration"), plus 11.33% of the Sponsor Member.
At the same time, and subject to the approval of this Court: (i) I personally entered into a
substantially similar Contribution and Sale Contract by which I will sell the Ross Property to a
subsidiary of Woodbridge for $96,270.22 in cash consideration, plus 0.245% of the Seller's Share of
Capital Account; (ii) Lodgeco entered into a similar Contribution and Sale Contract by which it will
sell the Lodgeco Property to a subsidiary of Woodbridge for $7,648,527.70 in cash consideration, plus

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

1  19.61% of the Seller's Share of Capital Account; (iii) CHSC entered into a similar Contribution and

2  Sale Contract by which it will sell the CHSC Property to a subsidiary of Woodridge for

3  $7,337,166.01 in cash consideration, plus 18.815% of the Seller's Share of Capital Account; and (iv)

4  BCSK entered into a similar Contribution and Sale Contract by which it will sell the BCSK Property

5  to a subsidiary of Woodridge for $257,179.01 in cash consideration.  BCSK will not receive a

6  percentage interest in the Seller's Share of Capital Account, but rather its allocated share has been

7  granted to Rossco, such that Rossco's percentage interest in the Seller's Share of Capital Account is

8  slightly higher than its percentage of total cash consideration.  A true and correct copy of the

9  Contribution and Sale Contract (the "APA") dated April 13, 2011, between Rossco and Woodbridge

10  Capital Finance Fund I, LLC (the "Buyer") is attached hereto as Exhibit "A".

11      13.    Contemporaneous with execution of the APA, Rossco and I entered into a letter

12  agreement with the Buyer providing for further terms related to the development of the College

13  Station Properties, a true and correct copy of which is attached hereto as Exhibit "B" (the

14  "Development Agreement").  Pursuant to the terms of the Development Agreement, Rossco and I

15  will each receive 12.5% of any fees paid by the joint venture that will develop the College Station

16  Properties to the Sponsor Member.

17      14.    The APA and Development Agreement will permit Rossco and I to carry out an

18  ongoing real property development business, as active participants in the development of the College

19  Station Properties – something that we could not have done without the resources of Woodridge.

20  **The Allocation of the Consideration**

21      15.    As the principal of Rossco, and as an individual who owns a small parcel of property

22  among the College Station Properties, I conducted the negotiations with Woodridge on behalf of all

23  of the entities that own parcels among the College Station Properties (the "Sellers").  In that

24  capacity, I determined how the total consideration to be paid by Woodridge is allocated among each

25  of the Sellers in their respective contracts, and determined that allocation of cash consideration and

26  the percentages of the interest in the Sponsor Member that the Buyer will pay to each of the Sellers

27  by reference to a third-party appraisal that was prepared by CB Richard Ellis in March 2011, in

28  connection with interest that Texas A&M University had shown in the College Station Properties

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400  Facsimile: (323) 686-5403

1  (the "CBRE Appraisal"). A true and correct copy of the CBRE Appraisal is attached to the

2  Declaration of Karen Muysken-Fuller, the appraiser who carried out the appraisal, filed with this

3  Motion.

4      16.    The total consideration that the Sellers will receive for the Sale of the College Station

5  Properties and the related future development work will be $19.5 million, plus the one-half interest

6  in the Sponsor Member (deemed capitalized at $5.5 million), plus future development fees to Rossco

7  and Ross. In order to determine an appropriate allocation of the consideration, I referenced the

8  values for each parcel of real property as determined by the CBRE Appraisal, and matched the

9  allocation of consideration to the values determined by the CBRE Appraisal. The CBRE Appraisal

10  values the various parcels of the College Stations Properties at values ranging from $20/square foot,

11  to $30/square foot, to $33/square foot. As a result, the allocation of sale proceeds, based upon the

12  CBRE Appraisal, takes into account the following valuations:

13      a.    Rossco owns the following parcels among the College Station Properties: (i) a

14          portion of parcel Q (lots 17-19) shown on the upper left side of the Parcel

15          Map, totaling .458 acres or 19,825 square feet, valued in the CBRE Appraisal

16          at $20 per square feet or $396,500; (ii) parcel W shown on the bottom left side

17          of the Parcel Map, consisting of .68 acres or 29,620.8 square feet, which was

18          valued in the CBRE Appraisal at $20 per square foot or $592,416; (iii) parcels

19          M, N, O and R, shown at the top of the Parcel Map, consisting of .912 acres or

20          39,728 square feet, which were valued in the CBRE Appraisal at $30 per foot

21          or $1,191,840; and (iv) parcels A, B, C, D, E, F, G, H, I, J, K, and L, shown

22          on the upper left side of the Parcel Map, consisting of 1.93 acres or 84,070.8

23          square feet, which were valued in the CBRE Appraisal at $20 per foot or

24          $1,681,416. Thus, the total value of the Rossco Property, according to the

25          CBRE Appraisal, is $3,862,172.00, which constitutes 21.34% of the total

26          value accorded to the College Station Properties. For this reason, the APA

27          provides that Rossco will receive 21.34% of the total cash and non-cash

28          consideration paid to the Sellers (plus the assigned BCSK interest in the

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400  Facsimile: (323) 686-5403

Sponsor Member, to total 22.66% of the non-cash consideration).  Because the non-cash consideration is a 50% share in the Sponsor Member, and the remaining 50% will be held by Woodridge, Rossco's non-cash consideration equals an 11.33% interest in the Sponsor Member.

b.   Lodgeco owns the following parcels and/or improvements among the College Station Properties: (i) the 17-story Plaza hotel building located on parcels T & U, which the CBRE Appraisal valued at $3,865,702, separate from the land value (owned by CHSC); (ii) Parcel S, shown in the center of the Parcel, consisting of 1.44 acres (62,726.4 square feet) valued in the CBRE Appraisal at $20 per square foot or $1,254,528; and (iii) a portion of parcel Q (lots 6-16) shown on the left side of the Parcel Map totaling 2.46 acres or 107,370.2 square feet, valued in the CBRE Appraisal at $20 per square feet or $2,147,404.  Thus, the total value of the Lodgeco Property, according to the CBRE Appraisal, is $7,267,634, which constitutes 39.22% of the total value accorded to the College Station Properties, consistent with the allocation of consideration to Lodgeco in the Contribution and Sale Contract between Lodgeco and Woodridge.

c.   CHSC owns the following parcels and/or improvements among the College Station Properties: (i) the portion of parcels T&U, shown at the bottom of the Parcel Map, on which the Plaza building is located, valued in the CBRE Appraisal at $33 per square foot, or $5,534,298; (ii) the "excess" land of the Plaza building site, which is one acre or 43,560 square feet, which the CBRE Appraisal valued at $33 per square foot, or $1,437,480.   Thus, the total value of the CHSC Property, according to the CBRE Appraisal, is $6,971,778, which constitutes 37.63% of the total value accorded to the College Station Properties, consistent with the allocation of consideration to CHSC in the Contribution and Sale Contract between CHSC and Woodridge.

d.   BCSK owns a small corner parcel at University Drive and Texas Avenue

1    consisting of 7,405.2 square feet, which was valued in the CBRE Appraisal at

2    $33 per square foot, or a total of $244,371.60. This amount constitutes 1.32%

3    of the total value accorded to the College Station Properties, consistent with

4    the allocation to BCSK of cash consideration in the Contribution and Sale

5    Agreement between BCSK and Woodridge. BCSK's right to receive the same

6    percentage of the Sellers' Share of Capital Account has been assigned to

7    Rossco, its sole equityholder.

8    e.    I personally own parcel P, shown on the bottom left side of the Parcel Map,

9    consisting of 0.105 acres or 4573.8 square feet, which was valued in the

10    CBRE Appraisal at $20 per square foot or $91,476, which constitutes 0.49%

11    of the total value accorded to the College Station Properties. Therefore, the

12    Contribution and Sale Agreement between me, individually, and Woodridge

13    provides that I will receive 0.49% of the total cash and non-cash consideration

14    paid to Sellers (not including future development fees, paid only to Rossco

15    and Ross).

16    I declare under penalty of perjury under the laws of the United States of America that the

17    foregoing is true and correct to the best of my knowledge, information and belief.

18    Executed on April 14, 2011 at Beverly Hills, California.

19

20    Leonard Ross

21

22

23

24

25

26

27

28

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

23