THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
Laura L. Buchanan (State Bar No. 156261)
llb@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone:    (323) 686-5400
Facsimile:    (323) 686-5403

Attorneys for Rossco Holdings, Inc.
Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ROSSCO HOLDINGS, INC.<br><br>    Debtor, | **Case No. 2:10-bk-55951-VZ**<br><br>Chapter 11<br><br>**AMENDED MOTION FOR APPROVAL OF BIDDING PROCEDURES AND FORM OF NOTICE IN CONNECTION WITH SALE OF REAL PROPERTIES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LEONARD M. ROSS IN SUPPORT THEREOF**<br><br>**Hearing**<br>Date:   May 3, 2011<br>Time:   11:00 a.m.<br>Judge:  Hon. Vincent P. Zurzolo<br>       Courtroom 1368<br>       255 East Temple Street<br>       Los Angeles, CA 90012 |

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

# **TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................................................1

II. JURISDICTION ....................................................................................................................1

III. BACKGROUND ..................................................................................................................2

    A.   General Background ................................................................................................2

    B.   The Property at Issue ..............................................................................................2

    C.   The Earlier Proposed Sale of Rossco Property to PMH Acquisition, LLC.................4

    D.   The Terms of the Proposed Sale.............................................................................5

    E.   The Sale Procedures ...............................................................................................7

IV. RELIEF REQUESTED AND BASIS FOR RELIEF .........................................................11

    A.   This Motion and the Sale Motion Have Been Filed on Regular Notice, After Extensive Negotiations With Interested Parties.........................................................13

    B.   The Procedures Establish a Fair Process to Receive and Compare Competing Bids.........................13

V. NOTICE ...............................................................................................................................14

VI. CONCLUSION ...................................................................................................................15

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400  Facsimile: (323) 686-5403

1

# TABLE OF AUTHORITIES

2

3  *Cases*                                                                              *Page*

4

5  Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),
   722 F.2d 1063 (2d Cir. 1983) ................................................................................ 11

6  In re Abbotts Dairies of Penn., Inc., 788 F.2d 143 (3d Cir. 1986) ................................ 11

7  In re C2 Media, LLC, 2010 Bankr. LEXIS 2378 (Bankr. S.D.N.Y. April 14, 2010) .................. 12

8  In re Integrated Resources, Inc., 147 B.R. 650 (S.D.N.Y. 1992) .................................... 11

9  In re Wetco Rest. Group, LLC,
   2007 Bankr. LEXIS 3965 (Bankr. W.D. La. November 20, 2007)................................ 11

10

11 Lewis v. Anderson, 615 F.2d 778, 781 (9th Cir. 1979).............................................. 11

   Walter v. Sonwest Bank (In re Walter), 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1987)...................... 11

12

13

14

   *Statutes*                                                                          *Page*

15

16 11 U.S.C. § 105 ......................................................................................... 2, 10

17 11 U.S.C. § 363 ........................................................................................*passim*

   11 U.S.C. § 365 ............................................................................................. 1

18

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

# I.

## INTRODUCTION

Rossco Holdings, Inc., debtor and debtor-in-possession (the "Debtor" or "Rossco") in the above-captioned chapter 11 case (the "Case"), hereby submits this amended motion (the "Motion") for an order under sections 105(a), 363, and 365 of the Bankruptcy Code, and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving bidding procedures for a sale of real property.

This Motion seeks entry of an order approving proposed bidding procedures to govern the sale of certain real property owned by Rossco located in College Station, Texas, described more fully herein, which is to be sold along with contiguous parcels owned by related non-debtor entities and a small parcel owned by chapter 11 debtor-in-possession Leonard M. Ross ("Ross"). Each of the respective sellers of the related parcels has conditionally entered into a contract of sale with the buyer (subject to approval of this Court) that initially requires a closing by May 9, 2011, subject to a right of extension.

The proposed sale is a transaction by which the sellers will receive a combined cash consideration of $19.5 million, plus a significant ownership in the limited liability company that will carry out and own a portion of the major development that is planned for the properties, through a 50% ownership in the Sponsor Member. For the specific purposes of this Motion, the proposed sale provides Rossco with over $4 million in cash consideration, a corresponding interest in the Sponsor Member and its $5.5 million capital account, and a participatory role in the development. As a result, the proposed sale not only brings in cash with which Rossco can fund a plan of reorganization and pay the claims of its creditors, but ensures that Rossco has an ongoing business to reorganize consistent with the real estate activities that Rossco has undertaken in its approximate forty year history in real estate.

# II.

## JURISDICTION

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this Motion is authorized under Sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 6004 (the "Bankruptcy Rules"). This Motion is timely filed pursuant to Local Bankruptcy Rule 6004-1.

**III.**

**BACKGROUND**

**A.    General Background**

On August 2, 2010, Rossco filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Western District of Texas, Waco Division. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Rossco continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession. The Debtor's bankruptcy case was transferred to the Central District of California, Los Angeles Division, on October 21, 2010, where it remains pending as Case No. 2:10-bk-55951-VZ (the "Rossco Case"), along with the cases of three of its affiliated debtors-in-possession: WM Properties, Ltd., Colony Lodging, Inc., and Monte Nido Estates. Leonard M. Ross, Rossco's sole equityholder, filed an individual chapter 11 case in this Court on September 15, 2010. See Declaration of Leonard M. Ross (the "Ross Decl.") attached hereto at ¶ 2 and 3.

Rossco is a corporation engaged in the business of real property leasing, operations, management, development and sales. It is the sole equityholder of three entities who are also debtors-in-possession before this Court: Colony Lodging, Inc., Monte Nido Estates, LLC and 1009 BH Properties, LLC. Id. at ¶ 2-3. The Debtor is also the general partner of two limited partnerships who are also debtors-in-possession before this Court: Chimney Hill Properties, Ltd., and WM Properties, Ltd., and owns a minority interest therein. Id. at ¶ 2-3.

**B.    The Property at Issue**

The property that is the subject of this Motion is comprised of multiple parcels owned by Rossco, and multiple parcels owned by related entities, that are located in College Station, Texas, in a central location adjacent to lands of Texas A&M University. A complete legal description of the parcels owned by Rossco is attached to the Contribution and Sale Contract that is Exhibit A to the Ross Decl. (collectively, the "Rossco Property"), and a map showing all of the parcels that are the

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

2

subject of the proposed sale, and which entity owns which parcels, is attached to the Ross Decl. as

Exhibit "C" (the "Parcel Map").

Two related non-debtor entities, Lodgeco Properties, Ltd. ('Lodgeco") and CHSC, Ltd.

("CHSC"), own adjoining parcels that comprise the majority of the value of the property being sold

to the buyer, and on which there is presently a 17-story hotel structure that is presently not operating.

BCSK Management, Inc. ("BCSK"), owns a minor adjoining parcel that is approximately one-tenth

of an acre, which is at the key intersection of Texas Avenue and University Drive, believed to be the

highest traffic count in College Station. Ross, the sole equityholder of Rossco and a debtor-in-

possession in Chapter 11 Case No. 2:10-bk-49358-VZ (the "Ross Case") is the owner of a small

adjoining 0.105-acre parcel on which there is a small, one-story cinder-block building (the "Ross

Parcel"). Ross Decl. at ¶ 3 and 8, and see the Parcel Map, Exhibit "C" to the Ross Decl.

Each of these entities – Rossco, Ross, Lodgeco, CHSC and BCSK (collectively, the

"Sellers") – is related, and Rossco believes that each of Ross, Lodgeco, CHSC and BCSK is an

"insider" of Rossco, as that term is defined in Section 101 of the Bankruptcy Code. Specifically,

Ross is the sole equityholder of Rossco. Rossco, in turn, is the sole equityholder of BCSK, and is

general partner of each of Lodgeco and CHSC. Lodgeco is a Texas limited partnership, 93.16% of

which is owned by the Leonard M. Ross Revocable Trust u/d/t 12-20-85, and 6.84% of which is

owned by Rossco, its general partner. CHSC is a Texas limited partnership, nearly 94% of which is

owned Ross's adult children through trusts and individually, with Rossco owning a 6.022% interest.

Ross Decl. at ¶ 5-6.

Each of these entities has entered into a separate contract of sale with the buyer for the sale of

its respective adjoining parcels of property. The contracts of sale executed by Rossco and Ross are

each conditional upon the Bankruptcy Court's approval.

The Rossco Property is subject to certain first trust deed liens in favor of Prosperity Bank and

OneWest Bank, FSB ("OneWest Bank"). Specifically, certain parcels of the Rossco Property are

subject to a lien in favor or Prosperity Bank in the amount of, or about, $830,000. The remaining

parcels of the Rossco Property, along with certain real property owned by Lodgeco, are subject to a

lien in favor of OneWest Bank in the principal amount of $2,814,000, and Lodgeco and Rossco are

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

1  co-obligors on the underlying note. Id. at ¶ 4.[1] Rossco anticipates reaching agreement with both

2  Prosperity Bank and OneWest Bank as to the amounts due to each in satisfaction of their liens, such

3  that these amounts will be paid through escrow. OneWest has just recently provided Rossco with a

4  payoff demand that appears to represent the reasonable amount due to satisfy the obligation. If

5  agreement on the amounts due cannot be reached, a sufficient amount of the sale proceeds will be

6  escrowed pending resolution and payment.

7      Rossco proposes that, with respect to the OneWest lien, Rossco satisfy the first $510,000 of

8  the principal amount due to OneWest from the sale proceeds that Rossco receives from the sale, and

9  that Lodgeco satisfy the remaining principal amounts due to OneWest from its portion of the sale

10  proceeds.

11  **C.    The Earlier Proposed Sale of Rossco Property to PMH Acquisition, LLC**

12      Prior to, and following, the Petition Date, Rossco, Lodgeco and CHSC – through Ross – had

13  carried out negotiations for the sale of a portion of the College Station Properties to PMH

14  Acquisition, LLC ("PMH"). Rossco filed a motion for authority to sell certain of the real property

15  owned by Rossco to PMH, as part of a larger sale of real property to PMH, on or about November 9,

16  2010 (the "Proposed PMH Sale"). The Proposed PMH Sale provided for the sale of properties

17  owned by Rossco, Lodgeo and CHSC to PMH for a total sale price of $9.75 million, of which

18  Rossco would receive $4.5 million.[2]

19      However, in January 2011, PMH terminated the proposed sale because of unresolved issues

20  with the City of College Station, Texas, pertaining to the city's assertion of certain proposed rights

21

22  [1]    Rossco respectfully requests that this Court take judicial notice of Proof of Claim No. 7 filed
in the Rossco case on December 13, 2010 by OneWest Bank, and the attached Deed of Trust and
23  legal description of real property, as evidence of the lien asserted by OneWest Bank, and that this
Court take judicial notice of Proof of Claim No. 10 filed in the Rossco case on December 13, 2010
24  by Prosperity Bank, and the attached Deed of Trust and legal description of real property, as
evidence of the lien asserted by Prosperity Bank.
25  [2]    Rossco requests that this Court take judicial notice of *Rossco Holdings, Inc.'s Motion for
Order Approving and Authorizing: (a) the Closing of the Sale of Assets to PMH Acquisition, LLC*
26  *Free and Clear of all Liens, Claims, Encumbrances and Interests; (B) Bidding Procedures for the*
*Sale of the Assets if the Debtor Receives Higher and Better Offer Prior to Approval of the Sale; and*
27  *(c) a Breakup Fee* filed on November 9, 2010 in this Case [Docket No. 24], and the contents therein,
and of the *Notice of Continuance of Auction and Dismissal of Motion for Order Approving and*
28  *Authorizing the Closing of the Sale of Assets to PMH Acquisition, LLC* filed on January 13, 2011 in
this Case [Docket No. 63], and the contents therein.

4

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

of way. Id. By the date on which the proposed sale to PMH was withdrawn by a notice filed in this Court, no other potential bidder had submitted any potential overbid. Ross Decl. at ¶ 10.

The process of negotiating a sale agreement with PMH, filing the PMH Sale Motion, setting up an auction date, and ultimately announcing the termination of the sale to PMH, further publicized the Debtor's interest in selling the Rossco Property, and since the PMH sale was terminated, the Sellers have engaged in discussions with several interested parties.

The Debtor has now reached an agreement for the sale of the Rossco Property, as part of a sale of the larger group of adjoining parcels owned by each of the Sellers, respectively (collectively, the "College Station Properties"), subject to the approval of this Court, which the Debtor believes is in the best interests of the estate and its creditors. The parties' contracts initially provide that the proposed sale must close by May 9, 2011, although the Debtor has a right to extend this date, and will do so in order to ensure a reasonable time period for potential overbids to be received. Therefore, the Debtor has filed this Motion seeking authority to carry out the sale procedures described herein so that the Debtor may seek approval of the sale at a subsequent sale hearing scheduled for May 24, 2011, at 11:00 a.m.

The Debtor filed on April 14, 2011, a Motion for Authority to Sell Real Property Pursuant to 11 U.S.C. § 363 (the "Sale Motion"), setting the hearing on regular notice for May 5, 2011 at 11:00 a.m. (the "Sale Hearing"), but will file an amended notice re-setting the Sale Hearing for May 24, 2011, at 11:00 a.m.

**D.    The Terms of the Proposed Sale**

Attached to the Ross Decl. as Exhibit "A" is a true and correct copy of a Contribution and Sale Contract conditionally entered into between Rossco and Woodridge Capital Finance Fund I, LLC (the "Buyer" or "Woodridge"), subject to the approval of this Court, dated April 13, 2011 (the "APA"). Woodridge is a subsidiary/affiliate of the Woodridge Group, which is a major real estate developer based in Los Angeles, California, and whose properties include the premiere Hyatt Regency Century Plaza Hotel in Los Angeles, California. See Ross Decl. at ¶ 11. Thus, Woodridge is an entity that has the knowledge and expertise to develop the College Station Properties to achieve their highest and best value.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400  Facsimile: (323) 686-5403

Attached as Exhibit "B" is a true and correct copy of a companion letter agreement dated April 13, 2011 between Rossco, Ross and Woodridge providing additional terms pertaining to the development of the College Station Properties (the "Development Agreement"). The material terms of the proposed transaction (the "Sale") are as follows:

- The propose sale provides two forms of consideration: total cash consideration of $19.5 million for all five sellers, plus a combined 50% interest in the Sponsor Member (deemed capitalized at $5.5 million) that will carry out the development project in a joint venture with an institutional lender.

- Under the terms of the APA, and subject to approval of this Court, Woodridge will pay Rossco both cash and non-cash consideration to acquire the Rossco Property. The cash consideration is $4,160,857.06 (the "Cash Consideration"). The non-cash consideration is (i) an 11.33% interest in the Sponsor Member, which is based upon the value of the Rossco Property, and (ii) a role in the development of the College Statement Properties, including development and management fees. See APA at § 2.a. Four of the selling entities (Rossco, Ross, Lodgeco and CHSC) will each receive a percentage of the Sponsor Member based upon the value of their respective parcels. BCSK, which is a subsidiary of Rossco and owns only a minor, one-tenth acre parcel, has assigned its interest to Rossco. As is described more fully, below, the allocation of consideration for the Sale among the Sellers for their respective parcels is based upon an appraisal carried out for Texas A&M University, and therefore is supported by the appraisal obtained by a third-party that prepared the appraisal in connection with its own expressed interest in acquiring the College Station Properties. For example, according to the appraisal, the Rossco Property's value equals 21.34% of total value of the College Station Property. As a result, Rossco's Cash Consideration is 21.34% of the total $19.5 million cash consideration. Its share of the Sellers' interest in the Sponsor Member is slightly higher because it will also receive the BCSK share. Id.

1    • The Sponsor Member (of which one half will be owned by Rossco, Ross, Lodgeco

2      and CHSC) will be deemed to receive a capital account in the joint venture entity of

3      $5,500,000.  See APA at § 2.b.

4    • Pursuant to the Development Agreement, Rossco and Ross will each play an ongoing

5      role in the development of the College Station Properties, and will each receive

6      12.5% of any fees paid by the joint venture to the Sponsor Member, in addition to the

7      profits paid on account of the Sponsor Member interests. See Exhibit "B" to Ross

8      Decl.

9    • Woodridge will deliver a deposit that, in the full amount for the combined sale of the

10     College Station Properties, totals $100,000, and in connection with the sale of the

11     Rossco Property will amount to $22,660.00 (the "Deposit"). See APA at § 3.  The

12     Deposit will be refunded to Woodridge if it terminates the APA pursuant to its terms.

13   • Woodridge will have until May 2, 2011 to enter into the parties' proposed joint

14     venture agreement, upon completion of due diligence.  The Sale will be deemed

15     terminated if Woodridge does not sign the joint venture agreement by that date. Id. at

16     § 5.c.

17   • The sale is subject to the approval of the Bankruptcy Court, and does not provide for

18     any break-up fee in the event that the Court does not approve the Sale. Id. at § 30.

19     Thus, the proposed Sale provides Rossco with significant value for the Rossco Property,

20   including cash consideration that is far in excess of the liens against the property, and will provide

21   Rossco with an ongoing business to reorganize, through its continued role in the development of the

22   College Station Properties.

23   **E.    The Sale Procedures**

24     The Buyer understands that Rossco is a debtor-in-possession in bankruptcy and, as a result,

25   has a fiduciary duty to its creditors in order to obtain the highest and best offer for the Rossco

26   Property.  Thus, the Buyer has agreed that Rossco may request that the Court implement the

27   following bid procedures.

28

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400  Facsimile: (323) 686-5403

Given the integrated nature of the parcels that make up the College Station Properties and the fact that these parcels are owned by both debtor and non-debtor entities, and given the continuing business opportunity that development of the College Station Properties provides to Rossco if the Woodridge APA is approved, Rossco acknowledges that any procedure that is put into place to permit overbids will require unique procedures to recognize that a fair analysis of competing bids will involve more than the typical comparison of all-cash bids. For example, even though some of the College Station Properties are being sold by non-debtors, some of the non-debtors are in a parent or subsidiary relationship with the Debtor, and therefore the sale of those properties affects this Debtor's ability to reorganize, and bids for those properties affect the overall value of the transaction to this Debtor's estate. Bankruptcy courts have previously considered other such auctions involving complicated purchase agreements and mixes of non-debtor assets, and Rossco therefore believes that it is possible and appropriate for overbids to be permitted, and a procedure to be approved that will ensure that the highest and best offer is obtained for all or a portion of the Rossco Property. Therefore, Rossco proposes the following procedures:

a.     A Sale Hearing shall be held on May 24, 2011, at 11:00 a.m., in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, Courtroom 1368.

b.     Rossco may continue to solicit and receive bids to purchase all or a portion of the Rossco Property through to and until May 18, 2011, at 5:00 p.m. Pacific time (the "Bid Deadline");

c.     In order for a bid to be considered, it must:

- be in writing;

- include cash and non-cash consideration, such that the Debtor may determine in its sole discretion whether the total consideration offered by the competing bid exceeds the combined Cash Consideration and non-cash consideration provided by the APA and Development Agreement;

- specify which parcels, if not all, of the College Station Properties, are included in the bid, and the consideration allocated to each;

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile (323) 686-5403

8

- not contain any financing or due diligence contingencies beyond those contained in the APA;

- be accompanied by a marked copy of the APA, which shall be the agreement pursuant to which such prospective purchaser proposes to acquire the Rossco Property[3];

- be accompanied by evidence of committed financing or other ability to perform;

- be accompanied by a good-faith deposit of $100,000, payable to Rossco;

- be accompanied by a letter stating that the bidder's offer is irrevocable until the earlier of: (i) two business days after the closing date of an alternative sale or sales approved by the Bankruptcy Court; and (ii) forty-five days after the conclusion of the Sale Hearing.

- A bid that satisfies these requirements, in the Debtor's sole discretion, shall be a "Qualifying Bid," and the party proposing the bid shall be a "Qualified Bidder."

Thus, any potential bidder may submit an all-cash bid, or a bid that is a combination of cash and non-cash consideration, such as the APA, but it would remain within the Debtor's sole discretion to determine whether the consideration offered in any potential bid makes it a bid that exceeds the consideration provided by the APA and Development Agreement, and qualifies as a Qualifying Bid.

d.    If any Qualifying Bid(s) is/are received prior to the Bid Deadline, the Debtor will electronically file in the Rossco Case by 12:00 noon Pacific Time on May 19, 2011 (and serve upon Qualified Bidders as soon as possible thereafter by email and/or facsimile, a notice of which bid the Debtor considers the highest and best bid, which will therefore serve as the lead bid at the Auction (the "Lead Bid"), and such notice

---

[3]    This does not mean that all bidders are constrained by the nature of the Woodridge proposal, nor that bidders must propose similar development terms. Rather, it requires that proposed purchase agreements track the basic terms of the APA so that the Debtor will be more able to compare competing bids side-by-side. Given the potentially differing make up of consideration to be offered by competing bidders, it is critical that the proposed agreements be as amenable to comparison as possible.

9

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

1    shall provide the Debtor's valuation of any non-cash consideration provided by the

2    Lead Bid;

3    e.    If any Qualifying Bid(s) is/are received prior to the Bid Deadline, an auction (the

4    "Auction") will be held on May 20, 2011, at 10:00 a.m., Pacific time, at a location to

5    be confirmed with qualifying bidders.

6    f.    Woodridge shall be deemed a Qualifed Bidder and the terms of the APA and

7    Development Agreement shall be deemed a Qualified Bid.

8    g.    At the Auction, the Debtor shall announce at the start of the Auction which

9    Qualifying Bid it has deemed to be the Lead Bid. Other Qualifying Bidders will then

10    have an opportunity to amend their Qualifying Bid, and the Debtor will determine, in

11    its sole discretion, if any amended Qualifying Bid (an "Overbid") exceeds the Lead

12    Bid, based upon its comparison of cash and non-cash consideration. If so, then the

13    successful Overbid will form the new Lead Bid for a subsequent round of bidding,

14    and so on until the Debtor has determined, in its sole discretion, that it has received a

15    final bid that provides the Debtor's estate with the highest and best value for the

16    Rossco Property. Each round of bidding shall be carried out with a reasonable, but

17    not excessive, amount of time for each of the Qualified Bidders to determine and

18    submit their overbids.

19    h.    At the conclusion of the Auction, Rossco will select the highest and best offer which

20    it will designate the successful bidder and will designate the second highest and best

21    offer as the backup bidder (the "Designation of Bids"). Rossco will continue to

22    designate backup bidders until the Buyer is the last backup bidder (unless the Buyer is

23    the successful bidder). Rossco shall file its Designation of Bids of the successful

24    bidder and designated backup bidders no later than Monday, May 23, 2011 by 12:00

25    noon.

26    i.    Any party-in-interest may object to the Designation at the Sale Hearing, or to any

27    denial of its request to be deemed a Qualified Bidder.

28

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

10

j.    In the event the closing with the successful bidder does not occur within the time
ordered by the Court at the Sale Hearing, Rossco may proceed to close with the back-
up bidder and any subsequent back-up bidder thereafter (collectively, the "Bid
Procedures").

Thus, the Bid Procedures propose the following summarized schedule of dates for receiving
overbids, potentially holding an auction, and carrying out the Sale Hearing in this Court:

- Wednesday, May 18, 2011 – 5:00 p.m. – deadline to submit proposed bids;

- Thursday, May 19, 2011 – 12:00 noon – debtor to file designation of Lead Bid;

- Friday, May 20, 2011 – 10:00 a.m. – auction;

- Monday, May 23, 2011 – 12:00 noon – debtor to file designation of successful bid;

- Tuesday, May 24, 2011 – 11:00 a.m. – Sale Hearing.

## IV.

## RELIEF REQUESTED AND BASIS FOR RELIEF

By this Motion, Rossco seeks approval of the Bid Procedures in accordance with §§ 105 and
363 of the Bankruptcy Code and Bankruptcy Rule 6004, and Local Bankruptcy Rule 6004-1.

Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in
possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of
business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363 of the Bankruptcy Code does
not set forth a standard for determining when it is appropriate for a court to authorize the sale or
disposition of a debtor's property prior to confirmation of a plan. However, courts have required
that the decision to sell property outside the ordinary course of business be based upon the sound
business judgment of the debtor. See In re Abbotts Dairies of Penn., Inc., 788 F.2d 143 (3d Cir.
1986); see also Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063,
1070-71 (2d Cir. 1983) (a court must "expressly find from the evidence presented . . . a good
business reason" to approve the sale, and that the court should consider all of the "salient factors
pertaining to the proceeding" and "act to further the diverse interests of the debtor, creditors and
equity holders."); see also Walter v. Sonwest Bank (In re Walter), 83 B.R. 14, 19-20 (B.A.P. 9th Cir.
1987) (adopting the Lionel standard).

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400  Facsimile: (323) 686-5403

1    Where a debtor proffers a rational justification, there is a strong presumption that the

2  decision was made in good faith an in the company's best interest. See, e.g., In re Integrated

3  Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992). Rather than substitute its business judgment

4  for the debtor's, a court should ascertain whether the debtor has articulated a valid business

5  justification for the proposed transaction. See, e.g., Lewis v. Anderson, 615 F.2d 778, 781 (9th Cir.

6  1979).

7    A sale of a debtor's assets upon approval of the Court, in conjunction with a simultaneous

8  sale of related assets owned by a non-debtor affiliate, is not a novel or controversial transaction. See

9  In re Wetco Rest. Group, LLC, 2007 Bankr. LEXIS 3965 (Bankr. W.D. La. November 20, 2007)

10  (approving sale of debtor's assets in conjunction with simultaneous sale of non-debtor's related

11  assets). In this case, the value of the Rossco Property is maximized by a simultaneous sale of the

12  entire College Station Properties so that coordinated development of the properties may take place.

13    It is also neither novel, nor controversial, for a debtor to address with sale procedures the

14  possibility or likelihood that competing bids will not be simple comparisons of cash bids, but will

15  require a complex analysis of multiple benefits and forms of consideration that the debtor may

16  receive from each competing offer. For example, in In re C2 Media, LLC, 2010 Bankr. LEXIS 2378

17  *7 (Bankr. S.D.N.Y. April 14, 2010), the court approved the sale of substantially all of the debtor's

18  assets to a bidder that submitted a lower cash bid, based upon the debtor's testimony that the lower

19  offer would "(i) would save more jobs (ii) contained less risk that the transaction would fail to close

20  as offered (iii) afforded a better opportunity to preserve current vendor relationships and (iv) would

21  result in fewer rejection claims and concomitantly more creditor claims being paid").

22    Although the case law cited above pertains primarily to approval of the sale itself, it is

23  relevant to consideration of the procedures permitting competing bids, and it is with these issues in

24  mind that the Debtor has proposed the Bid Procedures outlined above. The Bid Procedures do not

25  contain the typical controversial bid procedures, such as a break-up fee, that are most often the

26  subject of contested motions to establish bid procedures. Rather, the likely issues of concern to be

27  raised by potential objecting parties are the timing of the sale, and the proposed procedure by which

28  the Debtor will analyze competing offers that may contain a mix of cash and non-cash consideration.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

A.    **This Motion and the Sale Motion Have Been Filed on Regular Notice, After Extensive**
**Negotiations With Interested Parties**

With respect to timing, this Motion and the Sale Motion have both been filed subject to the required notice periods under Fed. R. of Bankr. P. 2002(a)(2) and 6004(a), and Local Rules 6004-1(b)(1) and 2002-1.  Bankruptcy Rule 2002(a)(2) generally requires a minimum of twenty-one (21) days notice of proposed sales of estate property outside the ordinary course of business to be provided by mail to parties in interest "unless the court for cause shown shortens the time or directs another method of giving notice," and Local Rule 6004-b(b)(1) requires that a sale procedures motion be filed on at least seven (7) days notice to interested parties.  Fed. R. Bankr. P. 2002(a)(2) and Local Rule 6004-1.  Both this Motion and the Sale Motion meet these requirements.

Rossco, through Ross, has been marketing the Rossco Property, along with the entire College Station Properties, for approximately one year.  The earlier Proposed PMH Sale established sale procedures with a 45-day period for interested parties to submit overbids, during which time not one interested overbidder submitted a proposed bid.  That marketing period did, however, ensure that the Debtor's interest in selling the Rossco Property was well publicized within the community of potential purchasers.  Since the Proposed PMH Sale was terminated, the Debtor has been continuing negotiations with several interested parties, culminating in the proposed Sale to the Buyer.  To whatever extent there are other potential purchasers for the Rossco Property and the entire College Station Property, they have been aware of the potential for a sale of these properties for some time, have likely already carried out substantial due diligence, and should be prepared to either submit a bid or step aside on a short time frame.

B.    **The Procedures Establish a Fair Process to Receive and Compare Competing Bids**

The Bid Procedures for receiving and considering competing bids for the Rossco Property are appropriate procedures that do not chill potential bidding.  Rossco is a debtor-in-possession in chapter 11, and is therefore attempting to reorganize its business rather than simply liquidate its assets.  It has before it an opportunity to not only sell real property at a fair value, but to participate in the future development as an equity owner and developer.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

13

1    Entering into the APA and Development Agreement furthers Rossco's business interests by

2    ensuring Rossco's future participation in the development of the College Station Properties, thereby

3    providing Rossco with a business to reorganize in this chapter 11 case. Thus, Rossco has a solid

4    "business reason" to enter into the proposed Sale rather than simply hold an auction for all-cash bids.

5    In re Lionel Corp., 722 F.2d at 1070-71 (requiring showing of a "business reason" for a sale of

6    assets). Therefore, the Bid Procedures are not designed to chill bidding, but rather are designed to

7    ensure that all potential bidders have an opportunity to present the type of bid that they wish to

8    submit.

9    If, on the other hand, the Bid Procedures required that all potential overbidders conform their

10   bids to the terms of the APA such that all overbidders must submit competing development

11   proposals, such a procedure would chill bidding, as it would discourage any bidder who wishes to

12   make an all-cash bid. Instead, the Bid Procedures encourage any mix of cash and non-cash

13   consideration, but reserve for the Debtor (subject to a challenge before this Court) the right to

14   determine which bid it deems to provide the estate with the highest and best value.

15   Rossco believes that the Bid Procedures provide a fair and reasonable means by which

16   Rossco may pursue the opportunity that it has before it with the APA and Development Agreement

17   to maximize the value of the Rossco Property both by a sale to Woodridge and a continuing role in

18   its development, while also ensuring that other interested buyers be provided with a fair opportunity

19   to propose a competing bid that might provide the Debtor with a higher overall value.

## V.

## NOTICE

22   No trustee, examiner or creditor's committee has been appointed in the Rossco chapter 11

23   case. Notice of this Motion has been provided to: (a) the United States Trustee; (b) those parties

24   listed on the Debtor's list of creditors holding the twenty largest unsecured claims, (c) those parties

25   registered to receive email notifications of filings in this case; (d) counsel for OneWest Bank and

26   Prosperity Bank; (e) the examiner appointed in the Ross Case; and (f) those parties who have

27   requested special notice in this case. In light of the nature of the relief requested herein, the Debtor

28   submits that no other or further notice is required.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

## VI.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order substantially in the form attached hereto as Exhibit "D", authorizing and approving the Sale free and clear of all liens, claims, encumbrances and interests, and approving the APA and Development Agreement pursuant to Bankruptcy Code Section 363, and for such other and further relief as is just and proper.

Dated: April 19, 2011

THE CREDITORS' LAW GROUP,
a Professional Corporation


By:   /s/ David J. Richardson
      David J. Richardson
      Attorneys for Rossco Holdings, Inc.

### DECLARATION OF LEONARD M. ROSS

I, Leonard Ross, being duly sworn, declare as follows:

1.     I am the president and owner of Rossco Holdings, Inc. ("Rossco" or the "Debtor") the debtor and debtor in possession in this bankruptcy proceeding. I am the individual with primary responsibility for the Debtor's operations, and have been since its inception, and therefore have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

### The Related Debtors and Their Respective Properties

2.     On August 2, 2010, Rossco filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Western District of Texas, Waco Division. Rossco's bankruptcy case was transferred to the Central District of California, Los Angeles Division, on October 21, 2010, along with the cases of three affiliated debtors-in-possession: WM Properties, Ltd. (a limited partnership for which Rossco is the general partner and owner of a minority interest), Colony Lodging, Inc. (a wholly-owned subsidiary of Rossco), and Monte Nido Estates, LLC (a wholly-owned subsidiary of Rossco). I filed my own voluntary petition in this Court on September 15, 2010.

3.     I am the sole equityholder of Rossco through my revocable trust, which is a corporation engaged in the business of real property leasing, operating, management, development and sales. Most of the Debtor's operations are conducted through its wholly-owned subsidiaries, or limited partnerships for which it is the general partner, some of which are also debtors-in-possession in chapter 11 cases pending before this Court. In addition to the affiliated debtors-in-possession listed above, Rossco's wholly-owned subsidiary, 1009 BH Properties, Ltd., and a limited partnership for which it is general partner and owner of a minority interest, Chimney Hill Properties, Ltd., each filed a chapter 11 petition in this Court on December 27, 2011.

4.     I am the individual with primary responsibility for the Debtor's operations, including the business that it carries out for its subsidiaries and limited partnerships. I have personal knowledge of the ownership structure of Rossco and its related entities, and the assets owned by each such entity. Rossco's primary assets are certain real property that it owns in College Station,

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

1  Texas, and its ownership interests in various subsidiaries and limited partnerships. Attached hereto

2  as Exhibit "C" is a true and correct copy of a map prepared for me by Kerr Surveying that shows a

3  series of contiguous parcels in College Station, Texas, along with the name of the entity that owns

4  each parcel or block of parcels (the "Parcel Map"). As is shown on the Parcel Map, Rossco owns:

5  (i) a portion of parcel Q (lots 17-19) shown on the upper left side of the Parcel Map, totaling .458

6  acres or 19,825 square feet; (ii) parcel W shown on the bottom left side of the Parcel Map, consisting

7  of .68 acres or 29,620.8 square feet; (iii) parcels M, N, O and R, shown at the top of the Parcel Map,

8  consisting of .912 acres or 39,728 square feet; and (iv) parcels A, B, C, D, E, F, G, H, I, J, K, and L,

9  shown on the upper left side of the Parcel Map, consisting of 1.93 acres or 84,070.8 square feet

10  (collectively, the "Rossco Property"). The Rossco Property is subject to two liens, one on certain

11  parcels held by OneWest Bank, N.A. in connection with a note that is a joint obligation of Rossco

12  and Lodgeco Properties, Ltd., on which there is an outstanding principal balance of $2,814,000, and

13  one on the remaining parcels held by Prosperity Bank in an outstanding principal amount of

14  approximately $830,000.

15      5.      I am the individual with primary responsibility for the Debtor's operations, including

16  the business that it carries out for its subsidiaries and limited partnerships. I have personal

17  knowledge of the ownership structure of Rossco and its related entities, and the assets owned by

18  each such entity, including the ownership and assets of CHSC, Ltd. ("CHSC"), for which Rossco

19  serves as general partner. CHSC is a Texas limited partnership that has the following ownership

20  structure:

21      General Partner:      Rossco Holdings, Inc.  (6.022%)
        Limited Partners:     Landon Michael Ross  (28.140%)
22                            Jacquelyn Michelle Ross  (28.140%)
                              The Landon Michael Ross 1992 Trust  (18.849%)
23                            The Jacquelyn Michelle Ross 1992 Trust  (18.849%)

24  Landon Michael Ross and Jacquelyn Michelle Ross are my adult children. CHSC owns real

25  property in College Station, Texas, identified as parcels T & U shown on the bottom of the Parcel

26  Map (the "CHSC Property"), on which there is a 17-story full-service (but presently non-operating)

27  hotel building that is owned separately by Lodgeco Properties, Ltd. CHSC has previously been

28  approved by this Court to advance post-petition funding to Ross, Colony Lodging, Inc., Monte Nido

Estates, LLC, WM Properties, Ltd., 1009 BH Properties, LLC, and Chimney Hill Properties, Ltd., in their respective chapter 11 cases, and expects to be authorized to provide Rossco with post-petition financing subject to a second request.

6.      I am the individual with primary responsibility for the Debtor's operations, including the business that it carries out for its subsidiaries and limited partnerships. I have personal knowledge of the ownership structure of Rossco and its related entities, and the assets owned by each such entity, including the ownership and assets of BCSK Management, Inc. ("BCSK"), a wholly-owned subsidiary of Rossco. BCSK owns a small parcel of real property in College Station, Texas, comprising just over one-tenth of an acre, shown on the bottom right of the Parcel Map.

7.      I am the individual with primary responsibility for the Debtor's operations, including the business that it carries out for its subsidiaries and limited partnerships. I have personal knowledge of the ownership structure of Rossco and its related entities, and the assets owned by each such entity, including the ownership and assets of Lodgeco Properties, Ltd. ("Lodgeco"). Lodgeco is a Texas limited partnership that has the following ownership structure:

General Partner:      Rossco Holdings, Inc.  (6.84%)
Limited Partner:      Leonard M. Ross Revocable Trust u/d/t 12-20-85 (93.16%)

Lodgeco owns certain real property and improvements in College Station, Texas, identified as: (i) the 17-story hotel structure located on parcels T & U shown on the bottom of the Parcel Map; (ii) Parcel S, shown in the center of the Parcel Map, consisting of 1.44 acres (62,726.4 square feet); and (iii) a portion of parcel Q (lots 6-16), shown on the left side of the Parcel Map, totaling 2.46 acres or 107,370.2 square feet (collectively, the "Lodgeco Property").

8.      I personally own parcel P, shown on the bottom left side of the Parcel Map, consisting of 0.105 acres or 4,573.8 square feet, on which there is a small one-story cinder-block building (the "Ross Property").

**The Debtor's Initial Efforts to Sell the Rossco Property**

9.      In the months preceding Rossco's chapter 11 case, and immediately thereafter, I personally engaged in efforts to sell not only the Rossco Property, but each of the adjoining parcels of property owned by a related entity and shown on the Parcel Map (collectively, the "College Station Properties"). These efforts led to an agreement with PMH Acquisition, LLC ("PMH") in

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400  Facsimile: (323) 686-5403

November 2010, for the sale of certain real properties owned by Rossco, Lodgeco and CHSC      for

a total sale price of $9.75 million, which Rossco presented to this Court for approval in a motion

filed on or about November 9, 2010.  Under the proposed sale, Rossco would receive $4.5 million of

the total cash consideration for its portion of the properties sold to PMH.

10.    In early January 2011, I was informed by PMH that they were terminating their offer

to purchase properties from Rossco, Lodgeco and CHSC, because the City of College Station, Texas,

was asserting certain requirements.  As a result, Rossco cancelled the impending auction of the

properties.  At the time of the cancellation, no other potential bidder had come forward to seek

qualification as a qualified bidder at the auction.

**The Woodridge Properties Sale and Development Agreement**

11.    When the potential sale of properties to PMH was terminated, I turned my attention to

other potential buyers who had expressed interest in the College Station Properties.  One of those

potential buyers was the Woodridge Group ("Woodridge"), a major real estate developer based in

Los Angeles, California, and whose properties include the premiere Hyatt Regency Century Plaza

Hotel in Los Angeles, California.

12.    Since the sale to PMH was terminated, I have carried out negotiations with

Woodridge for the sale and development of the College Station Properties.  The propose sale

provides two forms of consideration: total cash consideration of $19.5 million for all five sellers,

plus a combined 50% interest in the Sponsor Member, deemed capitalized at $5.5 million capital,

that will enter into a joint venture to carry out the development project.  On April 13, 2011,

Woodridge and Rossco signed a Contribution and Sale Contract by which Rossco will sell the

Rossco Property, subject to the approval of this Court, to a subsidiary of Woodridge for cash

consideration of $4,160,857.06 (the "Cash Consideration"), plus 11.33% of the Sponsor Member.

At the same time, and subject to the approval of this Court: (i) I personally entered into a

substantially similar Contribution and Sale Contract by which I will sell the Ross Property to a

subsidiary of Woodridge for $96,270.22 in cash consideration, plus 0.245% of the Seller's Share of

Capital Account; (ii) Lodgeco entered into a similar Contribution and Sale Contract by which it will

sell the Lodgeco Property to a subsidiary of Woodridge for $7,648,527.70 in cash consideration, plus

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Telephone: (323) 686-5400 Facsimile: (323) 686-5403

1  19.61% of the Seller's Share of Capital Account; (iii) CHSC entered into a similar Contribution and

2  Sale Contract by which it will sell the CHSC Property to a subsidiary of Woodridge for

3  $7,337,166.01 in cash consideration, plus 18.815% of the Seller's Share of Capital Account; and (iv)

4  BCSK entered into a similar Contribution and Sale Contract by which it will sell the BCSK Property

5  to a subsidiary of Woodridge for $257,179.01 in cash consideration.  BCSK will not receive a

6  percentage interest in the Seller's Share of Capital Account, but rather its allocated share has been

7  granted to Rossco, such that Rossco's percentage interest in the Seller's Share of Capital Account is

8  slightly higher than its percentage of total cash consideration.  A true and correct copy of the

9  Contribution and Sale Contract (the "APA") dated April 13, 2011, between Rossco and Woodridge

10  Capital Finance Fund I, LLC (the "Buyer") is attached hereto as Exhibit "A".

11        13.      Contemporaneous with execution of the APA, Rossco and I entered into a letter

12  agreement with the Buyer providing for further terms related to the development of the College

13  Station Properties, a true and correct copy of which is attached hereto as Exhibit "B" (the

14  "Development Agreement").  Pursuant to the terms of the Development Agreement, Rossco and I

15  will each receive 12.5% of any fees paid by the joint venture that will develop the College Station

16  Properties to the Sponsor Member.

17        14.      The APA and Development Agreement will permit Rossco and I to carry out an

18  ongoing real property development business, as active participants in the development of the College

19  Station Properties – something that we could not have done without the resources of Woodridge.

20        I declare under penalty of perjury under the laws of the United States of America that the

21  foregoing is true and correct to the best of my knowledge, information and belief.

22        Executed on April 19, 2011 at Beverly Hills, California.

23                                      Leonard Ross

24

25

26

27

28

20